UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MANAGEMENT REGISTRY, INC., | Civil No. 17-5009 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION** |
| A.W. COMPANIES, INC., ALLAN K. BROWN, WENDY BROWN, and ERIC BERG, | |
| Defendants. | |

James M. Morris, **MORRIS & MORRIS, P.S.C.**, 217 North Upper Street, Lexington, KY 40507, and Laura J. McKnight, **JACKSON LEWIS P.C.**, 150 South Fifth Street, Suite 3500, Minneapolis, MN 55402, for plaintiff.

Darren M. Sharp, **SCHAEFER HALLEEN LLC**, 412 South Fourth Street, Suite 1050, Minneapolis, MN 55415, for defendants.

Plaintiff Management Registry, Inc. ("MRI") brought this diversity action against Defendants A.W. Companies, Inc. ("A.W."), Allan and Wendy Brown, and Eric Berg for events that transpired after MRI acquired numerous business entities from Mr. Brown. Defendants filed their Answer and assert counterclaims against MRI. MRI now moves to compel Mr. Brown to arbitrate three of his counterclaims against MRI pursuant to the Federal Arbitration Act ("FAA"), arguing that those three counterclaims are subject to arbitration under Mr. Brown's employment agreement with MRI. Because those counterclaims are subject to a binding arbitration clause, the Court will grant MRI's motion and order Mr. Brown to arbitrate those counterclaims.

## BACKGROUND

In September 2017, MRI acquired several business entities from Mr. Brown. (First Am. Compl. ¶ 13, Nov. 21, 2017, Docket No. 59.) Before that acquisition closed, MRI and Mr. Brown entered into an employment agreement whereby Mr. Brown would help lead the companies that MRI would acquire. (*Id.* ¶¶ 16-21, Ex. A.) That employment agreement contains a mandatory-arbitration clause that provides:

> The Company and Executive agree that **any dispute that may arise between them regarding Executive's employment with Company, or the termination of Executive's employment with Company, must be submitted for resolution by binding arbitration** in Jefferson County, Kentucky in accordance with the most current Employment Dispute Resolution Rules of the American Arbitration Association (AAA), and judgment upon the award rendered by the Arbitrator may be entered in any court having jurisdiction thereof. The arbitration shall be conducted before a neutral arbitrator selected by both parties from the American Arbitration Association Labor and Employment Panel, with the parties to share equally in the costs associated with the arbitration.

(*Id.* ¶ 16, Ex. A at 8, ¶ 21 (emphasis added)).

Around the time of the acquisition, there was an understanding that, after closing, MRI would sell one of the twelve acquired companies, titled AllStaff Recruiting, Inc. ("ARI"), to Mr. Brown's wife, Wendy Brown. (Ans., Affirmative Defenses and Counterclss. to First Am. Compl. ("Answer") ¶¶ 235-236, 240-244, Dec. 5, 2017, Docket No. 72.) The sale of ARI to Ms. Brown never happened, and the parties vigorously dispute both the lead-up to, and the aftermath of, that never-completed sale. (*Compare* Answer ¶¶ 240-243, *with* Pl.'s Resp. to Defs.' Countercls. ¶¶ 240-243, Dec. 26, 2017,

Docket No. 96.) One fact not in dispute is that Mr. Brown's employment with MRI ended in October 2017, although the parties dispute whether he resigned or was fired. (*Compare* First Am. Compl. ¶¶ 42-43, *with* Answer ¶¶ 42-43, 313-314, 355.)

MRI brought this action against the Browns, their newly formed company A.W., and Eric Berg. Mr. Brown asserts counterclaims against MRI related to his now-terminated employment with MRI. Specifically, he asserts a counterclaim for breach of contract (Count II), alleging that MRI fired him without cause; and counterclaims for common-law fraud (Count VII) and negligent misrepresentation (Count VIII), alleging that MRI induced Mr. Brown to enter into the employment agreement with MRI by falsely representing to Mr. Brown that MRI would sell ARI to Ms. Brown. (Answer ¶¶ 353-358, 383-399.) MRI moves to compel Mr. Brown to arbitrate these three counterclaims, pursuant to the arbitration clause in the employment agreement.

## DISCUSSION

### I. STANDARD OF REVIEW

For arbitration agreements, the FAA provides that a party may petition a district court "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Substantively, the FAA requires a court to enforce a written arbitration agreement as it would any other contract. 9 U.S.C. § 2 ("A written provision . . . to settle by arbitration a controversy . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.").

There is a strong federal policy in favor of enforcing arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). If claims are arbitrable under the FAA, the claims must be referred to arbitration, and the judicial proceedings related to the claims must be stayed pending that arbitration. *See id.* at 20 & n.23; 9 U.S.C. §§ 2, 3. In determining whether a claim is arbitrable, the court must first decide whether a valid agreement to arbitrate exists between the parties, and then decide whether the specific dispute falls within the scope of that agreement. *Daisy Mfg. Co. v. NCR Corp.*, 29 F.3d 389, 392 (8th Cir. 1994).

## II.   MRI'S MOTION TO COMPEL

MRI argues – and the Court agrees – that the mandatory-arbitration provision in the employment agreement between MRI and Mr. Brown is a valid agreement to arbitrate and that Counts II, VII, and VIII of Mr. Brown's counterclaims fall within its scope. Count II alleges that MRI breached the employment agreement by firing Mr. Brown without cause; and Counts VII and VIII each allege that MRI induced him to enter into the agreement by making false statements. These two allegations are unquestionably "disputes that [arose] between [MRI and Mr. Brown] regarding [Mr. Brown's] employment with [MRI], or the termination of [Mr. Brown's] employment with [MRI]." (First Am. Compl. ¶ 16, Ex. A at 8, ¶ 21.)

Mr. Brown concedes both points. He does not argue that the agreement to arbitrate is invalid, or that Counts II, VII, and VIII of his counterclaims are outside the scope of the agreement to arbitrate. Instead, Mr. Brown's only arguments in response to

MRI's motion to compel is that the claims and defenses to be arbitrated are intertwined with (and cannot be separated from) the other issues before the Court, and that enforcing the arbitration provision would waste judicial resources.[1]  But the Supreme Court has unambiguously foreclosed this argument, holding that the FAA "requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985).  Thus, the Court must grant MRI's motion and order Mr. Brown to arbitrate Counts II, VII, and VIII of his counterclaims.

"The FAA generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it.  *See* 9 U.S.C. § 3 (stating district courts '**shall** . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement') (emphasis added)."  *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (alterations in original).  In *Green*, the Eighth Circuit held that a district court abuses its discretion when it dismisses, rather than stays, arbitrable claims when "it is not clear all of the contested issues between the parties will be resolved by arbitration."  *Id.* at 770.  Here, on the limited record, the Court is not persuaded that arbitration will resolve all the issues between MRI and Mr. Brown, as evidenced by how intertwined many of the claims are, including the claims asserted by and against the other

---

[1] Mr. Brown does not question the propriety of venue for MRI's motion to compel. Accordingly, any such objection is waived.  *Principal Life Ins. Co. v. Caremark PCS Health, L.L.C.*, 56 F. Supp. 3d 1013, 1016-17 (S.D. Iowa 2014); *see also Lieving v. Cutter Assocs., Inc.*, No. 09-2938, 2010 WL 428800, at *5 n.3 (D. Minn. Feb. 1, 2010).

defendants. Accordingly, the Court will stay Counts II, VII, and VIII of Mr. Brown's counterclaims.[2]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Compel Arbitration [Docket No. 90] is **GRANTED**.

2. Defendant Allan K. Brown is hereby **ORDERED** to arbitrate Counts II, VII, and VIII of his counterclaims contained in Defendants' Answer, Affirmative Defenses, and Counterclaims to First Amended Complaint [Docket No. 72], in the manner provided for in the agreement.

3. Counts II, VII, and VIII of Defendant Allan K. Brown's counterclaims contained in Defendants' Answer, Affirmative Defenses, and Counterclaims to First Amended Complaint [Docket No. 72] are hereby **STAYED** until such arbitration has been had in accordance with the terms of the agreement.

DATED: February 27, 2018  　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court

---

[2] Defendants also bring Counts VII and VIII on behalf of Wendy Brown and Eric Berg. Ms. Brown and Mr. Berg's counterclaims are not the subject of MRI's motion to compel arbitration; thus, they will not be stayed.