UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Management Registry, Inc.,                   Case No. 0:17-cv-05009-JRT-KMM

    Plaintiff,

v.                                            ORDER

A.W. Companies, Inc., et al.,

    Defendants.

This matter is before the Court on "Defendant Wendy Brown's Motion to Compel Discovery." (Def.'s Mot., ECF No. 193.) The plaintiff, Management Registry, Inc. ("MRI"), has filed an "Certification of Defendants' Non-Compliance with LR 7.1(a) and Objection to Defendants' Meet and Confer Statements." (MRI's Obj., ECF No. 200.) For the reasons that follow, the Court denies the motion without prejudice.

### *Rule 37 and the "Meet and Confer" Requirement*

Rule 37 allows a party seeking discovery to move for an order compelling another party to make a disclosure or provide discovery. Fed. R. Civ. P. 37(a)(1). Every motion to compel must be accompanied by "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); D. Minn. LR 7.1(a), LR 37.1(a). This obligation is only fulfilled when parties have engaged in a genuine and good-faith discussion about each discovery request that is in dispute. *Shuffle Master, Inc. v. Progressive Gams, Inc.*, 170 F.R.D. 166, 170–171 (D. Nev. 1996)) ("[P]rior to making a motion to compel, 'a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention.' Unilaterally sending correspondence demanding that the other side comply with a discovery request does not satisfy the requirement."). In other words, it is not enough for an attorney to send an email or letter to opposing counsel essentially

stating: "Comply, in full, with all of our discovery requests or we will file a motion to compel," and engage no further in a discussion about each side's position.

*Communications in This Case*

Based on the record, the Court concludes that in this case the defense has failed to comply with the obligation to engage in good-faith efforts to resolve discovery disputes before seeking judicial intervention. Mr. Loftus entered his appearance for Ms. Brown and the other defendants less than a month ago, substituting as counsel for their previous lead attorney, Richard Pins. (ECF Nos. 184, 186.) Before the substitution, the parties had raised several discovery issues before the Court. However, the Court, Mr. Pins, and counsel for MRI addressed those disputes thoroughly, and it appeared that what began as a somewhat contentious discovery process was going more smoothly in recent months. In large part, the progress was due to counsel's willingness to engage in productive and substantive discussions attempting to resolve disagreements about the scope of discovery as they arose.

Unfortunately, unproductive contentiousness appears to have recently returned to this litigation. Around mid-April 2019, Mr. Loftus raised concerns regarding discovery through correspondence to MRI's lead counsel, James Morris. Mr. Loftus sent Mr. Morris a letter on April 18, 2019, asserting that answers to certain interrogatories and production required by several document requests were insufficient and indicating that a motion to compel would be filed on April 26, 2019. (MRI's Obj. at 4–5.)

Mr. Loftus filed the pending motion to compel on April 26, 2019. When it was filed, the Court reviewed the motion. It appeared that the parties had not adequately engaged in the meet-and-confer process required by the applicable procedural rules. This reality was reflected not only in the meet-and-confer statement submitted by the defendants, but in the lengthy laundry list of relief sought in the motion itself. The Court emailed the parties on April 29, 2019, instructing them to communicate further:

> Meeting and conferring by email is generally inadequate to satisfy the requirement that the parties meet in a "good-faith effort" to resolve a disagreement. It is particularly inadequate in this case, where several disagreements have been raised to the Court already that could have been resolved through genuine efforts by counsel.

> I considered striking the motion filed by the defendants and requiring counsel to engage in a meet and confer process before permitting it to be refiled. At this time I am not going to employ such a heavy hand. However, I am going to require that a meaningful meet and confer through **direct conversation** take place as soon as possible.

(E-mail from Menendez, M.J., to Messrs. Loftus and Morris (Apr. 29, 2019) (on file with the Court) (emphasis in original).)

Instead of following the Court's instructions, Mr. Loftus indicated in an email to Mr. Morris, which copied the undersigned, that "[t]alking on the phone with you won't change [the parties' disagreement about MRI's discovery responses]. That has been done and done again and it's time to move on. This matter needs to be adjudicated by the Court now." (Email from Mr. Loftus to Mr. Morris (Apr. 29, 2019) (on file with the Court).) Mr. Morris nonetheless attempted to schedule a telephone conversation so that counsel could discuss whether any of the identified discovery disputes could be resolved short of a court order, but Mr. Loftus refused. (MRI's Obj. at 9–10.) Mr. Loftus eventually agreed to have a phone conversation to discuss only one issue of the twenty-four raised in his motion; specifically, he asked for verbal confirmation from Mr. Morris that MRI would not produce internal emails, meaning correspondence that did not include any of the defendants as a sender or recipient at some point in the string. (MRI's Obj. at 10–11.)

Mr. Morris was concerned that Mr. Loftus was simply attempting to "check the box" that the parties had met and conferred so that he could obtain a ruling on the motion to compel. (MRI's Obj. at 11–12.) He emailed Mr. Loftus indicating that he was "not interested in simply verbally advising that I will or will not do something – especially since we have already done so," and again asked for confirmation that Mr. Loftus intended to participate in a complete meet-and-confer discussion. (MRI's Obj. at 11.) Mr. Morris stated that Mr. Loftus was not seeking to confer about the full scope of the discovery issues raised, but to "'confirm' [a] myopic understanding of the isolated issue raised in your e-mail." (MRI's Obj. at 12.)

On May 1, 2019, shortly after that exchange, Mr. Loftus filed a certification that he attempted to meet and confer with Mr. Morris concerning the pending motion to compel. (ECF No. 198.) He stated:

> I do not bring motions for sport nor do I engage in pointlessly rehashing what has been previously discussed *ad nauseum* by my predecessor and covered via email. This is ultimately a pretty run of the mill commercial dispute that has been needlessly over litigated and stalled on fairly routine issues such as the production of internal emails raised in the instant Motion to Compel. Sadly, this issue has spun for over a year rather than getting ruled on or the documents being produced so we can move on with this matter.
>
> On May 1, 2019, I invited Mr. Morris to confirm his refusal previously stated in multiple calls with Mr. Pins including one I and my associate participated in and via email to me ... with a telephone call on May 2, 2019 and it was met with more circular reasoning ultimately refusing to call unless I agreed there was some middle road to achieve and accusing me of bad faith if I stood on my position requiring production of all the documents sought. There's no middle road to be found on this where Plaintiff has refused to produce its internal emails and Defendant has a right to those communications as detailed in the Motion.

(ECF No. 198.)

*Failure to Comply*

Based on its careful review of the record, the Court finds that Mr. Loftus failed to meet and confer with counsel for MRI in good faith prior to filing either the motion to compel or the certification submitted a week later. Mr. Loftus's correspondence and his May 1, 2019 certification focus on his apparent belief that further discussion regarding the motion to compel is useless because there is no middle ground to be reached regarding the production of MRI's internal emails. However, that is by no means the only question he raised in his motion to compel. There are five document requests identified in the defendants' memorandum to which the issue of MRI's internal emails is likely germane. (Def.'s Mem. at 7, ECF No. 195.) But Mr. Loftus's motion seeks an order mandating the production of much more than those internal emails. The defendants' brief also lists nineteen recently served document requests seeking mirror images of several potential custodians' hard drives, an array of electronically stored information, and numerous other documents. (Def.'s Mem. at 8–11.) Even after the Court's email reminding him of the need for meaningful issues before bringing them to the Court, Mr. Loftus never modified any portion of the motion to present a narrower dispute that is ripe for judicial intervention. He also failed to acknowledge the expansive scope of the motion he filed in both his May 1st certification and in his correspondence with

4

Mr. Morris after the Court's April 29th email. A meaningful, good-faith meet-and-confer process for a motion citing twenty-four separate discovery requests requires that the parties discuss all twenty-four issues, not just a small subset of those requests. Frankly, the Court finds defense counsel's flat refusal to communicate with opposing counsel directly despite the requirements imposed by Rule 37, the Local Rules, and a direct email from the Court instructing him to do so to be astonishing.

To be clear, the Court's email directive in this case did not impose the meet-and-confer requirement as a command that Mr. Loftus compromise on any issue presented in the motion to compel. The Court requires the parties to meet and confer to ensure that the defendants ultimately present a clearly defined set of disputes ripe for judicial resolution. Had Mr. Morris taken Mr. Loftus up on his offer to discuss the lone issue of MRI's "internal" emails, that purpose would not have been served. The narrow discussion would have left the Court in precisely the position it found itself when it reviewed the motion to compel shortly after it was filed—the exact nature of the parties' disagreement regarding the significant majority of issues raised in the motion would have remained a mystery to be solved at the hearing. Such an inefficient way to conduct a hearing would waste the parties' resources and would unnecessarily burden the Court and counsel.

Under the circumstances here, the Court declines to address the merits of MRI's response to a subset of the discovery placed at issue in the motion. The parties must make sincere efforts to engage in the direct meet-and-confer process concerning every discovery request presented in a motion to compel prior to seeking the Court's intervention. Because Mr. Loftus filed the defense motion to compel without a meaningful discussion about the vast majority of the issues raised, the motion is denied without prejudice. *See Patrick v. Teays Valley Trustees, LLC*, 297 F.R.D. 248, 266–67 (N.D.W.Va. 2013) (finding that "[t]he failure to follow the requirement to confer, or attempt to confer, is grounds for the court to deny the motion to compel" and denying the defendant's motion to compel where its "actions amount[ed] to mere lip service to the meet and confer requirements of the Federal and Local Rules").

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. The hearing on Ms. Brown's motion to compel, which is scheduled for May 14, 2019, is **CANCELLED**;

2. Ms. Brown's motion to compel **(ECF No. 193)** is **DENIED WITHOUT PREJUDICE**;

3. The parties are ordered to meet and confer, through a telephone conversation, **within 14 days** of the date of this Order regarding MRI's responses to any specific discovery request that Ms. Brown believes is insufficient.

Date: May 8, 2019                               *s/ Katherine Menendez*
                                                Katherine Menendez
                                                United States Magistrate Judge