UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Management Registry, Inc., | Case No. 0:17-cv-05009-JRT-KMM |
| Plaintiff, | |
| v. | ORDER |
| A.W. Companies, Inc., et al., | |
| Defendants. | |

This matter is before the Court on Management Registry, Inc.'s ("MRI") Motion to Compel Production of Documents and for Appropriate Sanctions. (ECF No. 219.) The Court held a hearing on June 18, 2019. In its moving papers and during the oral argument, MRI demonstrated that the defendants' production of documents is unusable in several respects.[1] At the hearing, defense counsel conceded that the production received by MRI from the defendants was flawed in many ways. Based on defense counsel's concessions and on the entire record, the Court granted MRI's motion during the June 18th hearing and provided specific instructions to counsel, which are memorialized in this Order.

In addition to addressing MRI's motion to compel at the hearing, the Court and counsel also discussed the defendants' then-pending "third" motion to compel. (ECF No. 231.) Following a complete breakdown in communications between counsel, prior to the June 18th hearing, the Court instructed counsel for the parties to meet and confer in person in a conference room near chambers regarding the motion. The parties were able to reach an agreement about additional steps MRI's counsel can take to alleviate the defendants' concerns. The Court adopts the parties' agreement in this Order as set

---

[1] Defendants' production includes the following problems: MRI's counsel has been unable to view emails or documents produced that do not have a .doc or .pdf file extension; critical emails have been produced with sections that are entirely blank or with unreadable text; many other emails that were produced include scrambled or otherwise unreadable text; and the Bates labeling is inaccurate, unsearchable, and occasionally duplicative (i.e., several documents bear the same Bates numbers).

1

forth below. Based on that agreement, defense counsel agreed to withdraw the motion, and the Court issued a text only order to that effect. (ECF No. 237.)

Consistent with the foregoing, **IT IS HEREBY ORDERED THAT:**

1. MRI's Motion to Compel Production of Documents and for Appropriate Sanctions (ECF No. 219) is **GRANTED** as follows:

    a. Defendants must regenerate the entire production through their recently retained third-party vendor. The parties are required to meet and confer about the timing for that re-production. If counsel are unable to agree on the timing issue, they shall raise the issue promptly with the Court.

    b. After MRI has received a usable re-production from the defendants, MRI may retake the four depositions referenced at the hearing[2] to address the documents MRI was unable to use during the initial depositions. These follow-up depositions shall be conducted at the defendants' expense. As discussed at the hearing, MRI's counsel is advised that this opportunity to re-take these depositions is limited and should only be exercised to the extent necessary to address questions that could not be explored adequately due to the flawed document production.

    c. On or before June 28, 2019, MRI will inquire with its third-party vendor whether it is possible to merge the defendants' re-production with MRI's own efforts to organize the original data received from the defendants. MRI shall advise the Court regarding the results of that discussion, including whether merging can be accomplished and the costs associated with doing so. Upon receipt of this information from MRI, the Court will consider whether to Order the defendants to pay for the expense of such a process.

    d. On or before June 25, 2019, MRI's counsel shall submit an affidavit setting forth the expenses, including attorney's fees, incurred in bringing the motion to compel. This affidavit shall be limited to the costs of bringing

---

[2] The four depositions identified at the hearing by MRI's counsel include: Wendy Brown; Andrea Smith; A.W. Companies, Inc.; and Al Brown.

2

the motion to compel; it must not broadly include the expenses and fees that MRI has incurred as a result of the defendants' unusable original production. On or before July 2, 2019, defendants may file a response setting forth their position on this issue, including: any objection to the amounts requested; any argument that the defendants' position was substantially justified; a discussion of whether the defendants, their counsel, or both should be required to pay; and any argument that an award of expenses would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A).

2. The Court adopts the following with respect to the parties' agreement concerning the defendants' withdrawn motion to compel:

    a. Within 30 days of the date of the hearing, MRI will run additional searches of its electronically stored information, including a search for documents responsive to the term: "[space]AL[space]". MRI and the defendants may agree on additional search terms that may be run during this 30-day window.

    b. The additional searches discussed in paragraph 2.a. above shall cover the time period between October 26, 2016 and November 1, 2017.

    c. Within 14 days after MRI completes the additional searches, MRI shall prepare for the defendants an affidavit of its IT personnel describing the searches that were performed.

    d. Counsel for MRI will personally review the electronically stored information gathered in connection with this case to ensure that all email accounts for the appropriate custodians were searched. MRI's counsel shall advise the Court and the defendants of the results of that review.

Date: June 24, 2019                    *s/ Katherine Menendez*
                                       Katherine Menendez
                                       United States Magistrate Judge