UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Management Registry, Inc.                    Case No. 0:17-cv-5009-JRT-KMM

    Plaintiff,

v.                                           **ORDER**

A.W. Companies, Inc., et al.

    Defendants.

This matter is before the Court on two non-dispositive motions filed by the parties regarding the briefing in support of the AWCI's[1] motions to dismiss and to strike. The defendants have filed a "Motion for Leave to File Instanter," in which they request permission to file a memorandum of law that was not submitted by a deadline established by the Court. [ECF No. 268.] MRI has also filed a "Motion to Strike Defendants' Proffered Memorandum in Support of Motion to Dismiss," which argues that AWCI improperly filed the same memorandum. [ECF No. 270.] For the reasons that follow, AWCI's motion for leave to file the untimely brief is granted and MRI's motion to strike is denied.

**I.    Background**

On July 8, 2019, following a hearing on AWCI's motion for judgment on the pleadings and MRI's motion for leave to file a Second Amended Complaint, the Court issued an Order that: (1) denied both parties' motions as moot based on case-management considerations and the agreement of the parties; (2) required MRI to file a Second Amended Complaint by July 12, 2019; (3) established a July 26, 2019 deadline for AWCI to file an answer or a motion to dismiss; and (4) set a deadline of August 9, 2019 for MRI's response. [ECF No. 250.] In

---

[1]    The Court refers to the defendants as AWCI and to the plaintiff as MRI in this Order.

compliance with this Order, MRI filed its Second Amended Complaint on July 12th. On July 24th, two days before the applicable deadline, AWCI filed two motions: a "Motion to Dismiss Pursuant to 12(B)(6) and 12(B)(3)" [ECF No. 255]; and a "Motion to Strike" [ECF No. 256]. The District Court referred AWCI's motions to the undersigned on July 26, 2019 for a report and recommendation. [ECF No. 259.]

When AWCI filed its motions, AWCI also filed a memorandum in support of the motion to strike. [ECF No. 257.] The focus of that memorandum was a request that MRI's request for punitive damages in the Second Amended Complaint be stricken because MRI was never granted leave of Court to seek punitive damages as required by Minn. Stat. § 549.191. [*Id.*] However, defense counsel, Alexander Loftus, did not file any memorandum of law in support of AWCI's Rule 12(b) motion to dismiss and made no request prior to July 30th for permission to do so.

On July 30, 2019, ten days before MRI's response was due under the Court's briefing schedule, MRI filed its "Memorandum of Law in Opposition to Defendants' Motion to Dismiss and Motion to Strike." [ECF No. 264.] MRI addressed the merits of the arguments AWCI provided in support of the motion to strike. [*Id.* at 1–9.] MRI also argued that the Court should deny AWCI's motion to dismiss because defense counsel's failure to file a memorandum was in violation of the Local Rules and meant that the motion was not supported by any legal argument. [*Id.* at 10–13.]

Apparently realizing the filing error upon receipt of MRI's opposition brief, Mr. Loftus filed a 43-page memorandum supporting the motion to dismiss on July 30, 2019. [ECF No. 266.] Along with that memorandum, he filed the "Motion for Leave to File Instanter," asking the Court to allow the untimely submission of the dismissal brief. [ECF No. 268.] MRI responded with its

2

motion to strike, arguing that defense counsel filed the memorandum without first obtaining permission to do so under Federal Rule of Civil Procedure 6(b) and that leave for filing an untimely memorandum should not be given under the circumstances. [ECF No. 272.]

## II. Discussion

For the following reasons, the Court grants AWCI's request for permission to file its untimely memorandum supporting the motion to dismiss and denies MRI's request that the memorandum be stricken. There is no dispute that AWCI's failure to timely file a memorandum supporting the motion to dismiss violated Local Rule 7.1(c)(1)'s requirement for simultaneous filing. The real dispute is whether the belated request for permission to file the memorandum now should be granted. This question is governed by Federal Rule of Civil Procedure 6(b). When "the time [for completing an act] has expired," the party making a request for additional time must show that it "failed to act [in the time permitted] because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The following factors outline the relevant considerations for determining if there is excusable neglect:

> Four factors inform this decision: (1) the possibility of prejudice to the opposing party; (2) the length of delay and the possible impact of the delay on judicial proceedings; (3) the party's reasons for delay, including whether the delay was within the party's "reasonable control"; and (4) whether the party acted in good faith.

*HSK, LLC v. United States Olympic Comm.*, 248 F. Supp. 3d 938, 942 (D. Minn. 2017) (applying these factors to a dispute involving the defendant's motion to strike plaintiff's untimely response to a motion to dismiss and the plaintiff's late motion to extend the deadline for the response). The relevant inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993). The Court has considered all of the relevant factors and concludes that

AWCI failed to file the memorandum in a timely fashion because of excusable neglect, and that the various interests outlined above support permitting the untimely filing.

### A. The Reason for Missing the Deadline

AWCI's submissions ultimately suggest that the real reason defense counsel missed the filing deadline was a simple error. [Loftus Decl. ¶ 3, ECF No. 268-1; Defs.' Resp. to Mot. to Strike, ECF No. 278.] Plenty of attorneys make mistakes, and this Court generally prefers to resolve issues on the merits, rather than on avoid doing so due to a failure of perfect compliance. Nevertheless, defense counsel must make greater efforts to ensure compliance with the Local Rules, and local counsel should be consulted in connection with future submissions.

Candidly, the Court is troubled by one aspect of AWCI's written submissions. Mr. Loftus suggests that a July 25th email he received from the Clerk's Office's Electronic Case Filing Helpdesk shows that "the Memorandum in Support of the Motion to Dismiss was rejected by the ECF filing system apparently because the Local Rule 7.1 Certificate was attached to the Motion rather than the Memorandum." [Def.'s Mot., ECF No. 268; *see also* Loftus Decl. ¶ 5 ("Apparently the supporting Memorandum in support of one motion was rejected by ECF due to my error.").] The Helpdesk email does not reference an attempt by defense counsel to file the motion to dismiss, does not state that any memorandum needed to be refiled, and does not indicate that any filing was rejected. The email refers to the memorandum supporting the motion to strike, which was not rejected due to the non-compliant filing that defense counsel references. Instead, the Court has some concern that the explanation offered by Mr. Loftus about a technical difficulty is not substantiated and that the truth is a simple mistake was made in the filing process. Defense counsel must exercise greater caution to ensure that factual contentions in

future filings have evidentiary support. However, as filing errors are understandable if rare, the Court leans toward excusing them when swiftly corrected.[2]

**B. Prejudice**

Considerations of prejudice support the Court's conclusion that AWCI's request be granted. Denying AWCI's "Motion for Leave to File Instanter" and striking the dismissal memorandum would mean that no legal argument supports the motion to dismiss, and it would be denied without consideration of the defendants' challenge to the sufficiency of the new pleadings. As noted, the Court prefers that the merits of parties' claims and defenses be adjudicated when possible.

Perhaps most importantly, the Court finds that there is no unfair prejudice to MRI if the defendants' request to file the memorandum late is granted. In the absence of such prejudice, a motion under Rule 6(b)(1)(B) may admittedly be granted even where the moving party had control over the circumstances causing it to miss a deadline. *See, e.g.*, *HSK, LLC*, 248 F. Supp. 3d at 942 ("Miscalculation of a filing deadline can constitute excusable neglect, even though failure to comply with a deadline is within the party's own control."). MRI notes the late stage of the litigation and posits that additional delay is inappropriate, but does not point to any specific prejudice that will be caused by allowing the untimely submission. [ECF No. 276.] Although the Court originally set an August 9th deadline for responding to any motion to dismiss the Second

---

[2] The Court rejects defense counsel's argument that plaintiff's counsel acted improperly when they did not advise Mr. Loftus of his failure to file a memorandum supporting the motion to dismiss. [ECF No. 268 ¶ 4; ECF No. 278 ¶ 8.] Defense counsel's reliance on *In re Medtronic, Inc. Sprint Fidelis Leads Prods. Liab. Litig.*, 601 F. Supp. 2d 1120, 1132 (D. Minn. 2009) to support this argument is entirely misplaced. The cited passage from *In re Medtronic* criticized a party's submission of a motion seeking recusal of a judge until after the party received an unfavorable ruling. *Id.* Pointing out in a responsive memorandum that a party has failed to comply with procedural requirements is not at all akin to the opportunistic judge shopping that led to the court's criticism in that case.

Amended Complaint, that deadline is adjusted by this Order. As a result, any prejudice that would have occurred through a shortened response time is cured.

**III.  Additional Remarks**

In an ordinary case, it is extremely unlikely that the Court would have been asked to rule on the competing motions that are discussed in this Order. Counsel appearing before this Court are generally able to zealously advocate for their clients while extending to one another professional courtesies and practicing law in a collegial manner. That is not the case here. [*See* ECF No. 278 at 4 (email exchange between the parties' counsel accusing each other of engaging in "gamesmanship").] The Court does not require counsel in this case (or in any case for that matter) to agree on everything. However, it is plain that the acrimonious relationship between opposing counsel here is generating a greater amount of work for everyone involved, including the Court. Counsel are encouraged to put an end to the petty bickering that has characterized this case, attempt once again to reset the tone of their communications with one another, and work toward bringing this action to a conclusion on the merits.

**IV.  Order**

For the reasons stated above, **IT IS HEREBY ORDERED THAT**:

1. Defendants' "Motion for Leave to File Instanter" [ECF No. 268] is **GRANTED**.
2. Plaintiff's "Motion to Strike Defendants' Proffered Memorandum in Support of Motion to Dismiss" [ECF No. 270] is **DENIED**.
3. Plaintiff's response to the defendants' motion to dismiss is due **on or before August 23, 2019**.
4. Defendants may file and serve a reply memorandum or a notice stating that no reply will be filed, D. Minn. LR 7.1(c)(3)(A), **on or before August 30, 2019**.

Date: August 6, 2019

   *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge