UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Management Registry, Inc., | Court File No. 17-cv-05009 (JRT/KMM) |
| Plaintiff, | **PLAINTIFF'S NOTICE OF ADMITTED FACTS PURSUANT TO FED.R.CIV.PRO. 36(a)(3)** |
| v. | |
| A.W. Companies, Inc., Allan K. Brown, and Wendy Brown, | |
| Defendants. | |

Comes the Plaintiff, by and through counsel, and pursuant to Federal Rule of Civil Procedure 36(a)(3), advises the Court that the following 25 salient facts have been **ADMITTED** by Defendant A.W. Companies, Inc. As set forth in Fed.R.Civ.Pro. 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Furthermore, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed.R.Civ.P. 36(b). *See also Quasius v. Schwan Food Co.*, 596 F.3d 947, 950 (8th Cir.2010).

On July 17, 2019, Plaintiff served Requests for Admission, Requests for Production of Documents, and Interrogatories upon Defendant, A.W. Companies, Inc.[1] MRI's counsel

---

[1] Plaintiff actually attempted hand-delivery upon Defense counsel, at his business location, but the front desk security guard indicated that the firm would not authorize the delivery person access to the building and, surprisingly, refused to come down to the security station to accept

attempted hand-delivery, and, after having Defense counsel's office refuse to send someone to the security desk to retrieve the discovery requests, sent a courtesy copy by e-mail, which was subsequently acknowledged by Defense counsel:



A copy of the attachment, which included the Request for Admissions to A.W. Companies, is attached hereto as Exhibit "A".] Counsel for A.W. Companies, Inc. acknowledged receipt of the requests on that same date, and subsequently picked and chose which of the discovery requests would be answered, refusing, altogether, to respond to Interrogatories, and selecting certain Requests for Admission and Requests for Production of Documents for response. Notwithstanding acknowledgment of the Admissions, Defendant A.W.

---

delivery. Plaintiff's counsel then scanned and attempted to send via facsimile to Defendants, but the connection was disrupted at Defense counsels' location. Immediately thereafter, Defense counsel acknowledged receipt, requesting, in an e-mail sent on July 17, 2019, at 4:35 p.m., "Gentlemen, Can you send this to me in a format I can copy and paste from.[sic]" Finally, because the facsimile transmission was suddenly interrupted, Plaintiff's counsel sent an additional full copy of the discovery to Defense counsel's attention at 4:47 p.m.

Companies, Inc. failed to provide any Responses to the Requests for Admission (or the Interrogatories, for that matter). [2]

On August 16, 2019, Defendants made a conscious decision as to which of the discovery requests were to be answered, and which were to be ignored, refusing to answer any of the tendered Interrogatories, refusing to comply with the Court's Orders vis-à-vis the responses to the Request for Production of Documents, and only answering some of the Requests for Admissions. [3]

Because Defendant, A.W. Companies, Inc., was duly served with the following Admissions, and because Defendant, A.W. Companies, Inc., refused to timely Answer these Admissions, [4] and has, further, steadfastly refused to engage in a Meet and Confer as

---

[2] As addressed with the Court during the September 10, 2019 Hearing, Plaintiff has separate claims related to the Defendants' refusal to respond to any of the July 17, 2019 Interrogatories, to produce relevant and responsive documents in Response to the Request for Production of Documents, and Defendants' refusal to properly respond to the Requests for Admission that were, to some small extent, answered. The within Notice of Factual Admissions is limited to the Admissions propounded upon the key Defendant herein, A.W. Companies, Inc. on July 17, 2019, which have been ignored by A.W. Companies, Inc., and have now been relied upon by Plaintiff's financial expert in evaluating the damages attendant to Defendants' misconduct and in certain other actions undertaken by Plaintiff.

[3] In fact, the undersigned sent an e-mail on August 16, 2019, shortly after receipt of the Defendants' abbreviated discovery responses, stating "please advise as to when you are available to Meet and Confer related to the gross deficiencies in the answers as well as the lack of compliance with prior court orders related to these (non)responses." Additional requests for a Meet and Confer followed on August 19, 2019, August 20, 2019 (multiple attempts), and August 26, 2019. To date, Defense counsel has refused to Meet and Confer.

[4] In fact, even when the undersigned expressly notified the Court, during the September 10, 2019 Hearing, that Defendants had failed, altogether, to provide Answers to Interrogatories and Requests for Admission, Defendants *still* failed to proffer any Responses to the pending Requests for Admission. Such ongoing refusal to abide by simple Rules of Civil Procedure cannot be tolerated.

repeatedly requested herein, pursuant to Federal Rule of Civil Procedure 36(a)(3), Plaintiff hereby gives NOTICE that the following salient facts are **ADMITTED** herein:

**ADMISSION NO. 1:** A.W. Companies, Inc., is not the successor in interest to any of the All Staff Recruiting, Inc. business.

**ADMISSION NO. 2:** A.W Companies did not purchase any business from MRI.

**ADMISSION NO. 3:** A.W. Companies did not have a signed contract to purchase any business or businesses from MRI.

**ADMISSION NO. 4:** A.W. Companies was never, at any time, the owner of any of the AllStaff Recruiting, Inc. businesses.

**ADMISSION NO. 5:** A.W. Companies requested AllStaff Recruiting, Inc. employees to commence employment relationships with A.W. Companies, Inc.

**ADMISSION NO. 6:** A.W. Companies contacted AllStaff Recruiting, Inc. customers.

**ADMISSION NO. 7:** A.W. Companies obtained AllStaff Recruiting, Inc.'s assets.

**ADMISSION NO. 8:** A.W. Companies has retained AllStaff Recruiting, Inc.'s assets.

**ADMISSION NO. 9:** A.W. Companies requested individuals to obtain AllStaff Recruiting, Inc. proprietary information for A.W. Companies, Inc.'s benefit.

**ADMISSION NO. 10:** A.W. Companies obtained AllStaff Recruiting, lnc.'s proprietary information.

**ADMISSION NO. 11:** A.W. Companies utilized AllStaff Recruiting, lnc.'s proprietary information for its own benefit.

**ADMISSION NO. 12:** A.W. Companies utilized AllStaff Recruiting lnc.'s computer equipment to contact AllStaff Recruiting lnc.'s employees and customers.

**ADMISSION NO. 13:** A.W. Companies utilized AllStaff Recruiting lnc.'s contracts with AllStaff Recruiting, Inc. customers for its own benefit.

**ADMISSION NO. 14:** A.W. Companies changed the name on AllStaff Recruiting, Inc. customer contracts from All-CAlls to A.W. Companies for purposes of obtaining new contracts in the name of A.W. Companies.

**ADMISSION NO. 15:** A.W. Companies requested that AllStaff Recruiting, Inc. customers commence relationships with A.W. Companies.

**ADMISSION NO. 16:** A.W. Companies did not exist prior to October 29, 2017.

**ADMISSION NO. 17:** A.W. Companies did not pay for the computer equipment utilized by the at-home agents working on the Meijer account as of November 1, 2017.

**ADMISSION NO. 18:** A.W. Companies was aware that All-CAlls had, previous to October 29, 2017, purchased the computer equipment utilized by at-home agents working for MRI on the Meijer account.

**ADMISSION NO. 19:** A.W. Companies hired AllStaff Recruiting, lnc.'s at-home agents who were working on the Meijer account as of October 29, 2017.

**ADMISSION NO. 20:** A.W. Companies directed Brenda McNamara to solicit clients of Jeane Thorne.

**ADMISSION NO. 21:** A.W. Companies directed Brenda McNamara to assist clients of Jeane Thorne to cancel AllStaff Recruiting, Inc. contracts in favor of executing new contracts with A.W. Companies, Inc.

**ADMISSION NO. 22:**  A.W. Companies directed Eric Berg to release All-CAlls clients from their contracts with All-CAlls in favor of executing new contracts with A.W. Companies.

**ADMISSION NO. 23:**  Meijer entered into a contract with A.W. Companies after Eric Berg released it from its All-CAlls contract.

**ADMISSION NO. 24:**  A.W. Companies instructed Mark Brody to have AllStaff Recruiting, Inc. employees execute new employment documentation with A.W. Companies.

**ADMISSION NO. 25:**  Individuals acting in concert with A.W. Companies utilized AllStaff Recruiting, lnc.'s proprietary information on behalf of A.W. Companies.

WHEREFORE, based upon the application of the Federal Rules of Civil Procedure, Plaintiff provides this Notice of Admissions of Fact, and respectfully requests that the Court utilize these Admissions of Fact for all purposes herein, including, but not limited to, consideration of any dispositive motions herein, and for purposes of consideration of appropriate Jury Instructions.

DATED September 12, 2019

**MORRIS & MORRIS, P.S.C.**

*/s/ James M. Morris*
James M. Morris, KY #85709
217 North Upper Street
Lexington, KY 40507
Telephone: (859) 281-6981
Facsimile: (859) 233-7876
jmorris@m-mlaw.com

**TREPANIER MACGILLIS BATTINA, P.A.**

V. John Ella, Esq.
8000 Flour Exchange Building
310 Fourth Avenue South
Minneapolis, MN 55415
Telephone:  (612) 455-6237
Facsimile:  (612) 455-0501
jella@trepanierlaw.com
**ATTORNEYS FOR PLAINTIFF**