## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Management Registry, Inc.,

      Plaintiff,

   v.

A.W. Companies, Inc., et al.,

      Defendants.

Court File No. 0:17-CV-05009 (JRT/KMM)

---

### PLAINTIFF'S INTERROGATORIES TO MILAN BATINICH (SET ONE)

---

TO:    Defendants and their attorneys, Alexander Loftus, Esq. and Ryan Moore, Esq. Stoltmann Law Offices, P.C., 233. S. Wacker, Suite 8400, Chicago, Illinois 60603 and Justin Bruntjen, Esq., Decerto Law LLC, 501 Carlson Parkway, #529, Hopkins, Minnesota 55305.

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Management Registry, Inc. requests that Defendant Milan Batinich fully answer each of the following interrogatories (the **"Interrogatories"**) in writing, separately and under oath, and serve a copy of the executed answers upon the office of counsel for the Plaintiff, V. John Ella, Esq., Trepanier MacGillis Battina P.A., 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN 55415, within thirty (30) days after service of these requests.

### DEFINITIONS

      For the purposes of these Interrogatories, unless otherwise clearly indicated, the following definitions shall apply:

1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Management Registry, Inc.,                    Court File No. 0:17-CV-05009 (JRT/KMM)

       Plaintiff,

  v.

A.W. Companies, Inc., et al.,

       Defendants.

---

**PLAINTIFF'S INTERROGATORIES TO WENDY BROWN (SET TWO)**

---

TO:    Defendants and their attorneys, Alexander Loftus, Esq. and Ryan Moore, Esq. Stoltmann Law Offices, P.C., 233. S. Wacker, Suite 8400, Chicago, Illinois 60603 and Justin Bruntjen, Esq., Decerto Law LLC, 501 Carlson Parkway, #529, Hopkins, Minnesota 55305.

      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Management Registry, Inc. requests that Defendant Wendy Brown fully answer each of the following interrogatories (the **"Interrogatories"**) in writing, separately and under oath, and serve a copy of the executed answers upon the office of counsel for the Plaintiff, V. John Ella, Esq., Trepanier MacGillis Battina P.A., 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN 55415, within thirty (30) days after service of these requests.

<u>**DEFINITIONS**</u>

      For the purposes of these Interrogatories, unless otherwise clearly indicated, the following definitions shall apply:

1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Management Registry, Inc.,                    Court File No. 0:17-CV-05009 (JRT/KMM)

       Plaintiff,

  v.

A.W. Companies, Inc., et al.,

       Defendants.

_____

### PLAINTIFF'S INTERROGATORIES TO ALLAN K. BROWN (SET TWO)
_____

TO:    Defendants and their attorneys, Alexander Loftus, Esq. and Ryan Moore, Esq. Stoltmann Law Offices, P.C., 233. S. Wacker, Suite 8400, Chicago, Illinois 60603 and Justin Bruntjen, Esq., Decerto Law LLC, 501 Carlson Parkway, #529, Hopkins, Minnesota 55305.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Management Registry, Inc. requests that Defendant Allan K. Brown fully answer each of the following interrogatories (the **"Interrogatories"**) in writing, separately and under oath, and serve a copy of the executed answers upon the office of counsel for the Plaintiff, V. John Ella, Esq., Trepanier MacGillis Battina P.A., 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN 55415, within thirty (30) days after service of these requests.

### DEFINITIONS

For the purposes of these Interrogatories, unless otherwise clearly indicated, the following definitions shall apply:

1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Management Registry, Inc.,                    Court File No. 0:17-CV-05009 (JRT/KMM)

       Plaintiff,

  v.

A.W. Companies, Inc., et al.,

       Defendants.

---

**PLAINTIFF'S INTERROGATORIES TO A.W. COMPANIES, INC. (SET TWO)**

---

TO:    Defendants and their attorneys, Alexander Loftus, Esq. and Ryan Moore, Esq. Stoltmann Law Offices, P.C., 233. S. Wacker, Suite 8400, Chicago, Illinois 60603 and Justin Bruntjen, Esq., Decerto Law LLC, 501 Carlson Parkway, #529, Hopkins, Minnesota 55305.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Management Registry, Inc. requests that Defendant A.W. Companies, Inc. fully answer each of the following interrogatories (the **"Interrogatories"**) in writing, separately and under oath, and serve a copy of the executed answers upon the office of counsel for the Plaintiff, V. John Ella, Esq., Trepanier MacGillis Battina P.A., 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN 55415, within thirty (30) days after service of these requests.

**<u>DEFINITIONS</u>**

For the purposes of these Interrogatories, unless otherwise clearly indicated, the

following definitions shall apply:

1. **"Acquired Business" or "Acquired Businesses"** as used herein means the combined companies acquired by MRI on or about September 7-8, 2017, as identified in the Amended Complaint (DE #59), as well as Defendants' Answer and Counterclaim (DE # 72).

2. "**All-Calls**" means the All-Calls subsidiary of AllStaff Recruiting Inc., including any subsidiary, agent, representative, or affiliate thereof.

3. **"AllStaff Recruiting, Inc."** means AllStaff Recruiting, Inc., including any subsidiary, agent, representative, or affiliate thereof, including, but not limited to, All-Calls, ARI, AllStaff Recruiting, Jeane Thorne, and all non-industrial Minnesota operations of the Acquired Businesses, and as identified by Defendants in the Answer and Counterclaim filed herein (DE # 72).

4. **"And"** means both "and" and "or".

5. **"A.W. Companies**" means Defendant A.W. Companies, Inc.

6. **"Communication"** means oral and written communications including without limitation, face-to-face communications, telephone conversations, text messages, electronic communications, electronic mail (**"e-mail"**) communications, instant messages, computer on-line contact, facsimile, hand delivery, courier, letter, memorandum or note, and any other form of correspondence or communication between two or more persons or entities.

7. **"Date"** means the exact day, month, and year, but if unascertainable, the best approximation including relationship to other events.

8. **"Defendant"** means Wendy Brown, Allan Brown, and Defendant A.W. Companies, Inc. and its divisions, departments, business units, parent, subsidiaries, affiliates, related companies, joint ventures, and their present and former directors, governors, officers, managers, shareholders, members, partners, owners, and employees, and any person acting on their behalf, including but not limited to, their attorneys, investigators, representatives, or agents.

9. **"Describe"** or **"describe in detail"**, when used in reference to a factual situation or an allegation, means to state with particularity all facts known to you relating in any way to the matter of the request.

2

10.     **"Document"** or **"documents"** means all materials within the scope of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, including without limitation, the following:

(a)     The original and all non-identical copies of all documents, recordings, graphic material, or compilation of information or data, however maintained, including:

(i)     writings, documents, records, correspondence, memoranda, notes, diaries, calendars, journals, logs, letters, office communications, telefax, minutes, resolutions, corporate records, agreements, contracts, reports, checks, statements, receipts, summaries, abstracts, pamphlets, books, booklets, handbooks, policies, procedures, manuals, personnel files, time records, pay stubs, payroll records, compensation data, and notations of any sort of conversations, telephone calls, meetings or other communications, and all other recorded information of any kind;

(ii)     graphic or oral recordings or representations of any kind including, but not limited to, sound recordings, audio tapes, films, motion pictures, photographs, charts, graphs, microfiche, microfilm, CDs, DVDs, or other recordings; and

(iii)     records kept by magnetic, mechanical, or electronic means, including electronic mail (**"e-mail"**) messages, instant messages, and any electronic, mechanical, electric, or computerized records or representations of any kind and compilations stored on all computerized systems (including tapes, cassettes, discs, recordings, computer memories, hard drives, back-up systems, storage drives, archived tapes, taped backup devices, zip drives, computer disks, floppy disks, servers, and/or storage devices of any kind).

(b)     All non-identical copies or versions of such documents including drafts, copies, or alternate versions upon which appear any initialing or notations, modified text, additions, deletions,

redaction, facsimile headers, or handwriting of any kind not appearing on the original.

11.    **"Identify"** when used in reference to a natural person means to describe: (a) the person's full name and any other names or nicknames the individual is known by; (b) the person's last known residential address, telephone number, and personal e-mail address(es); (c) the person's last known business address, telephone number, facsimile number, and work-related or business e-mail address(es); (d) the person's present employer or business affiliation and job title; and (e) the person's personal, family, business, or other relationship to you.

12.    **"Identify"** when used in reference to an organization or entity other than a natural person means to describe: (a) the full name of the entity; (b) all assumed names used by the entity; (c) the type of entity (e.g., corporation, non-profit corporation, limited liability company); (d) the date and state of organization or incorporation of the entity; and (e) the address of each of the entity's principal places of business.

13.    **"Identify"** when used in reference to a **"document"** means to describe: (a) the title, heading or caption of such document, including any identifying or descriptive code number, file number, title or label of such document; (b) a general description of each such document and whether it is a letter, memorandum, sound recording, drawing, etc., and its number of pages; (c) the date of the document; (d) the identity of the person who signed the document, and if it is not signed, the answer shall so state and identify the person(s) who prepared it; (e) the names of any recipients of the document; and (f) the present location of the document and the identity of any person with possession, custody, or control of the document.

14.    **"Identify"** when used in reference to a meeting, written or oral communication, or other event means to describe: (a) its substance; (b) the date and time it occurred; (c) the place and location at which it occurred (both sending and receiving in the case of telephone or other communications that are not face-to-face); (d) the identity of each sender, recipient, and participant; and (e) all documents that relate to or evidence the meeting, written or oral communication, or other event.

15.    **"In your possession, custody, or control"**, when used in reference to documents, shall mean and include (a) all documents actually within your possession, custody, or control; (b) all documents within the possession, custody, or control of your attorneys, investigators, adjusters, insurance carriers, consultants, consulting experts, testifying experts, accountants, financial planners, advisors, employees, and other

agents or representatives retained by or providing services to you; (c) all documents that you have a legal right to obtain; (d) all documents that you have a right or ability to copy, review, or access; (e) all documents that you have placed in the temporary possession, custody, or control of any third party or any other person; and (f) all documents in the possession, custody, or control of any third party who, upon your request, would surrender possession, custody, or control to you.

16.    **"Jeane Thorne"** as used herein means the Jeane Thorne subsidiary of AllStaff Recruiting Inc., including any subsidiary, agent, representative, or affiliate thereof.

17.    "**MRI**" as used herein means Plaintiff Management Registry, Inc. along with any of its subsidiaries or affiliates, including, but not limited to, AllStaff, AllStaff Recruiting, Inc., Malone Solutions, or Malone.

18.    **"Or"** means both "and" and "or".

19.    **"Plaintiff"** means Plaintiff Management Registry, Inc., and any person acting on Plaintiff's behalf, including but not limited to, Plaintiff's attorneys, investigators, employees, representatives, or any agents or other persons acting on behalf of the foregoing.

20.    **"Person"** and **"individual"** means natural persons as well as corporations, non-profit corporations, limited liability companies, limited liability partnerships, partnerships, associations, joint ventures, cooperatives, governments or agencies thereof, public corporations, quasi-public entities, trusts, estates, and other entities of any type.

21.    **"Relate to", "related to", "relating to",** or **"evidencing"** means referring to, concerning, pertaining to, consisting of, connected with, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, or bearing any logical or factual connection with the subject matter of the request.

22.    **"State the basis for"**, means to identify and describe in detail (a) each and every fact known to you, or believed by you to be true, that you claim to support the allegation made; (b) each and every fact that you intend to allege at trial in support of the allegation made; (c) each and every document that you claim supports the allegation made; and (d) each and every person that you believe has knowledge about any such facts or documents.

23.     **"Statement"** or **"statements"** means a written expression signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electronic, or other record, or a transcription thereof, which is a substantially verbatim recital of an oral expression by the person making it.

24.     **"You"**, or **"your"** means Defendant, as defined above.

## INSTRUCTIONS

1.     In addition to personal knowledge, you are required to furnish all information available to you including information in the possession, custody, or control of you, your attorney, and all persons acting on your behalf.

2.     If you are unable to completely and fully answer these Interrogatories after exercising due diligence to obtain the requested information, answer as completely as possible and provide any information you possess.

3.     As an alternative to providing a written response to an Interrogatory requesting the identification of a document, you may attach a copy of the document and identify which Interrogatory the document is responsive to, provided that all of the information contained in the definition of the term "Document," as defined herein, is evident from the face of the document. If such information is not evident, you should provide the missing information in your answer.

4.     If any document was, but is no longer, in your possession, custody, or control, or in existence, state whether it is missing or lost, was destroyed, voluntarily or involuntarily transferred to others, or otherwise disposed of, and identify the person(s) to whom the document has been transferred or surrendered (if any).

5.     If you claim that any requested information or document is privileged, provide a privilege log. The privilege log must describe in detail: (a) the nature of the privilege asserted (e.g., attorney-client privilege); (b) the type of document and its date; (c) enough information about the subject matter of the document such that the nature of the privilege asserted is apparent; (d) its originator(s), if any, and all other person(s) whose name(s) appear on the document; and (e) the person(s) ever in possession of the document.

6.      Pursuant to the Federal Rules of Civil Procedure, you are under a continuing duty to amend a prior response to an interrogatory, request for production, or request for admission if you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties to this action during the discovery process or in writing.  With respect to testimony of an expert, this duty extends to information contained in interrogatory responses, in any report of the expert, and to information provided through a deposition of the expert.

## INTERROGATORIES

**INTERROGATORY NO. 1:**    Please identify all actions taken by you, or those acting under your direction, supervision, or control, with regard to the commencement of operations for A.W. Companies, Inc. between September 1, 2017 and December 31, 2017, including, for each such action, the date(s), time(s), location(s), witness(es), if any, and documentation of all such actions, if any.

ANSWER:

**INTERROGATORY NO. 2:**    Please identify all legal guidance, legal advice, or legal instruction provided by any attorney representing you with regard to the establishment of A.W. Companies, Inc. and/or the actions taken by A.W. Companies Inc. with regard to contact with or solicitation of any MRI and/or ARI customers, employees, former MRI and/or ARI customers, or former MRI and/or ARI employees, including, but not limited to, any telephonic discussions, in-person meetings, e-mail communications, letter communications, or other documentation, from September 1, 2017, through December 31, 2017, and for each occasion, provide the date(s), time(s), location(s), witness(es), if

any, and documentation of all such actions, if any.  Additionally, please produce copies of all such responsive documents that relate thereto.

ANSWER:

**INTERROGATORY NO. 3:**    Please identify all communications, whether in person, telephonically, or electronically, that you have had, or that you have directed others to have, with any current or former MRI customer, MRI employee, or MRI business affiliate, and provide for each the name of the individual or entity, the date(s), time(s), location(s), witness(es), if any, a summary of the communication, and documentation of all such actions, if any.

ANSWER:

**INTERROGATORY NO. 4:**    Please identify all bases for your position that you are the proper successor in interest to AllStaff Recruiting, Inc., or any portion thereof, including, but not limited to, all witness(es), document(s), and information upon which you rely to support such claim(s).

ANSWER:

Dated:  July 17, 2019.                    **TREPANIER MACGILLIS BATTINA P.A.**

s/ V. John Ella

By: _____

V. John Ella, MN Atty. Reg. No. 249282
*jella@trepanierlaw.com*
Nicholas N. Sperling, Atty. Reg. No. 391540
*nsperling@trepanierlaw.com*
Anna M. Koch, Atty. Reg. No. 400144
*akoch@trepanierlaw.com*

8

8000 Flour Exchange Building
310 Fourth Avenue South
Minneapolis, MN  55415
Phone:  612.455.0500
Fax:  612.455.0501
*www.trepanierlaw.com*

**MORRIS & MORRIS, P.S.C.**

James M. Morris, KY Atty. Reg. No. 85709
*jmorris@m-mlaw.com*
217 North Upper Street
Lexington, KY 40507
Telephone: 859.281.6981
Facsimile: 859.233.7876
*www.morris-morrislaw.com*

**ATTORNEYS FOR PLAINTIFF
MANAGEMENT REGISTRY, INC.**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Management Registry, Inc.,                    Court File No. 0:17-CV-05009 (JRT/KMM)

      Plaintiff,

  v.

A.W. Companies, Inc., et al.,

      Defendants.

---

**PLAINTIFF'S REQUESTS FOR ADMISSIONS TO MILAN BATINICH (SET ONE)**

---

TO:    Defendants and their attorneys, Alexander Loftus, Esq. and Ryan Moore, Esq. Stoltmann Law Offices, P.C.**,** 233. S. Wacker, Suite 8400, Chicago, Illinois 60603 and Justin Bruntjen, Esq., Decerto Law LLC, 501 Carlson Parkway, #529, Hopkins, Minnesota 55305.

      Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Management Registry, Inc. requests that Defendant Milan Batinich fully respond to the following requests for admissions (the **"Requests"**) separately, in writing, and under oath, and serve a copy of the executed answers upon the office of counsel for the Plaintiff, V. John Ella, Esq., Trepanier MacGillis Battina P.A., 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN 55415, within thirty (30) days after service of these requests.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Management Registry, Inc.,                    Court File No. 0:17-CV-05009 (JRT/KMM)

       Plaintiff,

  v.

A.W. Companies, Inc., et al.,

       Defendants.

---

### PLAINTIFF'S REQUESTS FOR ADMISSIONS TO WENDY BROWN (SET ONE)

---

TO:    Defendants and their attorneys, Alexander Loftus, Esq. and Ryan Moore, Esq. Stoltmann Law Offices, P.C., 233. S. Wacker, Suite 8400, Chicago, Illinois 60603 and Justin Bruntjen, Esq., Decerto Law LLC, 501 Carlson Parkway, #529, Hopkins, Minnesota 55305.

       Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Management Registry, Inc. requests that Defendant Wendy Brown fully respond to the following requests for admissions (the **"Requests"**) separately, in writing, and under oath, and serve a copy of the executed answers upon the office of counsel for the Plaintiff, V. John Ella, Esq., Trepanier MacGillis Battina P.A., 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN 55415, within thirty (30) days after service of these requests.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

Management Registry, Inc.,                     Court File No. 0:17-CV-05009 (JRT/KMM)

       Plaintiff,

  v.

A.W. Companies, Inc., et al.,

       Defendants.

_____

### PLAINTIFF'S REQUESTS FOR ADMISSIONS TO ALLAN K. BROWN (SET ONE)
_____

TO:    Defendants and their attorneys, Alexander Loftus, Esq. and Ryan Moore, Esq. Stoltmann Law Offices, P.C., 233. S. Wacker, Suite 8400, Chicago, Illinois 60603 and Justin Bruntjen, Esq., Decerto Law LLC, 501 Carlson Parkway, #529, Hopkins, Minnesota 55305.

       Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Management

Registry, Inc. requests that Defendant Allan K. Brown, fully respond to the following

requests for admissions (the **"Requests"**) separately, in writing, and under oath, and

serve a copy of the executed answers upon the office of counsel for the Plaintiff, V. John

Ella, Esq., Trepanier MacGillis Battina P.A., 8000 Flour Exchange Building, 310 Fourth

Avenue South, Minneapolis, MN  55415, within thirty (30) days after service of these

requests.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Management Registry, Inc.,

    Plaintiff,

    v.

A.W. Companies, Inc., et al.,

    Defendants.

Court File No. 0:17-CV-05009 (JRT/KMM)

---

### PLAINTIFF'S REQUESTS FOR ADMISSIONS TO A.W. COMPANIES, INC. (SET ONE)

---

TO:    Defendants and their attorneys, Alexander Loftus, Esq. and Ryan Moore, Esq. Stoltmann Law Offices, P.C., 233. S. Wacker, Suite 8400, Chicago, Illinois 60603 and Justin Bruntjen, Esq., Decerto Law LLC, 501 Carlson Parkway, #529, Hopkins, Minnesota 55305.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Management Registry, Inc. requests that Defendant A.W. Companies, Inc., fully respond to the following requests for admissions (the **"Requests"**) separately, in writing, and under oath, and serve a copy of the executed answers upon the office of counsel for the Plaintiff, V. John Ella, Esq., Trepanier MacGillis Battina P.A., 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN 55415, within thirty (30) days after service of these requests.

## INSTRUCTIONS

1.      If you object to any of the Requests, you must state the specific objection and the legal grounds for asserting the objection in writing.

2.      Your answer to each request must either admit or specifically deny the matter stated or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

3.      A denial must fairly meet the substance of the requested admission. When good faith requires that you qualify your answer or deny only a part of the matter stated, you must specify which portion of such a Request is being denied.

4.      You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made a reasonable inquiry and that the information readily attainable by you is insufficient for you to admit or deny.

## DEFINITIONS

1.      **"Acquired Business" or "Acquired Businesses"** as used herein means the combined companies acquired by MRI on or about September 7-8, 2017, as identified in the Amended Complaint (DE #59), as well as Defendants' Answer and Counterclaim (DE # 72).

2.      "**All-Calls**" as used herein means the All-Calls subsidiary of AllStaff Recruiting Inc., including any subsidiary, agent, representative, or affiliate thereof.

3.      **"AllStaff Recruiting, Inc."** as used herein means AllStaff Recruiting, Inc., including any subsidiary, agent, representative, or affiliate thereof, including, but not limited to, All-Calls, ARI, AllStaff Recruiting, Jeane Thorne, and all non-industrial Minnesota operations of the Acquired Businesses, and as identified by Defendants in the Answer and Counterclaim filed herein (DE # 72).

4.      "**A.W. Companies**" as used herein means Defendant A.W. Companies, Inc.

5.      **"Business"** as used herein means any commercial operation or company, or unit thereof, including subsidiaries, agents, representatives, or affiliates of any such Business.

2

6.    **"Computer equipment"** as used herein means monitors, stands, terminals, headsets, keyboards, mice, software, and other equipment necessary for computer set-up.

7.    **"Jeane Thorne"** as used herein means the Jeane Thorne subsidiary of AllStaff Recruiting Inc., including any subsidiary, agent, representative, or affiliate thereof.

8.    **"Meijer"** as used herein means Meijer, Inc. a supermarket company based in Michigan along with any of its subsidiaries or affiliates.

9.    **"MRI"** as used herein means Plaintiff Management Registry, Inc. along with any of its subsidiaries or affiliates, including, but not limited to, AllStaff, AllStaff Recruiting, Inc., Malone Solutions, or Malone.

10.    **"Proprietary information"** as used herein means protected matter that is not generally known or readily ascertainable, that provides a demonstrable competitive advantage, that was obtained by the owner through investment or expense, and was intended to be maintained confidentially.

11.    **"Purchase"** as used herein means the action of buying something, including acquiring, paying for, procuring through financial compensation.

12.    **"You"** as used herein mean Defendant A. W. Companies, Inc.

## REQUESTS FOR ADMISSIONS

You are hereby requested to admit the following:

**REQUEST NO. 1.**    Admit that A.W. Companies, Inc., is not the successor in interest to any of the AllStaff Recruiting, Inc. business.

**REQUEST NO. 2.**    Admit that A.W Companies did not purchase any business from MRI.

**REQUEST NO. 3.**    Admit that A.W. Companies did not have a signed contract to purchase any business or businesses from MRI.

3

**REQUEST NO. 4.**    Admit that A.W. Companies was never, at any time, the owner of any of the AllStaff Recruiting, Inc. businesses.

**REQUEST NO. 5.**    Admit that A.W. Companies requested AllStaff Recruiting, Inc. employees to commence employment relationships with A.W. Companies.

**REQUEST NO. 6.**    Admit that A.W. Companies contacted AllStaff Recruiting, Inc. customers.

**REQUEST NO. 7.**    Admit that A.W. Companies obtained AllStaff Recruiting, Inc.'s assets.

**REQUEST NO. 8.**    Admit that A.W. Companies has retained AllStaff Recruiting, Inc.'s assets.

**REQUEST NO. 9.**    Admit that A.W. Companies requested individuals to obtain AllStaff Recruiting, Inc. proprietary information for A.W. Companies, Inc.'s benefit.

**REQUEST NO. 10.**    Admit that A.W. Companies obtained AllStaff Recruiting, Inc.'s proprietary information.

**REQUEST NO. 11.**    Admit that A.W. Companies utilized AllStaff Recruiting, Inc.'s proprietary information for its own benefit.

**REQUEST NO. 12.**    Admit that A.W. Companies utilized AllStaff Recruiting Inc.'s computer equipment to contact AllStaff Recruiting Inc.'s employees and customers.

**REQUEST NO. 13.**    Admit that A.W. Companies utilized AllStaff Recruiting Inc.'s contracts with AllStaff Recruiting, Inc. customers for its own benefit.

**REQUEST NO. 14.**    Admit that A.W. Companies changed the name on AllStaff Recruiting, Inc. customer contracts from All-Calls to A.W. Companies for purposes of obtaining new contracts in the name of A.W. Companies.

**REQUEST NO. 15.**    Admit that A.W. Companies requested that AllStaff Recruiting, Inc. customers commence relationships with A.W. Companies.

**REQUEST NO. 16.**    Admit that A.W. Companies did not exist prior to October 29, 2019.

**REQUEST NO. 17.**    Admit that A.W. Companies did not pay for the computer equipment utilized by the at-home agents working on the Meijer account as of November 1, 2017.

**REQUEST NO. 18.**    Admit that A.W. Companies was aware that All-Calls had, previous to October 29, 2017, purchased the computer equipment utilized by at-home agents working for MRI on the Meijer account.

**REQUEST NO. 19.**    Admit that A.W. Companies hired AllStaff Recruiting, Inc.'s at-home agents who were working on the Meijer account as of October 29, 2017.

**REQUEST NO. 20.**    Admit that A.W. Companies directed Brenda McNamara to solicit clients of Jeane Thorne.

**REQUEST NO. 21.**    Admit that A.W. Companies directed Brenda McNamara to assist clients of Jeane Thorne to cancel AllStaff Recruiting, Inc. contracts in favor of executing new contracts with A.W. Companies, Inc.

5

**REQUEST NO. 22.**    Admit that A.W. Companies directed Eric Berg to release All-Calls clients from their contracts with All-Calls in favor of executing new contracts with A.W. Companies.

**REQUEST NO. 23.**    Admit that Meijer entered into a contract with A.W. Companies after Eric Berg released it from its All-Calls contract.

**REQUEST NO. 24.**    Admit that A.W. Companies instructed Mark Brody to have AllStaff Recruiting, Inc. employees execute new employment documentation with A.W. Companies.

**REQUEST NO. 25.**    Admit that individuals acting in concert with A.W. Companies utilized AllStaff Recruiting, Inc.'s proprietary information on behalf of A.W. Companies.

Dated: July 17, 2019.                **TREPANIER MACGILLIS BATTINA P.A.**

                                                    s/ V. John Ella
                            By: _____
                                V. John Ella, MN Atty. Reg. No. 249282
                                  *jella@trepanierlaw.com*
                                Nicholas N. Sperling, Atty. Reg. No. 391540
                                  *nsperling@trepanierlaw.com*
                                Anna M. Koch, Atty. Reg. No. 400144
                                  *akoch@trepanierlaw.com*
                                8000 Flour Exchange Building
                                310 Fourth Avenue South
                                Minneapolis, MN 55415
                                Phone: 612.455.0500
                                Fax: 612.455.0501
                                *www.trepanierlaw.com*

                            **MORRIS & MORRIS, P.S.C.**

                                James M. Morris, KY Atty. Reg. No. 85709

6

*jmorris@m-mlaw.com*
217 North Upper Street
Lexington, KY 40507
Telephone: 859.281.6981
Facsimile: 859.233.7876
*www.morris-morrislaw.com*

**ATTORNEYS FOR PLAINTIFF**
**MANAGEMENT REGISTRY, INC.**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Management Registry, Inc.,                    Court File No. 0:17-CV-05009 (JRT/KMM)

        Plaintiff,

   v.

A.W. Companies, Inc., et al.,

        Defendants.

---

**PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS**
**TO MILAN BATINICH (SET ONE)**

---

TO:    Defendants and their attorneys, Alexander Loftus, Esq. and Ryan Moore, Esq. Stoltmann Law Offices, P.C., 233. S. Wacker, Suite 8400, Chicago, Illinois 60603 and Justin Bruntjen, Esq., Decerto Law LLC, 501 Carlson Parkway, #529, Hopkins, Minnesota 55305.

       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that

Defendant Milan Batinich produce and permit Plaintiff to inspect and copy the

documents requested below which are in Defendant Milan Batinich's possession,

custody, or control, at the office of counsel for the Plaintiff, V. John Ella, Esq., Trepanier

MacGillis Battina P.A., 8000 Flour Exchange Building, 310 Fourth Avenue South,

Minneapolis, MN  55415. In lieu of personally appearing to produce the documents for

inspection, you may provide legible, true, and complete copies of such documents

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Management Registry, Inc.,

      Plaintiff,

  v.

A.W. Companies, Inc., et al.,

      Defendants.

Court File No. 0:17-CV-05009 (JRT/KMM)

---

## PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS TO WENDY BROWN (SET TWO)

---

TO:    Defendants and their attorneys, Alexander Loftus, Esq. and Ryan Moore, Esq. Stoltmann Law Offices, P.C., 233. S. Wacker, Suite 8400, Chicago, Illinois 60603 and Justin Bruntjen, Esq., Decerto Law LLC, 501 Carlson Parkway, #529, Hopkins, Minnesota 55305.

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that

Defendant Wendy Brown produce and permit Plaintiff to inspect and copy the

documents requested below which are in Defendant Wendy Brown's possession,

custody, or control, at the office of counsel for the Plaintiff, V. John Ella, Esq., Trepanier

MacGillis Battina P.A., 8000 Flour Exchange Building, 310 Fourth Avenue South,

Minneapolis, MN  55415. In lieu of personally appearing to produce the documents for

inspection, you may provide legible, true, and complete copies of such documents

1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Management Registry, Inc.,                    Court File No. 0:17-CV-05009 (JRT/KMM)

       Plaintiff,

   v.

A.W. Companies, Inc., et al.,

       Defendants.

---

**PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS**
**TO ALLAN BROWN (SET TWO)**

---

TO:   Defendants and their attorneys, Alexander Loftus, Esq. and Ryan Moore, Esq. Stoltmann Law Offices, P.C., 233. S. Wacker, Suite 8400, Chicago, Illinois 60603 and Justin Bruntjen, Esq., Decerto Law LLC, 501 Carlson Parkway, #529, Hopkins, Minnesota 55305.

      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that

Defendant Allan Brown produce and permit Plaintiff to inspect and copy the documents

requested below which are in Defendant Allan Brown's possession, custody, or control,

at the office of counsel for the Plaintiff, V. John Ella, Esq., Trepanier MacGillis Battina

P.A., 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN  55415.

In lieu of personally appearing to produce the documents for inspection, you may

provide legible, true, and complete copies of such documents within thirty (30) days

1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

Management Registry, Inc.,                    Court File No. 0:17-CV-05009 (JRT/KMM)

        Plaintiff,

   v.

A.W. Companies, Inc., et al.,

        Defendants.

_____

**PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS**
**TO A.W. COMPANIES, INC. (SET TWO)**
_____

TO:    Defendants and their attorneys, Alexander Loftus, Esq. and Ryan Moore, Esq.
Stoltmann Law Offices, P.C., 233. S. Wacker, Suite 8400, Chicago, Illinois 60603
and Justin Bruntjen, Esq., Decerto Law LLC, 501 Carlson Parkway, #529, Hopkins,
Minnesota 55305.

        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that

Defendant A.W. Companies, Inc. produce and permit Plaintiff to inspect and copy the

documents requested below which are in Defendant A.W. Companies, Inc.'s possession,

custody, or control, at the office of counsel for the Plaintiff, V. John Ella, Esq., Trepanier

MacGillis Battina P.A., 8000 Flour Exchange Building, 310 Fourth Avenue South,

Minneapolis, MN  55415. In lieu of personally appearing to produce the documents for

inspection, you may provide legible, true, and complete copies of such documents

within thirty (30) days after service of these request.  Plaintiff reserve the right to

inspect the original documents if it deems further inspection necessary.

## DEFINITIONS

For the purposes of these Requests, unless otherwise clearly indicated, the following definitions shall apply:

1.      **"And"** means both "and" and "or".

2.      **"ARI"** as used herein means AllStaff Recruiting, Inc., including any subsidiary, agent, representative, or affiliate thereof, including, but not limited to, All-Calls, AllStaff Recruiting, Jeane Thorne, and all non-industrial Minnesota operations of the Acquired Businesses, and as identified by Defendants in the Answer and Counterclaim filed herein (DE # 72).

3.       **"A.W."** as used herein means Defendant A.W. Companies, Inc.

4.      **"Communication"** means oral and written communications including without limitation, face-to-face communications, telephone conversations, text messages, electronic communications, electronic mail (**"e-mail"**) communications, instant messages, computer on-line contact, facsimile, hand delivery, courier, letter, memorandum or note, and any other form of correspondence or communication between two or more persons or entities.

5.      **"Defendant"** means Defendant A.W. Companies, Inc. and its divisions, departments, business units, parent, subsidiaries, affiliates, related companies, joint ventures, and their present and former directors, governors, officers, managers, shareholders, members, partners, owners, and employees, and any person acting on their behalf, including but not limited to, their attorneys, investigators, representatives, or agents.

6.      **"Document"** or **"documents"** means all materials within the scope of Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, including without limitation, the following:

a.      The original and all non-identical copies of all documents, recordings, graphic material, or compilation of information or data, however maintained, including:

2

(i)    writings, documents, records, correspondence, memoranda, notes, diaries, calendars, journals, logs, letters, office communications, telefax, minutes, resolutions, corporate records, agreements, contracts, reports, checks, statements, receipts, summaries, abstracts, pamphlets, books, booklets, handbooks, policies, procedures, manuals, personnel files, time records, pay stubs, payroll records, compensation data, and notations of any sort of conversations, telephone calls, meetings or other communications, and all other recorded information of any kind;

(ii)    graphic or oral recordings or representations of any kind including, but not limited to, sound recordings, audio tapes, films, motion pictures, photographs, charts, graphs, microfiche, microfilm, CDs, DVDs, or other recordings; and

(iii)    records kept by magnetic, mechanical, or electronic means, including electronic mail (**"e-mail"**) messages, instant messages, and any electronic, mechanical, electric, or computerized records or representations of any kind and compilations stored on all computerized systems (including tapes, cassettes, discs, recordings, computer memories, hard drives, back-up systems, storage drives, archived tapes, taped backup devices, zip drives, computer disks, floppy disks, servers, and/or storage devices of any kind); and

(iv)    for the purpose of any Request for Documents, provide the requested information digitally on a CD or DVD and make the computer(s) or other device(s) of any sort which stored the requested information available for inspection and review.

b.    All non-identical copies or versions of such documents including drafts, copies, or alternate versions upon which appear any initialing or notations, modified text, additions, deletions, redaction, facsimile headers, or handwriting of any kind not appearing on the original.

7.    **"In your possession, custody, or control"**, when used in reference to documents shall mean: (a) all documents actually within your possession, custody, or control; (b) all documents within the possession, custody, or control of your attorneys, investigators, adjusters, insurance carriers, consultants, consulting experts, testifying experts, accountants, financial planners, advisors, employees, and other agents or representatives retained by or providing services to you; (c) all documents that you have a legal right to obtain; (d) all documents that you have a right or ability to copy, review, or access; (e) all documents that you have placed in the temporary possession, custody, or control of any third party or any other person; and (f) all documents in the possession, custody, or control of any third party who, upon your request, would surrender possession, custody, or control to you.

8.    **"Jeane Thorne"** as used herein means the Jeane Thorne subsidiary of AllStaff Recruiting Inc., including any subsidiary, agent, representative, or affiliate thereof.

9.    "**MRI**" as used herein means Plaintiff Management Registry, Inc. along with any of its subsidiaries or affiliates, including, but not limited to, AllStaff, AllStaff Recruiting, Inc., Malone Solutions, or Malone.

10.    **"Or"** means both "and" and "or".

11.    **"Plaintiff"** means Plaintiff Management Registry, Inc., and any person acting on Plaintiff's behalf, including but not limited to, Plaintiff's attorneys, investigators, employees, representatives, or any agents or other persons acting on behalf of the foregoing.

12.    **"Person"** and **"individual"** means natural persons as well as corporations, non-profit corporations, limited liability companies, limited liability partnerships, partnerships, associations, joint ventures, cooperatives, governments or agencies thereof, public corporations, quasi-public entities, trusts, estates, and other entities of any type.

13.    **"Relate to", "related to", "relating to",** or **"evidencing"** means referring to, concerning, pertaining to, consisting of, connected with, bearing upon, involving, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, or bearing any logical or factual connection with the subject matter of the request.

14.    **"Statement"** or **"statements"** means a written expression signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electronic, or other record, or a transcription thereof, which is a substantially verbatim recital of an oral expression by the person making it.

15.    **"You"**, or **"Your"** means Defendant, as defined above.

## INSTRUCTIONS

1.    Documents are to be produced in full; redacted documents are insufficient. If the requested document or information cannot be produced in full, produce it to the extent possible and specify which document, or portion of that document, is being withheld and the reason for withholding the information.

2.    In addition to producing the original of all requested documents, you are requested to produce all non-identical copies and drafts of such documents. If the original of any document cannot be located, provide a legible copy of the document bound or stapled in the same manner as the original.

3.    Documents attached to each other should not be separated.

4.    If you claim that any requested information or document is privileged, provide a privilege log. The privilege log must describe in detail: (a) the nature of the privilege asserted (e.g., attorney-client privilege); (b) the type of document and its date; (c) enough information about the subject matter of the document such that the nature of the privilege asserted is apparent; (d) its originator(s), if any, and all other person(s) whose name(s) appear on the document; and (e) the person(s) ever in possession of the document.

5.    Pursuant to the Federal Rules of Civil Procedure, you are under a continuing duty to amend a prior response to an interrogatory, request for production, or request for admission if you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties to this action during the discovery process or in writing.  With respect to testimony of an expert, this duty extends to information contained in interrogatory responses, in any report of the expert, and to information provided through a deposition of the expert.

## DOCUMENT REQUESTS

**REQUEST NO. 1.**      Please produce copies of all pleadings and documents produced by any party in the matter of Eric Berg and Eric Berg Consulting vs. Wendy Brown, Allan Brown and A.W. Companies, Inc., filed in Hennepin County Court File Number 27-CV-18-19715.

RESPONSE:

**REQUEST NO. 2.**      Please produce copies of any and all documents upon which you rely in your claim of ownership of AllCalls, AllStaff Recruiting, Inc., Jeane Thorne Behavioral, or any other entity that was conveyed to Management Registry, Inc. as part of the September 7, 2017 acquisition identified in Plaintiff's Amended Complaint, (DE #59) and Defendants' Answer and Counterclaim (DE #72).

**REQUEST NO. 3.**      Please produce copies of all invoices and payments from any of the following, showing the amount of gross revenue that A.W. Companies, Inc. has received from each of the following corporate entities:

      i.  CHS, Inc.

      ii.  Crown HealthShare Administrators, Inc.

     iii.  DCI of MN, Inc.

     iv.  Do-Good.Biz

      v.  Doherty Consulting, Inc. (d/b/a Dahl Consulting)

     vi.  Ebates

    vii.   Element Fleet Management

   viii.   Gem, LLC

    ix.   Genesys

     x.   Gerber

    xi.   Math Teachers Press, Inc.

    xii.   Meijer Great Lake Limited Partnership

   xiii.   Metropolitan Area Agency on Aging

   xiv.   Minnesota Supreme Court

    xv.   Morton Buildings, Inc.

   xvi.   St. Paul College

   xvii.   St. Olaf College

  xviii.   The Sportsman's Guide

   xix.   The Research Edge

    xx.   Twin City Tile and Marble

   xxi.   Verint

   xxii.   Wyckoff Medical Center

  xxiii.   Zinpro Corporation

<u>RESPONSE</u>:

**REQUEST NO. 4.**     Please produce copies of all invoices for computers,

computer terminals, monitors or headsets purchased by A.W. Companies, Inc. or any

7

Defendant for use by in-home agents, providing the date of purchase, specific equipment purchased, cost, employee assignment, if any, and current location of all such computer equipment.

RESPONSE:

**REQUEST NO. 5.**    Please produce copies of any and all documents that memorialize, embody, refer, or relate to any payment(s) by any of the Defendants to Management Registry, Inc. for the acquisition of any of the Acquired Companies, as identified in the Amended Complaint (DE #59) and the Answer and Counterclaim (DE #72), that were acquired by Management Registry, Inc. on September 7, 2017.

RESPONSE:

**REQUEST NO. 6.**    Please produce copies of any and all personnel records for any A.W. Companies employee who worked, at any point, for Management Registry, Inc., AllStaff Recruiting, Inc., AllStaff, Inc., or any of the Acquired Companies.

RESPONSE:

Dated:  July 17, 2019.                **TREPANIER MACGILLIS BATTINA P.A.**

s/ V. John Ella

By: _____

V. John Ella, MN Atty. Reg. No. 249282
*jella@trepanierlaw.com*
Nicholas N. Sperling, Atty. Reg. No. 391540
*nsperling@trepanierlaw.com*
Anna M. Koch, Atty. Reg. No. 400144
*akoch@trepanierlaw.com*
8000 Flour Exchange Building

310 Fourth Avenue South
Minneapolis, MN  55415
Phone:  612.455.0500
Fax:  612.455.0501
*www.trepanierlaw.com*

**MORRIS & MORRIS, P.S.C.**

James M. Morris, KY Atty. Reg. No. 85709
   *jmorris@m-mlaw.com*
217 North Upper Street
Lexington, KY 40507
Telephone: 859.281.6981
Facsimile: 859.233.7876
*www.morris-morrislaw.com*

**ATTORNEYS FOR PLAINTIFF
MANAGEMENT REGISTRY, INC.**