UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Management Registry, Inc.  Case No. 0:17-cv-5009-JRT-KMM

    Plaintiff,

v.  **ORDER**

A.W. Companies, Inc., et al.

    Defendants.

On August 13, 2019, Management Registry, Inc. ("MRI"), filed a motion seeking dispositive sanctions against the defendants for repeated failures to obey several of the Court's orders governing the production of documents. [Sanctions Mot., ECF No. 280.] The Court discussed the sanctions motions with counsel during a telephone conference on August 19, 2019. [Min. Entry (Aug. 19, 2019), ECF No. 287.] The Court "encouraged [counsel for the plaintiff] to narrow the relief requested or update the record after evaluating the document production which has finally occurred" and indicated that a supplemental memorandum should be promptly filed. [*Id.*] On August 30, 2019, MRI filed a supplemental memorandum modifying its request for the relief sought in the motion for sanctions. [Pl.'s Modified Request, ECF No. 291.]

On September 10, 2019, the Court held a hearing on the motion for sanctions and discussed MRI's request for narrower relief with the parties' counsel. [Min. Entry (Sept. 10, 2019), ECF No. 297.] The Court decided certain matters from the bench and discussed next steps. Consistent with the Court's rulings and instructions at the hearing, the Court enters the following **ORDER**.

    1.    Plaintiff's Motion for Dispositive Sanctions and All Other Relief **[ECF No. 280]** is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2.      The request for dispositive sanctions is **DENIED**. MRI withdrew its request for dispositive sanctions in the supplemental filing on August 30, 2019, which plaintiff's counsel confirmed at the hearing.

3.      During the hearing, MRI clarified that the limiting instructions and evidentiary sanctions asked for in its modified request for relief are directed at the defendants' counterclaims. [*See* Pl.'s Modified Request at 10 ¶ 6.] MRI asserts that the defendants' production of documents, which the plaintiff did not receive in a usable form until August 29, 2019, did not include any information to support the defendants' claims of damages. The Court finds that this matter has not been sufficiently briefed for the Court to entertain such sanctions at this time. Accordingly, the sanctions motion is **DENIED IN PART WITHOUT PREJUDICE** on this issue. Counsel for the parties are further required to engage in a frank discussion of whether the defendants intend to pursue any counterclaim in this matter.

4.      During the hearing, MRI's counsel addressed in detail the ways he believes the defendants' belated document production was incomplete or inadequate. Plaintiff's counsel also alleged that the defendants' responses to written discovery were insufficient. These inadequacies had been the subject of correspondence months ago, and were specifically addressed in MRI's request for narrower relief. Unfortunately, defense counsel was not prepared to discuss the adequacy of the defendants' document production or other discovery matters at the hearing. [*See* Pl.'s Modified Request at 9–10 ¶¶ 2–4.] Indeed, defense counsel described that he was generally unaware of whether the documents at issue had been produced or not.

The motion for sanctions is **GRANTED IN PART** as follows:

   a. Counsel for MRI agreed to provide the defendants with a brief letter addressing the alleged deficiencies in the defendants' document production

and their responses to interrogatories and requests for admissions. Plaintiff's counsel was to provide that letter to the defendants **no later than Thursday, September 12, 2019**.

b. Upon receipt of the letter from MRI, the defendants' counsel must carefully consider the issues raised alongside a review of the defendants' document production. Defense counsel must also consult with their clients regarding the obligations to supplement or amend any previous written discovery responses and what must take place to complete their document production. **Defense counsel shall respond in detail to plaintiff's counsel's letter no later than Thursday, September 19, 2019**.

c. The Court will hold a telephonic conference on Monday, September 23, 2019, at 2:00 PM. **During the call the Court does not intend to mediate disagreements between the parties about the propriety of any specific discovery request or response.** Instead, the discussion will focus on establishing a schedule to govern the completion of defendants' responses to discovery and any related motion practice.

5. In its narrower request for relief, MRI asks for "[a]n award for all attorneys' fees and costs incurred related to the discovery morass created by Defendants, and their counsel, including the Logikcull expenses, during the past eleven months." [Pl.'s Modified Request at 10 ¶ 5.] **On or before September 27, 2019**, MRI shall file a fee petition. **On or before October 11, 2019**, the defendants shall file any response to the fee petition. **On or before October 18, 2019**, MRI shall file a reply in support of the fee petition or a notice that no reply will be filed. The Court will take the request for fees under advisement on the written submissions, unless the

Court determines that a hearing is necessary. The Court still has before it an earlier request for fees related to the plaintiff's motion to compel the defendants' document production. [*See* Pl.'s Mot. to Compel, ECF No. 219; June 24, 2019 Order, ECF No. 239; Morris Decl., ECF No. 240; Defs.' Resp., ECF No. 248.] MRI need not resubmit this information, nor do the defendants need to re-oppose it. After receiving the additional petition from MRI and the response from the defendants required by this Paragraph, the Court will resolve both requests for fees in a single order.

**IT IS SO ORDERED**

Date: September 13, 2019

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge