UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Management Registry, Inc. | Case No. 0:17-cv-5009-JRT-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| A.W. Companies, Inc., et al. | |
| Defendants. | |

This matter is before the Court on Management Registry, Inc.'s ("MRI") Renewed Motion to Compel, for Dispositive Sanctions, for an Order of Contempt and All Other Relief. [ECF No. 344.] The Court held a hearing on MRI's motion on November 14, 2019, at which the Court issued rulings from the bench regarding the request to compel production of documents. [ECF No. 358.] This Order memorializes the Court's decision concerning the motion to compel. The Court took the remaining issues under advisement.

In addition to the specific requirements set forth below as to the individual demands in the motion to compel, the Court addressed a few broad issues that impact the motion as a whole. First, the Court rejects the Defendants' position that the motion to compel should be denied based on a failure to meet and confer. Second, the Court specifically finds that the Defendants have not produced all relevant documents requested by MRI as they alleged in the briefing, although the Court notes that they have expressed a willingness to provide numerous additional documents. [*See* Defs.' Resp. at 10, ECF No. 349.] The Court also overrules the Defendants' objections that the scope of the discovery sought by MRI in this matter is overbroad and finds that the Defendants' complaints of undue burden in responding to these requests are unsupported and unpersuasive. Further, the Court explicitly overrules the Defendants' assertion that documents that post-date the 2017 events described in the Complaint are entirely irrelevant. [*See id.* at 10 (arguing that documents previously produced cover "the relevant time period for [MRI's] claims" and asserting that MRI's requests in the motion to

compel "sought documents created long after any act or omission alleged in the Complaint occurred, which Defendant objects to regarding relevance and overbreadth of the request").] The scope of the discovery required to be produced pursuant to this Order reflects the Court's determinations regarding relevance and proportionality. Fed. R. Civ. P. 26(b)(1).

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. MRI's Motion to Compel [ECF No. 344] is **GRANTED** as set forth in the following paragraphs.

2. Defendants shall conduct complete searches of A.W. Companies, Inc.'s employees' e-mail accounts regarding discussions of MRI and MRI's customers, and shall provide those communications to opposing counsel. The parties reached an agreement after the motion was filed that the Defendants would run these searches for employees' emails between 2017 and 2019. Counsel are required to meet and confer regarding appropriate search terms. The terms should be selected in a manner that balances plaintiff's right to obtain relevant discovery with the need to keep costs and inconvenience proportional to the needs of this litigation.

3. Defendants shall conduct full searches of the personal e-mail accounts of Al Brown, Wendy Brown, and Tyler Brown used to discuss business matters during the late 2017 and early 2018 timeframe, and shall provide all relevant communications to opposing counsel. Prior to the hearing, the Defendants had agreed to produce documents spanning only a two-month period and only from the personal e-mail accounts of Al Brown and Wendy Brown, but the Court found these strictures to be too limiting. Instead, these searches must cover the timeframe discussed at the hearing and must include the email account of Tyler Brown. In addition, if relevant communications found in the personal email accounts of other employees of the defendants were captured in the early 2018 data collection, those must be disclosed. The parties will work together on an appropriate list of applicable search terms to ensure that the information relevant to the claims and defenses in the litigation is disclosed.

Counsel disagree regarding the discoverability of relevant communications which might be found in the personal email accounts of employees other than the Browns and Mr. Batinich. (*See* ¶¶ 12–13, below.) Specifically, the Defendants assert that such personal emails are not within their custody or control. Counsel are ordered to attempt to reach a compromise on this issue. If those sincere efforts fail, the Plaintiff should bring a motion to compel by no later than December 15, 2019, if MRI intends to seek e-mails beyond those ordered here.

4. Defendants shall produce all relevant communications between Defendants and any former or current MRI customer from September 1, 2017 through March 2018. This includes communications, messages, electronic messages, in any forum or application, or postings on social media. The specific date range was agreed upon by the parties during the hearing, with each side acknowledging that the searches for these communications could be performed on the images previously created of Defendants' electronic media. The parties will work together on an appropriate list of applicable search terms to ensure that the information relevant to the claims and defenses in the litigation is disclosed.

5. Defendants shall produce employee-related documentation, including but not limited to employee lists, employee databases, agreements, employee reviews, employment files, salary and commission information, relevant correspondence with employees, manuals, handbooks, letters, contracts, and other communications related to terms and conditions of employment. The fact that documents concerning any employer/employee relationship may not be stored in a traditional format for "personnel files" or "employee files" is not a valid basis to withhold this discovery. These documents must be produced for the time period between October 30, 2017 and November 1, 2018.

6. Defendants shall produce financial reports, tax returns, monthly bank account statements, earning records, invoices, and any other documents which reflect AW's income and earnings. This includes, but is not limited to, documentation showing accounts receivable and accounts payable, and documents from the three separate banks used by A.W. Companies, as discussed at the hearing. The spreadsheets already provided

by the Defendants are not adequate to satisfy the scope of appropriate discovery, but the parties are required to meet and confer in good faith to determine what specific documentation will be sufficient.

7. Defendants shall produce all communications that Al Brown or Wendy Brown sent or received from September 1, 2017, to the present regarding MRI. This Order expressly requires the production of text messages, and emails from any account.

8. Defendants shall produce all communication between Defendants and any former or current employee of MRI from September 1, 2017 through March 2018. The specific date range was agreed upon by the parties during the hearing, with each side acknowledging that the searches for such communications could be performed on the data images previously created of Defendants' electronic media. The parties have agreed to create, within a week of the hearing, a negotiated list of applicable search terms to ensure that the information gathered is relevant to the claims and defenses in the litigation.

9. Defendants shall produce Wendy Brown's and Al Brown's federal and state income tax returns, including W-2 forms, any and all schedules and attachments for 2016 to the present, and any amendments related thereto.

10. Defendants shall produce copies of records that were filed and produced in connection with the following related litigation: *Eric Berg and Eric Berg Consulting v. Wendy Brown, Allan Brown, and A.W. Companies, Inc.*, filed in Hennepin County Court, File Number 27-CV-17-19715. During the hearing, counsel for the Defendants agreed produce all such materials.

11. Defendants shall produce documents showing all compensation Milan Batinich received from A.W. Companies from 2017 to the present. The Court expressly informed the Defendants that production of W-2 forms alone is insufficient to satisfy Mr. Batinich's obligation to provide information responsive to the relevant document requests for information concerning his compensation from A.W. Companies, because additional compensation could have been provided by the Defendant that is not reflected on a W-2.

12. Defendants shall produce Mr. Batinich's communications sent or received from September 1, 2017 to the present regarding MRI.

13. Defendants shall produce Mr. Batinich's communications sent to or received from Wendy Brown, Eric Berg, Allan Brown, or any former or current customer or employee of MRI between September 1, 2017 and the present. This production shall be made subject to the negotiated search terms discussed above.

14. If, in complying with this Order, the Defendants claim that they do not have possession, custody, or control of responsive records, or that no such records exist, they are required to support such claims in sworn affidavits. Where appropriate, these affidavits must also describe the reasonable inquiry that was performed to locate responsive records.

15. The parties are required to meet and confer immediately in person or by telephone to reach an agreement as to search terms to facilitate the location of responsive records in the Defendants' electronically stored information. An agreement as to search terms must be reached no later than November 19, 2019. Defense counsel has indicated that he has a one-week vacation from November 20, 2019, through November 27, 2019, which the Court has factored into the deadlines for completion of the document production required by this Order.

16. During the hearing, the Court expressly denied the request of defense counsel that MRI be required would run the list of negotiated search terms through its own electronically stored information and produce responsive records. As the Court has previously explained and explained again at the hearing, the Defendants' deadline for completion of discovery from MRI has come and gone. The unilateral discovery obligations imposed by this Order are warranted by extraordinary difficulties experienced by the plaintiffs in obtaining essential and plainly relevant information from the Defendants. Past orders of the Court, as well as forthcoming ones, have addressed this pattern of discovery misconduct, and it need not be repeated here.

17. The Defendants must make the production of documents required by this Order no later than January 6, 2020.

18. The production must be made in a manner that complies with the Federal Rules of Civil Procedure and with previous orders of the Court. Documents must be provided in an orderly and workable fashion. A "document dump" with not Bates numbering is not sufficient.

Date: November 15, 2019

      *s/Katherine Menendez*
      Katherine Menendez
      United States Magistrate Judge