**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Management Registry, Inc. | Case No. 0:17-cv-5009-JRT-KMM |
| Plaintiff, | |
| v. | **SUPPLEMENTAL ORDER AND REPORT AND RECOMMENDATION** |
| A.W. Companies, Inc., et al. | |
| Defendants. | |

On April 20, 2020, this Court entered an Order and Report and Recommendation addressing Management Registry, Inc.'s ("MRI") motions for sanctions against the defendants and their counsel. In relevant part, the Court required MRI to submit the following supplemental petitions: (1) a fee petition pursuant to Rule 37(a)(5) with respect to an October 24, 2019 motion to compel discovery; and (2) a fee petition setting forth the excess fees and expenses attributable to specific conduct of defense counsel that the Court found vexatious under 28 U.S.C. § 1927. [ECF Nos. 403, 404.] MRI's counsel, James Morris and John Ella, filed the supplemental petitions on April 24, 2020. [ECF Nos. 405, 406, 407, 408.] Defendants and their counsel have responded to those fee petitions.[1] [Defs.' Opp'n, ECF No. 417.]

---

[1] MRI's counsel filed a reply memorandum intended to correct alleged misrepresentations in the response to the supplemental fee petitions by the defendants' recently retained local counsel. [ECF No. 419.] Defendants' local counsel then submitted a supplemental declaration. [ECF No. 420.] Mr. Morris asserts that the defendants and their attorneys misrepresented facts and wrongfully accused Mr. Morris of lying to the Court and engaging in fraudulent billing practices. The Court has reviewed the the extensive e-mail communications between counsel, understands Mr. Morris's frustration, and observes that tensions have reached a fever pitch in this case. However, the Court does not construe the defendants to have leveled accusations of unethical billing practices against Mr. Morris, but simply to have strongly advocated their position. In addition, the defendants' objections to certain time entries in the supplemental fee petitions and the assertions that email communication did not occur on certain dates appears to have been

(footnote continued on following page)

For the reasons that follow, the Court Orders the defendants to pay $20,000 pursuant to Rule 37(a)(5). In addition, the Court recommends that defense counsel, Alexander Loftus, be required to pay $25,000 as a sanction pursuant to 28 U.S.C. § 1927.

## I. Supplemental Order Under Rule 37(a)(5)

In an April 20, 2020 Order and Report and Recommendation, the Court found that MRI should recover the fees and expenses incurred in making its October 24, 2019 motion for sanctions and other relief. MRI prevailed on its motion to compel, obtaining a broad Order on November 15, 2019, which required the defendants to conduct searches for and otherwise produce many categories of documents that should have been provided much earlier in the case. The Court held that MRI is entitled to the reasonable fees and expenses incurred in bringing the October 24, 2019 motion pursuant to Rule 37(a)(5). The Court required MRI to submit a supplemental fee petition in support of its request, which it did on April 24, 2020.

MRI filed the declarations of Mr. Morris and Mr. Ella to support the request for fees and expenses incurred in making the October 24 motion. [ECF Nos. 407 (2nd Morris Decl.), 408 (2nd Ella Decl.).] Mr. Morris indicates that MRI incurred $28,000 related to the actual filing and handling of the October 24, 2019 motion to compel and for sanctions that led to the November 15, 2019 Order.[2] [2nd Morris Decl. ¶ 5.] Mr. Ella indicates that

---

the result of mistake or miscommunication. Some of the objections are simply permissible advocacy. In any event, the Court considers the full record, but will to take no action regarding the allegations of misconduct contained in these submissions. The Court encourages counsel for both sides to make every effort to communicate effectively and work toward the goal of bringing this seemingly interminable litigation to a close.

[2]   Further, Mr. Morris states the following: "To the extent that the Court's [April 20, 2020 decision was] intended to incorporate the outcropping of the Defendants' actions, and the subsequent difficulties attendant thereto, and expressly excluding any time that has already been addressed elsewhere by the Court, Declarant states that the billing records … reflect that [his] firm expended an additional 104.8 hours of time, related to enforcement and non-compliance with the Court's November [Order] encompassing $28,600 in additional fees attendant thereto." [Morris Decl. ¶ 6.] However, the Court's decision regarding the fees compensable under Rule 37(a)(5) did not intend to include these additional fees, and they will not be awarded.

2

MRI incurred an additional $1,215 in attorney's fees in connection with the October 24, 2019 motion, and another $1,010 in attorney's fees in connection with preparing the two supplemental fee petitions submitted by his firm. [2nd Ella Decl. ¶ 5.]

The defendants raise several arguments in their opposition to the supplemental fee petitions.[3] At the outset, the Court addresses two it finds unpersuasive. First, the defendants suggest that the Court should reduce the fees recoverable under Rule 37(a)(5) because they have paid a significantly smaller sum to Mr. Loftus's firm during the period addressed in the supplemental fee petitions. [*See* Defs.' Opp'n at 1-2.] The fact that the defendants have a "steeply discounted flat fee" arrangement with Mr. Loftus's firm, *id.*, does not demonstrate that the attorney's fees MRI incurred in making the motion to compel are unreasonable.

Second, the defendants assert that the costs of this and related litigation have been "financially crippling" to them and these "financial constraints contributed to and motivated the problems noted by the Court." [Defs.' Opp'n at 1-2.] To the extent the defendants contend their financial condition makes an award of fees that MRI incurred in bringing the October 24th motion to compel unjust, the Court is not persuaded. Under Rule 37(a)(5)(A)(iii), an impecunious party may be able to show that the circumstances of a case, including the party's lack of means, make an award of expenses unjust. *See, e.g.*, *LightStyles, Ltd. ex rel. Haller v. Marvin Lumber and Cedar Co.*, Civil No. 1:13-CV-1510, 2015 WL 4078826, at *5 (M.D. Pa. July 6, 2015) ("We agree that a party's ability to pay is an equitable consideration in fee shifting under Rule 37(a)(5)(A)."). But this principle does not give cash-strapped litigants a consequence-free privilege to avoid discovery obligations and force their opponents to file discovery motions to obtain information relevant to the litigation. The purpose behind the fee-shifting provision of Rule 37(a)(5) is to deter parties from unreasonably forcing their opponents to file discovery motions and encourage them to participate meaningfully in the discovery process. *See Bores v. Domino's Pizza, LLC*, 2007 WL 9735900, at *2 (D. Minn. Dec. 26, 2007) (rejecting argument that the plaintiffs' fewer financial resources permitted it to "act

---

[3] The defendants do not dispute the reasonableness of the hour rates requested by MRI's counsel.

3

with impunity in the discovery process, and without any fear of being accountable for the deterrent effect" of the fee-shifting provisions in Rule 37(a)(5)). Nothing in the record here shows that the defendants were financially unable to provide meaningful discovery to MRI. Instead, what the record reveals is that the defendants and their counsel refused to participate in the discovery process in good faith for a significant period, told MRI they had produced everything there was to turn over when this was far from the truth, remained disengaged from the technical problems created by their woefully inadequate production, and only began providing meaningful discovery after MRI was forced to bring the October 24th motion to compel. Financial considerations cannot explain the defendants' recalcitrant approach that has plagued this litigation.

The Court now turns to the crux of the dispute regarding the supplemental fee petitions: whether significant portions of the fees requested in MRI's petitions are insufficiently related to the issues addressed in the Court's April 20, 2020 decision, as the defendants allege. [Defs.' Opp'n. at 1.] The defendants do not take issue with any specific entries in Mr. Ella's declarations, though they do ask the Court, in its discretion, to reduce the fees he has requested because the work that is reflected would have been undertaken in any event. [*Id.* at 3.] With respect to Mr. Morris's declaration, they suggest that the only time entries that should be considered are those on October 24, 2019, October 31, 2019, November 14, 2019, and November 15, 2019, which total $13,350. [*Id.* at 9.] Further, defendants argue that MRI should not be reimbursed for the 14.5-hour time entry on November 15, 2019. They argue both that this entry is excessive and that they should not be required to reimburse Mr. Morris's travel to the hearing on MRI's October 24th motion. [*Id.* at 10.] Finally, they assert that the "block-billed" nature of the billing records makes it impossible to verify whether the time claimed is appropriate. [*Id.*]

The Court has reviewed the time entries in both Mr. Ella's and Mr. Morris's declarations and considered the defendants' objections to them. The Court finds that MRI is entitled to an award of fees and expenses incurred in making the October 24th motion

to compel and for sanctions, but that the reasonable fees to be recovered must be reduced from the $29,720 requested.[4]

Specifically, the Court finds that $20,000 represents a reasonable award of attorney's fees incurred by MRI in connection with making the October 24, 2019 motion to compel. Noting that the Court's task in evaluating a request for attorney's fees is not to achieve "auditing perfection," but instead to do "rough justice," *Fox v. Vice*, 563 U.S. 826, 838 (2011), the Court will not catalog here a specific list of all the time entries it finds should be reduced. The record confirms that no reduction is warranted based on Mr. Ella's supplemental declaration. However, the Court finds that the fees related to some of the time entries in Mr. Morris's supplemental petition should be reduced because they include tasks that are not sufficiently related to the motion to compel at issue. In addition, a partial reduction of the travel time for the hearing reflected in Mr. Morris's November 14, 2019 time entry is warranted. However, the Court concludes that the majority of the fees reflected in the time entries corresponding to paragraph 5 from Mr. Morris's supplemental fee petition are reasonable and should be awarded. [2nd Morris Decl. ¶ 5.] Accordingly, the Court will not reduce the requested fees as significantly as requested by the defendants.

Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff MRI's supplemental fee applications [ECF Nos. 407, 408] are **GRANTED IN PART**.

---

[4] The $29,720 figure includes: the $28,000 from paragraph 5 of Mr. Morris's second declaration, 2nd Morris Decl. ¶ 5; and the $1,215 from paragraph 5, and the $1,010 from paragraph 6 of Mr. Ella's second declaration, 2nd Ella Decl. ¶¶ 5-6. Because Mr. Ella represents that the $1,010 figure was incurred in connection with preparing both of his supplemental declarations, including the declaration for recovery of fees incurred as a result of conduct sanctionable under 28 U.S.C. § 1927, the Court has applied only $505 to its consideration of the reasonable fees compensable under Rule 37(a)(5). *See* 2nd Ella Decl. ¶ 6.

2. Pursuant to Rule 37(a)(5), the defendants and Mr. Loftus must pay $20,000 to MRI for the reasonable expenses, including attorney's fees, incurred by MRI in making its October 24, 2019 motion.

## II.     Supplemental Recommendation Under Section 1927

In the April 20, 2020 decision, the Court found that Mr. Loftus should be sanctioned pursuant to 28 U.S.C. § 1927 for five instances of conduct the Court found to be egregious examples of vexatious behavior that unnecessarily multiplied these proceedings. To summarize, the following describes the five separate vexatious behaviors found by this Court:

1. First, Mr. Loftus behaved improperly when he filed a sweeping motion to compel on April 26, 2019, before even reviewing the extent of the information that MRI had provided in response to the defendants' discovery requests and subsequently disobeyed the Court's Order that he meet and confer with opposing counsel to attempt to narrow the motion. The meet and confer statement filed after the refusal misrepresented the substance of his communications with opposing counsel.

2. Second, Mr. Loftus engaged in vexatious conduct in connection with filing another motion to compel on June 14, 2019, despite having failed to review the information that MRI had already produced and for failing to timely correct his associate's misrepresentation that Mr. Morris had refused to meet and confer to discuss the issues raised.

3. Third, Mr. Loftus's September 3, 2019 filing of a motion to strike MRI's modified request for sanctions specifically invited by the Court was unreasonably vexatious.

4. Fourth, Mr. Loftus violated § 1927 by failing to comply with the January 29, 2020 Order's requirement that he provide an affidavit or declaration describing his involvement in the search for and review of the defendants' documents pursuant to the November 15, 2019 Order.

5. Finally, Mr. Loftus engaged in vexatious conduct when he unreasonably added the phrase "Irrelevant Non-Responsive Misc. Invoices" before Bates numbers attached to the documents that the Court had specifically ordered his clients to produce.

Mr. Morris and Mr. Ella filed supplemental fee petitions on April 24, 2020 in compliance with the Court's instructions. [ECF No. 405 (1st Morris Decl.), 406 (1st Ella Decl.).] Mr. Morris states that his firm spent a total of 100.3 hours related to the specific instances of vexatious conduct identified in the Court's April 20, 2020 decision and in preparing his fee petition. [1st Morris Decl. ¶¶ 3, 6.] The billing records reproduced within Mr. Morris's declaration total $50,150 in connection with these five instances of conduct. [*Id.* ¶ 6.] Mr. Morris notes that "some of the conduct of counsel that was specifically enumerated in the Court's Report and Recommendation was isolated in terms of the actual expenses incurred as a result of Mr. Loftus's vexatious conduct," and he asks the Court to "review the multitude of vexatious conduct exhibited from the very first instance of Mr. Loftus's engagement in the within matter, and issue whatever sanction that it deems appropriate." [*Id.* ¶¶ 8, 9.] Mr. Ella states that his time records show MRI incurred $4,999.50 in attorney's fees caused by the vexatious conduct identified in this Court's April 20, 2020 decision. [1st Ella Decl. ¶ 5.]

In the opposition memorandum, the defendants and Mr. Loftus argue that "the award [related to § 1927 sanctions] be capped at $25,000" because: (1) several entries on Mr. Morris's petition are "block billed, making it impossible to verify the time spent on various tasks"; (2) "several time entries raise questions about their propriety, including an entry for time spent reviewing and responding to a motion that exceeds the time between when the motion was received and the response was filed"; and (3) there are some "instances when the time entries contradict the substance of the work performed." [Defs.' Opp'n at 3-4.]

The task of isolating excess costs and fees incurred as a result of conduct that violates § 1927 "is inherently difficult, and precision is not required." *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 446 (8th Cir. 2001) (affirming the district court's imposition of a $15,000 sanction against plaintiff's counsel for vexatious conduct where the district court discounted the defendant's fee request significantly, reflecting "a conservative estimate of the excess costs and fees incurred" due to violations of § 1927). Having reviewed the supplemental fee petitions, the Court finds that requiring Mr. Loftus to pay MRI $25,000 in attorney's fees is an appropriate sanction under 28 U.S.C. § 1927 for the specific vexatious conduct identified in Part II.B.1 of the April 20th decision.

7

In reaching this conclusion, the Court notes that the defense has not contested the $4,999.50 figure for the attorney's fees reflected in Mr. Ella's supplemental petition, and the Court's independent review of the petition reveals support for the amount requested. The Court includes this $4,999.50 in the § 1927 attorney's fees sanction recommended in this decision.

The Court turns to the specific issues the defense has raised regarding the billing records incorporated in Mr. Morris's supplemental fee petition. First, the defense asserts that the Court should not include the full 3.2 hours reflected in a September 3, 2019 time entry because Mr. Morris filed the response to the motion to strike a mere 2.6 hours after it was filed. [Defs.' Opp'n at 4.] The defense contends that time spent in excess of the time between the filings at issue should not be compensable. [*Id.*] However, the billing record indicates that Mr. Morris spent some portion of billed time on a telephone call with local counsel that day. [1st Morris Decl. ¶ 6, at p.7.] The Court is not persuaded that a deduction is warranted here.

Second, the defense argues that time entries for April 9, 2019 and April 16, 2019 (totaling $1,250) should not be included in any attorney's fee sanction because the entries do not appear to be related to the defendants' filing of an April 26, 2019 motion to compel, but instead concern a disagreement over the need to engage the court with an additional status conference regarding the change of counsel. [Defs.' Opp'n at 4-5.] The Court agrees that Mr. Loftus's vexatious conduct in filing the motion to compel did not cause MRI to incur these specific expenses. The $1,250 reflected has been deducted from the fees requested in Mr. Morris's supplemental fee petition.

Third, the defense challenges the propriety of time entries for the following dates because they are block-billed: April 26, 2019; April 28, 2019; April 29, 2019; April 30, 2019; May 1, 2019; May 2, 2019; May 3, 2019; and May 8, 2019. [Defs.' Opp'n at 5-6.] The billing records for these challenged entries total $9,500. The Court disagrees that the fact these entries are "block billed" makes it impossible to discern whether the fees MRI incurred were attributable to Mr. Loftus's vexatious conduct in connection with filing the April 26, 2019 motion to compel and refusing thereafter to meet and confer with

8

Mr. Morris. These entries have not been deducted from the recommended attorney's fee sanctions under § 1927.

Fourth, the parties dispute the propriety of several time entries in which Mr. Morris referenced email communications with Mr. Loftus. [*Compare* Defs.' Opp'n at 6-8, *and* Suppl. Decl. of Katie Connolly, ECF No. 420, *with* Pl.'s Reply, ECF No. 419.] As noted above, *see* note 1, *supra*, the Court has reviewed the record created by the parties on this issue and does not intend to take any action concerning the various allegations of impropriety. Instead, the Court has focused its review on whether the record shows that MRI incurred excess attorney's fees as a result of the vexatious conduct identified in the April 20th decision.

Finally, the defense argues that several entries appear to involve time spent on matters that are unrelated to the sanctionable conduct identified by the Court in its April 20, 2020 decision. [*See* Defs.' Mem. at 8-9.] These specific challenges are subsumed within the ultimate task before the Court, namely reviewing the billing records submitted by Mr. Morris to determine the excess fees and costs attributable to Mr. Loftus's specific conduct the Court identified as being vexatious.

Based on its review of the matter as a whole the Court has determined that $25,000 represents an appropriate § 1927 sanction for the excess attorney's fees MRI incurred because of Mr. Loftus's vexatious conduct identified in the April 20, 2020 decision. Included are the nearly $5,000 in attorney's fees reflected in Mr. Ella's supplemental petition. The Court has specifically excluded the $1,250 for the April 9, 2019 and April 16, 2019 time entries from Mr. Morris's supplemental fee petition. And the Court has included $9,500 corresponding to the challenged entries from late April and early May 2019 that are specifically discussed above.

The remaining reductions from the $50,150 in attorney's fees requested by Mr. Morris in his supplemental fee petition reflect the Court's best effort to identify specific tasks plaintiff's counsel was forced to undertake as a result of Mr. Loftus's vexatious behaviors. The Court has determined that some of the entries in Mr. Morris's supplemental fee petition cannot be linked with certainty to the sanctionable conduct and others should be reduced for the same reasons. The billing records as a whole and the

9

Court's considerable familiarity with the progress of this litigation supports the conclusion that the sanctions recommended pursuant to section 1927 are appropriate. *See Romeo and Juliette Laser Hair Removal, Inc. v. Assara I, LLC*, No. 08 Civ. 442(TPG)(FM), 2013 WL 3322249, at *3 (S.D.N.Y. July 2, 2013) ("As a concession to the mortality of judges, the law does not require a line-item review of fee applications.") (quotations omitted). It is likely that Mr. Loftus's conduct has forced MRI to incur greater attorney's fees than those recommended as a sanction in this decision, but the conservative $25,000 figure here reflects the seriousness of the misconduct and provides a fair reimbursement to MRI. Moreover, the substantial reduction reflected in this supplemental recommendation is not intended to imply that Mr. Morris sought an excessive sanction.

Accordingly, this Court issues the following **SUPPLEMENTAL RECOMMENDATION**. The District Court should issue an Order, pursuant to 28 U.S.C. § 1927, requiring counsel for the defendants, Alexander Loftus, to pay the plaintiff $25,000 for the attorney's fees plaintiff incurred as a result of the conduct discussed in Part II.B.1 of the April 20, 2020 Order and Report and Recommendation.

### III.   Time for Objections

As noted in the April 20, 2020 Order and Report and Recommendation, the Court determined that the time for filing objections to that decision should be suspended until after the Court issued this supplemental Order and Report and Recommendation. Consistent with that determination, any objection to the April 20, 2020 decision, this supplemental decision, or both must be filed within 14 days of this Supplemental Order and Report and Recommendation.

Date: May 27, 2020

        *s/Katherine Menendez*
        Katherine Menendez
        United States Magistrate Judge