UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Management Registry, Inc.,

                    Plaintiff,

v.

A.W. Companies, Inc., et al.,

                    Defendants.

Case No. 0:17-cv-5009-JRT-KMM

**DEFENDANTS' AND COUNSEL'S
COMBINED OBJECTIONS TO
THE APRIL 20, 2020 AND
MAY 27, 2020 REPORTS AND
RECOMMENDATIONS ISSUED BY
MAGISTRATE JUDGE MENENDEZ**

---

# **TABLE OF CONTENTS**

**Page(s)**

I.      FACTUAL AND PROCEDURAL BACKGROUND ............................................. 1

      A.      The June 3, 2019 Motion to Compel, August 13, 2019 Motion
           for Sanctions, and Orders Related to Enforcement ..................................... 1

      B.      The October 24, 2019 Motion to Compel ..................................................... 4

      C.      Defendants' Counsel's Purported Failure to Meet and
           Confer Prior to Filing Motions to Compel ................................................... 6

      D.      The September 3, 2019 Motion to Strike ...................................................... 8

      E.      Failure to Provide Affidavit Regarding Production ...................................... 8

      F.      Bates Number of Documents as "Irrelevant Non-Responsive
           Misc. Invoices" ............................................................................................. 9

II.     LEGAL STANDARD FOR OBJECTION ............................................................ 10

III.    ARGUMENT ........................................................................................................ 10

      A.      No Rule 37 Sanctions Should Have Been Imposed as a
           Result of Either of MRI'S Motion to Compel or Orders Thereon ............. 10

           1.      Defendants complied with all applicable rules of civil
                 procedure and produced the documents requested ........................... 10

      B.      No Sanctions Should be Awarded Because Defendants' Conduct
           Was Not Willful, Defendants Were Substantially Justified in Their
           Position, and There Was No Attempt By MRI's Counsel to Meet and
           Confer Prior to Raising the Issues Whether By Motion or Reply .............. 12

      C.      The Sanctions Awarded Were Far in Excess of What was
           Necessary and Cumulative of Other Sanctions Not Addressed in
           This Objection ............................................................................................. 16

      D.      No 28 U.S.C. § 1927 Sanctions Should be Imposed ................................... 20

IV.     CONCLUSION .................................................................................................... 27

# TABLE OF AUTHORITIES

**Cases**                                                                              **Page(s)**

*Avionic Co. v. Gen. Dynamics Corp.*,
    957 F.2d 555 (1992) ................................................................................................ 16

*Best Buy Stores, L.P. v. Developers Diversified Realty Corp.*,
    2008 WL 2439850 (D. Minn. 2008) ...................................................................... 19

*Charczuk v Comm'r*,
    771 F.2d 471 (10th Cir. 1985) .............................................................................. 20

*Coral Grp., Inc. v. Shell Oil Co.*,
    286 F.R.D. 426 (W.D. Mo. 2012) ......................................................................... 18

*FM Indus. v. Citicorp Credit Servs.*,
    614 F.3d 335 (7th Cir. 2010) ................................................................................ 25

*Fox v. Studebaker-Worthington, Inc.*,
    516 F.2d 989 (8th Cir. 1975) ................................................................................ 19

*Freeman v. County of Bexar*,
    142 F.3d 848 (5th Cir. 1998) ................................................................................ 10

*Hanley v. Condrey*,
    467 F.2d 697 (2d Cir. 1972) ................................................................................. 20

*Johnson v. Cherry*,
    422 F.3d 540 (7th Cir. 2005) ................................................................................ 20

*Johnson v. Ready Mixed Concrete Co.*,
    424 F.3d 806 (8th Cir. 2005) ........................................................................ 19, 21

*Jones v. UPS*,
    460 F.3d 1004 (8th Cir. 2006) .............................................................................. 21

*Joseph V. Edeskuty & Assocs. v. Jacksonville Kraft Paper Co., Inc.*,
    702 F. Supp. 741 (D. Minn. 1988) ....................................................................... 24

*Keefer v. Provident Life & Accident Ins. Co.*,
    238 F.3d 937 (8th Cir. 2000) ................................................................................ 16

*Kiefel v. Las Vegas Hacienda, Inc.*,
    404 F.2d 1163 (7th Cir. 1968) .............................................................................. 26

*Kilpatrick v. King*,
    2005 U.S. Dist. LEXIS 32693 (D. Neb. 2005) .................................................... 18

*Knorr Brake Corp. v. Harbil, Inc.*,
    738 F.2d 223 (7th Cir. 1984) ................................................................................ 20

*Lael v. Six Flags Theme Parks, Inc.*,
  2014 WL 4092261 (E.D. Mo. Aug. 15, 2014) ............................................................ 12

*Lee v. L.B. Sales, Inc.*,
  177 F.3d 714 (8th Cir. 1999) ..................................................................................... 21

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Inc.*,
  2017 WL 8947185 (D. Minn. Feb. 3, 2017) ............................................................... 21

*Morris v. Union Pac. R.R. Co.*,
  373 F.3d 896 (8th Cir. 2004) ..................................................................................... 19

*N.A.A.C.P. v. Atkins*,
  908 F.2d 336 (8th Cir. 1990) ..................................................................................... 24

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*,
  427 U.S. 639 (1976) ................................................................................................... 16

*Ramirez-Cruz v. Chipotle Servs., LLC*,
  2017 U.S. Dist. LEXIS 128149 (D. Minn. 2017) ....................................................... 12

*Ramirez-Cruz v. Chipotle Servs., LLC*,
  2017 WL 8947191 (D. Minn. May 11, 2017) ............................................................. 21

*Rojas v. Town of Cicero*,
  775 F.3d 906, 2015 U.S. App. LEXIS 72 (7th Cir. 2015) .......................................... 18

*Sandoval v. Am. Bldg. Maint. Inds., Inc.*,
  267 F.R.D. 257 (D. Minn. 2007) ................................................................................ 12

*Stevenson v. Union Pac. R.R.*,
  354 F.3d 739 (8th Cir. 2004) .................................................................................. 18-19

*Technitrol, Inc. v. Digital Equipment Corp.*,
  62 F.R.D. 91 (N.D. Ill. 1973) ..................................................................................... 15

*United States v. 1948 South Martin Luther King Drive*,
  270 F.3d 1102 (7th Cir. 2001) ................................................................................... 20

*W. Va. v. Chas. Pfizer & Co.*,
  440 F.2d 1079 (2d Cir. 1971) ..................................................................................... 24

*Wallace v. Skadden, Arps, Slate, Meagher & Flom, LLP*,
  362 F.3d 810 (D.C. Cir. 2004) ................................................................................... 10

*White v. Gen. Motors Corp.*,
  908 F.2d 675 (10th Cir. 1990) ............................................................................... 17-18

*Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll.*,
  103 F.3d 294 (3d Cir. 1996) ...................................................................................... 20

**Statutes**

28 U.S.C. § 1927 ................................................................................................*passim*

Defendants, A.W. Companies, Inc., Allan K. Brown, and Wendy Brown and their Counsel Alexander Loftus respectfully submit the following objections to the April 20, 2020, and May 27, 2020, Reports and Recommendations issued by Magistrate Judge Menendez. (Dkt. ## 404, 422).[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Based upon the detailed recitation of facts in the Order of January 16, 2018 (Dkt. # 98 at 3-7) and Order of January 30, 2020 (Dkt. #381), this Court is well acquainted with the alleged facts underlying this case and little has factually changed since the injunctive relief was denied. It remains a fairly ordinary commercial dispute between a large cooperation versus several individuals and a fledgling company. Unfortunately, the discovery process has not been ordinary.

### A.    The June 3, 2019 Motion to Compel, August 13, 2019 Motion for Sanctions, and Orders Related to Enforcement.

On June 3, 2019, MRI filed a motion to compel. (Dkt. # 219). In response, Defendants, via Mr. Moore, zealously argued that documents had been produced in full by the predecessor firm, attached an affidavit confirming the complete production, then offered to assist in accommodating any formatting needs of MRI. (Dkt. # 228). At the hearing on the motion, attended by Mr. Loftus, Mr. Morris put on a presentation for the Court regarding the trouble in accessing the documents produced. Mr. Loftus acknowledged the difficulties presented with the technology, as he was having the same

---

[1] For brevity Allan Brown is referred to as "Al", Wendy Brown is referred to as "Wendy," Milan Batinich is referred to as "Milan," Management Registry, Inc. is referred to as "MRI," and A.W. Companies, Inc. is referred to as "A.W."

issues at that time, and offered to provide assistance in resolving these issues, as Mr. Moore had stated in Defendants' Response Brief.

Not long thereafter, Defendants' counsel engaged the necessary third parties to access and review the documents that were previously produced, and it became readily apparent that all were originally produced in the proper format but an overlay download was necessary for the documents to be viewed in the system utilized by MRI. (Dkt. # 228-3). On July 3, 2019, an overlay that ought to have cured the issue was delivered but it could not be employed because, as Mr. Morris communicated directly to Defendants' electronic discovery vendor that day, "the number of Bates Numbered pages does not match (your production has more than our production). So, we cannot use the overlay." (Dkt. # 258).

Unfortunately, there was some problem on MRI's side in viewing the documents with the overlay correcting the errors. Communicating this point and determining what the problem was in reviewing the discovery created much of the morass of this case. On July 26, 2019, Mr. Loftus sent a letter to Mr. Morris detailing this issue of a filing missing from MRI's collections with great particularity. (Dkt. # 260). Attached to this letter was an affidavit by Defendants' discovery vendor detailing the completed production, recounting a call with MRI's vendor, and explaining the likely source of the problem causing MRI to be unable to view all the documents. Mr. Morris disagreed with the facts presented. (Dkt. #261). The Magistrate Judge entered an order in response to all of this wherein she discussed the possibility of an evidentiary hearing on the myriad of factual disputes and Mr. Morris' repeated accusations of misrepresentations. (Dkt. # 269).

On August 5, 2019, the missing file, previously sent in February 2019, was resent but unfortunately it wound up in Mr. Morris' spam folder which led to more rancor. The file was finally downloaded by MRI's counsel on August 14, 2019—two days after the date Defendants were ordered to ensure compliance. (Dkt. # 269). MRI's counsel Sharon Morris immediately expressed trouble with the download and Mr. Loftus responded: "Okay. Would you like to speak directly with our vendor about this? Should we communicate directly with your vendor?" (O'Malley Decl. Ex. A (August 18, 2019 Letter to Magistrate Judge Menendez)). This offer of technical assistance was not accepted. Later that day Mrs. Morris expressed more concerns and Mr. Loftus replied, "You or anyone at Logicul [*sic*] can talk/email directly with my vendor if you need more help or direction on this." This offer of assistance was not accepted. Mrs. Morris expressed more technical concerns the following day and Mr. Loftus replied, "Again, if you'd like assistance with this our vendor is available to help you or your vendor. All works fine on our end and downloaded swiftly as can be expected for a file this size." (*Id.*). This offer of technical assistance was not accepted.

On August 13, 2019, MRI moved for dispositive sanctions based on the alleged failure to provide electronic discovery which was being produced via the overlay discussed above. The motion was filed when the documents were in MRI's counsel's spam folder. As argued at length in response to that motion, there was no meet and confer as required by the Local Rules before MRI filing the motion. Had MRI complied with its meet-and-confer obligations, it would not have needed to file the motion because counsel could have worked together to discover the documents sitting in the spam folder. (Dkt. # 290). MRI's

counsel did not download the responsive documents, delivered weeks earlier, until after MRI filed its motion seeking relief premised on the alleged failure to deliver these documents or provide technical assistance in accessing the documents after delivery.

Nevertheless, the Court heard MRI's sanctions motion on September 10, 2019, and Mr. Moore came prepared to argue the issues presented in it, limited to the alleged failure to produce documents and the alleged failure to provide technical assistance, both of which were resolved, hence a great opportunity for a young attorney to argue. Since the issues raised in the motion were resolved, Mr. Morris pivoted at the hearing and addressed myriad concerns not raised in the motion nor previously discussed. Mr. Moore, although providing the vast majority of the labor on the file to this point, was not prepared for these newly raised issues, and the hearing went poorly with the Magistrate Judge entering a sweeping Order covering matters far afield from the relief originally sought. (Dkt. # 300).

That matters discussed in this first section resulted in $66,018.93 in sanctions against Defendants and their counsel, Mr. Loftus.

**B.    The October 24, 2019 Motion to Compel.**

Much like MRI's sanctions motion (Dkt. #280) discussed above, on October 24, 2019 MRI filed a sweeping motion to compel seeking extraordinary relief without previously complying with its meet-and-confer obligations. (Dkt. # 344). Defendants' response to the motion explained:

> Mr. Loftus, especially since the transfer of the laboring oar on this case to him, doggedly pursued every possible way to help Plaintiff and persisted despite Plaintiff's sweeping allegations. Defendant's counsel repeatedly offered assistance and asked to

> talk by phone rather than trade inciting emails or file needless
> motions.

(Dkt. # 349).

These attempts to resolve the issue are explained in detail in Defendants Response brief which argues MRI's motion ought to have been denied due to the failure to meet and confer and that the issues were moot. (*Id.*) Once the technical issues were resolved and MRI could access the documents, MRI again pivoted without notice and made an entirely different argument in a sweeping 28-page Reply. (Dkt. #353). Defendants moved to strike MRI's Reply noting the Local Rule prohibiting replies on non-dispositive motions and again requesting the Court deny the motion without prejudice so the new issues raised, never before discussed by MRI, could be addressed before burdening the Court. (Dkt. # 354). The Magistrate Judge denied Defendants' motion to strike and took up all the issues raised in the Reply at the hearing without giving Defendants an opportunity to file a sur-reply. Based on the issues raised for the first time in the Reply, the Magistrate Judge entered sanctions against Defendants as described below.

The October 24, 2019 motion was heard on November 14, 2019, and although the only issue presented was the blanket assertion that no documents were produced and that technical issues had been resolved enabling the receipt of the documents sought in MRI's initial motion, the Court overruled numerous objections asserted by Defendants (primarily on the basis of overbreadth and relevance made in order to limit cost rather than withhold relevant evidence) that were never briefed or raised in the motion. Defendants had long

since exceeded their capacity for spending on electronic discovery and the only reason to object at all was to avoid the burdensome expense. (Wendy Brown Declaration ¶ 13.)

In response to the Magistrate Judge's November 15, 2019 Order on MRI's motion to compel, Defendants gave up on withholding anything and, as discussed more fully below, attempted to preserve objections whether by producing documents as attorneys' eyes only or marking the documents as non-responsive whether via electronic coding or bates numbers. Defendants produced every single text message between husband and wife, Al and Wendy Brown, and numerous other personal text messages without withholding anything based on relevance or responsiveness. Defendants coordinated the production of emails from employees' personal email accounts and declarations regarding that production again without agreeing they had "possession and control" of the accounts. Defendants produced over one hundred thousand emails previously not produced, despite them not being relevant or responsive to the case, purely to avoid further accusations and motions by MRI about unproduced documents. Defendants produced every bit of personal and business financial data regardless of its remote relevance to a 2017 business break up.

That matters discussed in this second section resulted in $20,000 in sanctions against Defendants and their counsel, Mr. Loftus.

### C.    Defendants' Counsel's Purported Failure to Meet and Confer Prior to Filing Motions to Compel.

Prior to Mr. Loftus and Mr. Moore entering the case in April 2019, Defendants had previously filed a motion to compel in June 2018 (Dkt. # 136) and, although being granted in part, no additional documents had been produced. Predecessor counsel pursued this issue

for some time with multiple calls and letters and Defendants were very eager to have their new counsel engage on this issue immediately upon retention. The first step in securing the outstanding discovery was a letter on April 18, 2019 detailing the deficiencies and prior attempts to meet and confer. (O'Malley Decl. Ex. B (April 18, 2019 Letter)). This was followed up with another letter on April 22, 2019 providing more recitation of predecessor counsel's efforts. (O'Malley Decl. Ex. C (April 22, 2019 Letter)). The parties then engaged in a circle of Mr. Loftus attempting to get on the phone with Mr. Morris and Mr. Morris imposing conditions on even having a call (thereby preventing Defendants' counsel from fully meeting and conferring), all without ever addressing why the documents had not been produced. (*See* Dkt. # 233-2). Mr. Loftus could have been more patient during this April dance of trying to get Mr. Morris on the phone but as is now clear it is an exceptional challenge no matter who is attempting it. (*See* Dkt. # 420, emails showing the undersigned's similar attempts to secure agreement on an extension with Mr. Morris).

After the first go around, Mr. Loftus assigned the challenging task of meeting and conferring over the outstanding production to Mr. Moore, who proceeded in earnest but to no avail. On May 10, 2019, Mr. Moore talked to Mr. Morris by phone and Mr. Morris did not agree to produce the documents requested and the parties did not agree to an alternative. Mr. Morris, in his personal opinion, did not consider this "a true meet and confer" on the issue of his production because Mr. Moore had not personally reviewed the documents yet. Mr. Moore then asked to discuss this in person at depositions he was defending and Mr. Morris refused. He again refused to discuss the issue at the deposition. (Dkt. # 233). At this

point Defendants' counsel believed they had no choice but to proceed with filing the motion and noting in the record their efforts to meet and confer. (*Id*.).

Mr. Loftus was sanctioned pursuant to § 1927 for bringing the motion to compel without securing a fruitful meet and confer prior to filing.

### D.     The September 3, 2019 Motion to Strike.

On August 30, 2019, Defendants filed an opposition to MRI's motion for sanctions for failure to produce documents in a usable format. (Dkt. # 292). The gravamen of the opposition was based on application of a very high standard of seeking dispositive relief in the motion for sanctions and each argument against sanctions was premised on this standard.  On August 19, 2019, the Magistrate Judge recommended MRI amend the motion to seek some lesser relief. (Dkt. # 287).  Eleven days later and just four hours after Defendants filed their opposition to MRI's motion, MRI changed the relief it was seeking (Dkt. #291), which necessarily required a different response by Defendants to a different standard. Rather than file an additional response without leave from the Court, the next business day, the Tuesday following the Labor Day Holiday, Defendants moved to strike MRI's newly constituted motion and, in the alterative, sought leave to file an additional brief responding to the new standard. (Dkt. # 292).

The Magistrate Judge denied Defendants' motion to strike and sanctioned Mr. Loftus pursuant to § 1927.

### E.     Failure to Provide Affidavit Regarding Production.

Mr. Loftus did fail to provide his own affidavit as ordered. It proved cumbersome and incredibly time consuming to personally review all the discovery produced himself as

ordered and the affidavits were to be completed between January 29 and February 11, 2020, during which time Mr. Loftus tried a jury trial in Hennepin County the first week of February. (Dkt # 384). In hindsight, it would have been better to object to the Order at that time rather than not follow it and seek forgiveness later.

Mr. Loftus complied after further order and spent four days reviewing the discovery (Dkt. # 391) but was sanctioned pursuant to § 1927 for not submitting his own affidavit earlier.

### F. Bates Number of Documents as "Irrelevant Non-Responsive Misc. Invoices".

The Order is factually correct—documents that Defendants argued were irrelevant and non-responsive were labeled accordingly. The same was true with over 130,000 other documents produced through our discovery vendor which were not marked as responsive to any request and no sanctions were awarded based on this submission weeks prior. When producing without the aid of the vendor's system the simplest way to designate that these were designated as non-responsive was to note this in the Bates labeling.  The Magistrate Judge reached the unsupported conclusion that the documents were labeled this way as some expression of frustration and entered an Order chastising Mr. Loftus on this minor point. MRI was also given an unmarked copy for use at trial and as noted these documents will likely never be used.

Mr. Loftus was sanctioned pursuant to § 1927 for this Bates Labeling.

## II.      LEGAL STANDARD FOR OBJECTION

Upon the filing of a report and recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* D. Minn. LR 72.2(b). The District Court may review *de novo* any portion of an R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). Any legal conclusions are reviewed *de novo. Wallace v. Skadden, Arps, Slate, Meagher & Flom, LLP,* 362 F.3d 810 (D.C. Cir. 2004). The "District court has wide discretion to consider and reconsider magistrate judge's recommendation, and in course of performing such open-ended review, district court need not reject newly proffered evidence simply because it was not presented to magistrate judge; district court's discretion should be at least as broad as that conferred on district court to determine FRCP 59(e) motions for reconsideration of its own rulings." *Freeman v. County of Bexar*, 142 F.3d 848 (5th Cir. 1998).

The review of sanctions assessed based on the October 24, 2019 motion to compel, the August 13, 2019 motion for sanctions, and 28 U.S.C. § 1927 sanctions can be resolved based on legal questions alone and should be reviewed *de novo.*

## III.     ARGUMENT

### A.      No Rule 37 Sanctions Should Have Been Imposed as a Result of Either of MRI'S Motion to Compel or Orders Thereon.

#### 1.      Defendants complied with all applicable rules of civil procedure and produced the documents requested.

The applicable rules provide as follows:

A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) If a request does not specify a form for producing electronically stored information, **a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms**; and

(iii) **A party need not produce the same electronically stored information in more than one form**.

F.R.C.P. 34 (e) (emphasis added).

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and **<u>proportional to the needs</u> of the case, considering the importance of the issues at stake in the action, <u>the amount in controversy</u>, the parties' relative access to relevant information, <u>the parties' resources</u>, the <u>importance of the discovery</u> in resolving the issues, and whether the burden or expense of the proposed discovery <u>outweighs its likely benefit</u>**.

F.R.C.P. 26(b)(1) (emphasis added).

As detailed above and confirmed in affidavits provided by employees of Mr. Loftus' predecessor firm and third-party electronic discovery vendor the documents were produced and eventually reproduced in a form acceptable to MRI. The issue here was over the form that was initially viewable by MRI's counsel, later fully cured by Defendants. Written discovery was done and done well by predecessor counsel. This is an ordinary commercial dispute between a large corporation and several individuals and a fledgling business. The discovery ought to have been proportionate to the case and the parties' finite resources.

11

**B.      No Sanctions Should be Awarded Because Defendants' Conduct Was Not Willful, Defendants Were Substantially Justified in Their Position, and There Was No Attempt By MRI's Counsel to Meet and Confer Prior to Raising the Issues Whether By Motion or Reply.**

A prerequisite to imposition of the sanctions authorized by its terms, is a failure to provide information or identify a witness as required by Rule 26(a) (governing initial disclosures) or Rule 34. *See* Fed. R. Civ. P. 37(c)(1). *Ramirez-Cruz v. Chipotle Servs., LLC*, 2017 U.S. Dist. LEXIS 128149, at *35 (D. Minn. 2017). In this case, there was no failure to provide information in response to the June 3, 2019 motion to compel. Instead, it was simply a question of curing the technical issue which as discussed above was due to a failure to save a file transmitted on February 7, 2019. (Dkt. # 262). This is not a proper basis for sanctions.

The controlling rules permit the imposition of sanctions "[i]f a party . . . fails to obey an order to provide or permit discovery." F.R.C.P. 37(b)(2)(A).  Only willful attempts to ignore a court order that are prejudicial are sanctionable. *Sandoval v. Am. Bldg. Maint. Inds., Inc*., 267 F.R.D. 257 (D. Minn. 2007). Only disobedient parties are sanctioned. F.R.C.P. 37(b)(2)(C); *Lael v. Six Flags Theme Parks, Inc*., 2014 WL 4092261, at *5 (E.D. Mo. Aug. 15, 2014) ("'There is a preference in the federal system that trials be determined on the merits' and not on constructions of the Federal Rules of Civil Procedure that operate to unnecessarily deprive a party of its right to have a merits-based determination of a claim." (*quoting Talbert v. City of Chicago*, 236 F.R.D. 415, 419 (N.D. Ill. 2006))). Unfortunately, despite Defendants making every effort to comply with the Orders to aid

MRI's counsel in reviewing the documents produced, MRI succeeded in the goal of achieving sanctions.

Under F.R.C.P. 37(a)(5)(A), if the court grants a motion to compel discovery responses, or if the responding party provides the requested discovery "after the motion was filed, the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion." F.R.C.P. 37(a)(5)(A). A court must not order this payment, however, if the movant failed to confer or attempt to confer in good faith prior to filing the motion. F.R.C.P. 37(a)(5)(A)(i). Similarly, if the party opposing the motion had a substantial justification for failing to make a response or if "other circumstances make an award of expenses unjust," the court must not order the payment of expenses. F.R.C.P.  37(a)(5)(A)(ii)-(iii).

No sanctions should be awarded based on MRI's June 3, 2019 motion to compel pursuant to F.R.C.P. 37(a)(5)(A)(ii)-(iii). Defendants produced the responsive documents in a form allowed by Rule and the only issue was MRI's ability to view the documents. It became clear MRI's challenge in viewing the documents was by no fault of Defendants or Mr. Loftus, but was instead a technical mistake in downloading documents in February 2019. (Dkt # 262). This should certainly qualify as "substantial justification" or "other circumstances".

The Magistrate Judge entered further orders based on the June 3, 2019 motion to compel that were complied with or at least the non-compliance was justified.  The Magistrate Judge entered Orders requiring the parties' technical advisors to communicate

directly which was done. (Dkt # 260) The Magistrate Judge also ordered a supplemental production be completed and confirmed by a date certain. Unfortunately, although the documents were timely sent on August 5, 2019, they were not downloaded by MRI until after the date to ensure compliance had passed. Certainly Defendants and Mr. Loftus were substantially justified in not securing compliance with the production until after MRI's counsel retrieved them from his spam folder and downloaded the files and no sanction should be awarded based on this non-compliance that was out of Defendants' control. Again, there was no attempt to meet and confer prior to the August 12, 2019, motion for sanctions. (Dkt. # 290-1).

No sanctions should be awarded based on the October 24, 2019 motion to compel pursuant to F.R.C.P. 37(a)(5)(A)(i). MRI made no attempt to meet and confer prior to filing this motion. (Dkt. # 346). The Meet and Confer statement submitted by MRI simply states: "That all efforts to resolve the within dispute, prior to seeking relief herein, dating back to September, 2018, have failed, resulting in MRI's motion to compel filed on June 3, 2019, a second Motion to Compel filed on August 13, 2019, as well as several Orders and Minute Entries by the Court." (Dkt. # 346). After MRI filed its motion, Defendants and Mr. Loftus made repeated and diligent attempts to cure MRI's concerns. (Dkt. # 349)*. By the time of filing a response to the motion the issues addressed in the motion were resolved and it should have been moot. *Id.* Then, without any further attempt to resolve the issues without Court intervention, Mr. Morris submitted, without obtaining the required permission from the Court, a 28-page Reply Brief, raising a host of additional issues that were never previously discussed. The Magistrate Judge denied Defendants' motion to strike this Reply

14

or to give Defendants an opportunity to submit a written response to the wide ranging new grievances raised. (Dkt. # 359).

This is a purely legal question to which *de novo* review can be applied. There is no question that no attempt to meet and confer was made prior to the October 24, 2019 motion and certainly not prior to the Reply adding a host of new concerns. Defendants respectfully submit that the Magistrate Judge did not follow F.R.C.P. 37 (5)(a)(1), which provides in part: "the court **must not** order this payment [of fees] if the movant filed the motion **before attempting in good faith to obtain the disclosure or discovery without court action**". The failure to meet and confer and the Reply, which can legitimately be described as sandbagging, are detailed well in the record and this Court can correct this without any review of the factual conclusions reached by the Magistrate Judge to correct this error.

Finally, despite the shifting demands clarified only in Reply and the hearing on the motion, Defendants turned over absolutely everything no matter its relevance or responsiveness including over 130,000 documents previously marked as non-responsive by predecessor counsel, complete unabridged text messages between Al and Wendy Brown, and facilitated the production of employee emails with individual declarations of completeness. *See Technitrol, Inc. v. Digital Equipment Corp.*, 62 F.R.D. 91 (N.D. Ill. 1973) ("Plaintiff's opening of its files to defendant represents good faith attempt to answer interrogatories sufficient for court to deny defendant's motion for expenses and attorney's fees in connection with its motion to compel plaintiff to answer interrogatories"). There is simply no legal basis for a sanction based on Defendants' good faith responses to the October 24, 2019 motion to compel and Orders thereon.

**C.    The Sanctions Awarded Were Far in Excess of What was Necessary and Cumulative of Other Sanctions Not Addressed in This Objection.**

Assuming *arguendo* there is some legal basis for sanctions, in fashioning a sanction, a court need not "impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Keefer v. Provident Life & Accident Ins. Co*., 238 F.3d 937, 941 (8th Cir. 2000) (citation omitted). Such discretion, however, "is bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in the order to provide discovery." *Avionic Co. v. Gen. Dynamics Corp*., 957 F.2d 555, 558 (1992) (citation omitted). That is not what occurred here. Instead the Magistrate Judge ordered the most extreme sanctions short of dismissal in response to these discovery disagreements and Defendants' good faith attempts to work with MRI, whose goal has seemed to be to achieve sanctions rather than gather evidence necessary to prove or defeat claims.

 "The sanction imposed must be fair and tailored to the issue raised by the discovery order." *Id*. (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982); *Keefer*, 238 F.3d at 941). "[T]he most severe in the spectrum of sanctions provided by statue or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc*., 427 U.S. 639, 643 (1976). In response to the June 3, 2019 motion to compel, the Magistrate Judge entered a heavy sanction, not addressed in the Report and Recommendation presently before this Court, which was more

16

than sufficient to remedy the conduct she found to violate the Rules. The Magistrate Jude ordered that MRI could re-depose Wendy Brown, Al Brown, Andrea Smith, and A.W. Companies, Inc. at Defendants' expense. (Dkt. # 239). MRI took those depositions. This is a heavy sanction and were any additional documents discovered this would more than solve the problems the Magistrate Judge believed existed. Any further sanction is unnecessary as a result of the June 3, 2019 motion to compel and subsequent orders based thereon.

The total monetary sanctions imposed also are excessive. Defendants lack the means to satisfy the awards. *White v. Gen. Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990) ("Inability to pay what the court would otherwise regard as an appropriate sanction should be treated as reasonably akin to an affirmative defense, with the burden upon the parties being sanctioned to come forward with evidence of their financial status."). Wendy and Allan Brown had combined income of less than $30,000 in 2019. (Declaration of Wendy Brown; Declaration of Allan Brown). They have no assets that could be used to pay a sanction. Each have 401k retirement accounts with less than $40,000 and some equity in their home but no other assets. Milan Batinich is fairly compensated by A.W. Companies totaling over $80,000 last year but has less than $1,500 in savings to pay any sanction. (Declaration of Milan Batinich).

Defendants have paid nearly $1,000,000 in legal fees and costs in defending this action. (Declaration of Wendy Brown; Declaration of Allan Brown). They owe $240,000 to prior counsel on this case who agreed to deferred payment. Defendants were most recently represented by a large, very competent Minneapolis firm who did excellent work but when it became clear the case could not possibly be resolved for an amount they could

afford, they retained Mr. Loftus on a discounted flat monthly fee for all litigation related to MRI spread over several forums. *Id.*

Less than one quarter of the total fees incurred have been paid to Mr. Loftus' firms. This total is inclusive of representing Defendants in litigation in Illinois, Kentucky, and through jury trial in Hennepin County, all related to this case. *See id.* Despite this case and related litigation completely mushrooming beyond what could have been expected for what should have been a fairly routine commercial dispute, Mr. Loftus has stuck to the agreed fee cap and even reduced it further in order to accommodate more involvement by local counsel as mandated by the Magistrate Judge. Unlike most instances of alleged multiplication of litigation, with the limitation on fees agreed to, the increased labor and required additional involvement of local counsel and discovery vendors has turned what was a workable fee engagement into something wholly unprofitable for Mr. Loftus' firms. This is a relevant consideration. *See Rojas v. Town of Cicero,* 775 F.3d 906, 909, 2015 U.S. App. LEXIS 72, *4-5 (7th Cir. 2015) (no monetary sanctions awarded when counsel already "out of pocket" due to alleged misconduct).

The Magistrate Judge's imposition of an adverse jury instruction also is not supported by the facts and is cumulative of the prior sanction awarded. First, Defendants repeatedly tried to accommodate MRI's discovery demands and eventually produced everything regardless of its relevance or responsiveness. There was never a finding that any non-responsive document not included in predecessor counsel's production was information that was not helpful to Defendants' position. The case law in this circuit for imposing the sanction of adverse instructions should serve as a guide for sanctions in this

18

matter. The sanction of adverse instructions or testimony about document productions arises from spoliated evidence. *Stevenson v. Union Pac. R.R*., 354 F.3d 739, 745 (8th Cir. 2004); *Coral Grp., Inc. v. Shell Oil Co*., 286 F.R.D. 426 (W.D. Mo. 2012); *Kilpatrick v. King*, 2005 U.S. Dist. LEXIS 32693, at *21 (D. Neb. 2005). Adverse inference instructions are typically given as sanctions when a party has intentionally destroyed evidence to suppress the truth. *See, e.g., Johnson v. Ready Mixed Concrete Co*., 424 F.3d 806, 811 (8th Cir. 2005); *Morris v. Union Pac. R.R. Co*., 373 F.3d 896, 901 (8th Cir. 2004); *Stevenson v. Union Pac. R.R. Co*., 354 F.3d 739, 746 (8th Cir. 2004).

In this case MRI does not contend that Defendants have concealed or destroyed relevant documents. Rather, the R & R essentially states that Defendants have been difficult to work with. This does not support the adverse instruction recommended by the Magistrate Judge. *Best Buy Stores, L.P. v. Developers Diversified Realty Corp*., 2008 WL 2439850 (D. Minn. 2008). An adverse inference instruction, which "brands one party as a bad actor," is an incredibly grave instruction. *Morris v. Union Pac. R.R*., 373 F.3d 896, 900 (8th Cir. 2004). An instruction of this sort will taint the entire case and take the job of weighing credibility away from the finder of fact. *See Fox v. Studebaker-Worthington, Inc.*, 516 F.2d 989, 996 (8th Cir. 1975) ("There is a strong policy favoring a trial on the merits and against depriving a party of his day in court."). The parties made jury demands and agree a jury should make the credibility determinations. This R & R inappropriately invades the province of the jury.

### D.    No 28 U.S.C. § 1927 Sanctions Should be Imposed

"Any attorney . . . who so **multiplies the proceedings** in any case unreasonably and **vexatiously** may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added). The purpose of § 1927 sanctions is to punish an attorney who expands the litigation. Even if all the factual conclusions in the R&R are correct, that is not the conduct the Magistrate Judge is recommending be punished. Instead, viewed as a whole, Mr. Loftus was consistently trying to pragmatically streamline and eliminate issues. He had every incentive to do so—his limited fee arrangement mandated minimizing rather than expanding the work on this matter.

The inherent flaw with the Magistrate Judge's R&R, which is a purely legal question requiring reversal on a *de novo* basis, is the lack of due process afforded to Mr. Loftus. For a § 1927 sanction to be sustained, counsel must be afforded notice and an opportunity to defend. *See Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll.,* 103 F.3d 294 (3d Cir. 1996); *Hanley v. Condrey*, 467 F.2d 697 (2d Cir. 1972); *Knorr Brake Corp. v. Harbil, Inc*., 738 F.2d 223 (7th Cir. 1984) ("Before court may assess fees under 28 USCS § 1927, court should provide counsel with some opportunity to be heard"); *Charczuk v Comm'r*, 771 F.2d 471 (10th Cir. 1985). Here, sanctions were sought against Defendants only for some discrete issues and the Magistrate Judge *sua sponte*, without notice, resolved numerous factual questions and assessed credibility without a hearing or opportunity to defend the harshest sanctions. The lack of any opportunity to respond to these serious charges with implications beyond this case and $25,000 necessitates their reversal as a matter of law.

*Johnson v. Cherry*, 422 F.3d 540 (7th Cir. 2005), is analogous and persuasive here, where the Seventh Circuit vacated an award of sanctions pursuant to § 1927 because the attorney was not given an opportunity to respond. The court cited *United States v. 1948 South Martin Luther King Drive*, 270 F.3d 1102, 1115-16 (7th Cir. 2001): "Providing such notice and a hearing prevents misunderstandings between the offending party and the sanctioning judge, provides an orderly manner and calm forum in which each party has had time to prepare adequately, and certainly aids our review on appeal." Like the attorney in *Johnson*, Mr. Loftus was never afforded the opportunity to show why he should not be sanctioned on those grounds.

 "[T]he statute permits sanctions when an attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Jones v. UPS*, 460 F.3d 1004, 1011 (8th Cir. 2006)  (internal quotations omitted). "28 U.S.C. § 1927 implicates a higher level of culpability than Rule 11 sanctions." *M-I Drilling Fluids UK Ltd. v. Dynamic Air Inc.*, 2017 WL 8947185, at *16 (D. Minn. Feb. 3, 2017), *R&R adopted by* 2017 WL 1193992 (D. Minn. Mar. 30, 2017) (citing *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1371 n.6 (Fed. Cir. 2012)). "Because section 1927 is penal in nature, it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing [a] client.'" *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999) (quoting *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 141, 1316 (5th Cir. 1994)). "Sanctions under § 1927 are proper if 'attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Ramirez-Cruz v. Chipotle Servs., LLC*,

2017 WL 8947191, at *13 (D. Minn. May 11, 2017), *R&R adopted by* 2017 WL 3433116

(D. Minn. Aug. 10, 2017) (quoting *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445

(8th Cir. 2001) (quotation marks omitted)).

The Magistrate Judge specifically identified the following basis for the harshest

sanction allowed against Mr. Loftus:

> First, Mr. Loftus behaved improperly when he filed a sweeping
> motion to compel on April 26, 2019, before even reviewing the
> extent of the information that MRI had provided in response to
> the defendants' discovery requests and subsequently disobeyed
> the Court's Order that he meet and confer with opposing
> counsel to attempt to narrow the motion. The meet and confer
> statement filed after the refusal misrepresented the substance
> of his communications with opposing counsel.
>
> Second, Mr. Loftus engaged in vexatious conduct in
> connection with filing another motion to compel on June 14,
> 2019, despite having failed to review the information that MRI
> had already produced and for failing to timely correct his
> associate's misrepresentation that Mr. Morris had refused to
> meet and confer to discuss the issues raised.
>
> Third, Mr. Loftus's September 3, 2019 filing of a motion to
> strike MRI's modified request for sanctions specifically invited
> by the Court was unreasonably vexatious.
>
> Fourth, Mr. Loftus violated § 1927 by failing to comply with
> the January 29, 2020 Order's requirement that he provide an
> affidavit or declaration describing his involvement in the
> search for and review of the defendants' documents pursuant
> to the November 15, 2019 Order.
>
> Finally, Mr. Loftus engaged in vexatious conduct when he
> unreasonably added the phrase "Irrelevant Non-Responsive
> Misc. Invoices" before Bates numbers attached to the
> documents that the Court had specifically ordered his clients to
> produce.

(Dkt. # 422).

The first two bases are premised on incorrect facts assumed by the Magistrate Judge without hearing or opportunity to respond to the allegations of misrepresentations. Counsel repeatedly attempted to meet and confer regarding the motions to compel and Mr. Morris refused. Mr. Moore detailed some of these attempts as follows:

> On May 10, 2019, I attended a telephone conference with Mr. Morris and V. John Ella, local counsel representing the opposing party. Mr. Morris refused to meet and confer regarding my Motion to Compel.

> On June 11-13, 2019, I attended several depositions with Mr. Morris. During that time I intended to meet and confer with him regarding my Motion to Compel.

> On June 12, 2019, I sent Mr. Morris an email that provided in pertinent part: "I intend to meet and confer with you tomorrow morning, before the deposition begins, regarding deficiencies in your production that we identified in our previously filed Motion to Compel." Mr. Morris Responded: With regard to our "deficiencies," with all due respect, I believe that proverbial ship has sailed! The Court put you on a timeline to address any and all concerns, if any, you had related to the discovery production. That two week deadline has long-since passed. To quote your ill-advised response (which falsely asserts that we received the ESI in "February, 2018," you have waited far too long, in the face of a directive from the Court, to now purportedly claim any deficiencies. What was the basis for ignoring the Court's explicit 2 week directive to meet and confer as to any and all issues that you were seeking guidance from the Court under the Motion to Compel? Why would the Court now consider the dead issues that were long-ago abandoned by Defendants' inaction in a timely manner in response to the Court's mandate?

> Mr. Morris attended the deposition on June 13, 2019 via telephone. When I asked Mr. Morris to meet and confer in accordance with Exhibit A, he refused to meet and confer.

(Dkt. # 233).

Mr. Morris claims the statements in Mr. Moore's declaration are false, and the Magistrate Judge accepted that version of the facts without hearing or due process afforded and sanctioned Mr. Loftus for failing to "timely correct his associate's misrepresentation that Mr. Morris had refused to meet and confer to discuss the issues raised." This issue was not fully addressed with the Magistrate Judge. No hearing was conducted on this issue. The Magistrate simply believed Mr. Morris rather than Mr. Moore. Mr. Loftus was focused on securing compliance with Defendants' discovery request rather than scoring procedural points or winning sanctions, so the issue was not pressed further. As noted above, the remedy for a failure to meet and confer is that no sanctions could be awarded based on the motion. Since the goal was to secure evidence rather than punish Mr. Morris or MRI, there was no benefit to pitching a battle over who refused to call whom and Mr. Moore's recitation of his discussions with Mr. Morris, and instead the aim was to secure the documents prior to depositions.

Imposition of § 1927 sanctions is highly unusual and requires clear showing of bad faith. *W. Va. v. Chas. Pfizer & Co*., 440 F.2d 1079 (2d Cir. 1971). There is no evidence of bad faith. "Unreasonably and vexatiously multiplies proceedings" has been interpreted by the Eighth Circuit to require a finding of both objectively unreasonable behavior and bad faith. *See N.A.A.C.P. v. Atkins*, 908 F.2d 336, 340 (8th Cir. 1990); *see also Joseph V. Edeskuty & Assocs. v. Jacksonville Kraft Paper Co., Inc*., 702 F. Supp. 741, 746 (D. Minn. 1988) (denied sanctions under § 1927 because the record did not reflect any bad faith on part of counsel). When exasperated over numerous attempts to secure the documents

requested via phone, email, letters, and preceding a deposition, Mr. Loftus filed a motion. This was a reasonable action in the course of the litigation.

The Magistrate Judge also makes an unsupported finding that Mr. Loftus failed to review the discovery prior to bringing the motion and that was in itself sanctionable conduct. Litigants change attorneys frequently and counsel may rely on his predecessor's work in assessing what was and was not produced. Furthermore, the issue here was very simple in that no documents had been produced since the last request for them was made by Mr. Loftus's predecessor. This fact was personally verified by Mr. Moore prior to bringing the motion. Were Mr. Loftus afforded due process this issue could have been resolved in his favor.

As to the third point, the September 3, 2019 motion to strike was a reasonable litigation action and not vexatious. On August 30, 2019, Defendants filed an opposition to MRI's sanctions motion. The gravamen of the opposition was based on application of a very high standard of seeking dispositive relief and the argument against sanctions was premised on this standard. Eleven days after the Magistrate Judge recommended Mr. Morris alter the relief sought and just four hours after the MRI's response was filed, Mr. Morris changed relief sought (Dkt. #291) in an eleven-page brief which necessarily required a different response. Mr. Moore filing a motion to strike on the next business day did not multiply the litigation and was the correct way to address the apparent gamesmanship of waiting until a response brief was filed until changing the relief sought. This was the correct way to handle this situation and bring the matter to the Court's attention within the bounds of the Federal Rules of Civil Procedure.

Assuming *arguendo* the motion to strike was vexatious and unreasonable, the Court erroneously ascribed conduct of Mr. Moore to Mr. Loftus. Liability under 28 USCS § 1927 is restricted to the misbehaving lawyer and may not be transferred to his partners or law firm; Section 1927 does not require every lawyer who files appearance to review and vet every paper filed by every other lawyer. *FM Indus. v. Citicorp Credit Servs*., 614 F.3d 335 (7th Cir. 2010). Mr. Moore interacted with Mr. Morris as best he could and in this instance took the correct course of action.

Finally, as to the bates stamping of exhibits as non-responsive, it is wholly unclear how this at all multiplies the litigation. Labeling the documents as non-responsive made clear Defendants' position that they were not in violation of any prior order to compel as the data included in various invoices were incorporated in the bate stamps and other financial records produced and were not relevant or material. The Magistrate Judge ascribed nefarious intent to this labeling and again, if afforded due process and a fair hearing, this issue would have been resolved by Mr. Loftus sending another set of documents omitting the tag from the labeling which was done.

The power of court to impose excess costs personally on attorneys should be exercised only in instances of serious and studied disregard for orderly processes of justice. *Kiefel v. Las Vegas Hacienda, Inc*., 404 F.2d 1163 (7th Cir. 1968). That is not at all what happened here. Noting an objection on the face of previously produced documents is not a "studied disregard for the orderly process of justice."

26

## IV.    CONCLUSION

For the reasons stated herein, Defendants respectfully ask this Court to reject the April 20, 2020 and May 27, 2020, Reports and Recommendations issued by The Honorable Magistrate Judge Menendez, and to grant such additional relief as the Court deems reasonable and just under the circumstances.

Dated: June 10, 2020

Respectfully submitted,

NILAN JOHNSON LEWIS PA

By: *s/ Joel O'Malley*
    Katie M. Connolly (#0338357)
    Joel O'Malley (#352573)
    250 Marquette Avenue South, Suite 800
    Minneapolis, MN 55401
    Phone: (612) 305-7500
    kconnolly@nilanjohnson.com
    jomalley@nilanjohnson.com

    and

    Alexander Loftus
    Loftus & Eisenberg, Ltd.
    161 N. Clark, Suite 1600
    Chicago, IL 60601
    o: (312) 899-6625
    alex@loftusandeisenberg.com

ATTORNEYS FOR DEFENDANTS