UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Management Registry, Inc., | Court File No. 17-CV-05009 (JRT/KMM) |
| Plaintiff, | |
| v. | |
| A.W. Companies, Inc., et al, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION**

## I.    INTRODUCTION

Plaintiff, Management Registry Inc. (**"MRI"**) submits this Memorandum of Law in Response to Defendants' Objections to Magistrate Judge Katherine M. Menendez's April 20, 2020 Order and Report and Recommendation (**"OR&R"**) [DOC 404], and May 27, 2020 Supplemental Order and Report and Recommendation (**"SOR&R"**) ) [DOC 422] (collectively **"R&R"**).  The R&R recommended that Defendants and their counsel be sanctioned for "numerous instances of discovery misconduct on the part of the defendants, and their counsel, Alexander Loftus."  For the reasons set forth below, the Court should Deny Defendants' Objections.

## II.    DEFENDANTS' NON-COMPLIANCE

Defendants' Objection should be Denied as failing to comply with Minn. LR 72.2(c)(1)(a) which states: "except with the court's prior permission, objections or a

1

response to objections filed under LR 72.2 ***must not exceed 3,500 words*…** [Emphasis added]. Defendants' Certification identifies, without permission from the Court, that Defendants' Objection contains **7,507 words** – not including the Declarations attached. This is not a small overage – it is more than *twice* the allowable argument without any request made pursuant to LR 72.2(c)(1)(C). It is symbolic of Defendants' misconduct throughout.

### III. PROCEDURAL BACKGROUND

The extraordinary misconduct giving rise to the Sanctions are set forth in substantial detail in the 38-page OR&R and 10-page SOR&R. MRI adopts the R&R in its entirety, and only supplements by identifying the inordinate expense MRI has incurred from Defendants' intentional misconduct: over $525,000 in attorneys' fees, $80,000 in e-Discovery costs, and $96,500 in expert witness fees -- the e-Discovery costs resulted from ***Defendants'*** insistence upon robust ESI production not similarly adhered to by Defendants.

### IV. STANDARD OF REVIEW

The Standard of Review was previously set forth herein, in *Management Registry, Inc. v. A.W. Companies, Inc.*, 2020 WL 487315 (D.Minn (Tunheim), January 30, 2020):

> Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3); *accord* D.Minn. LR 72.2(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

The onus is upon the Objecting Party to provide legitimate bases for Objections to the R&R. Defendants fail, and, instead, fabricate erroneous "facts," thus warranting additional scrutiny and sanctions.

## V.    **DEFENDANTS' FALSE ASSERTIONS AND MISREPRESENTATIONS**

The Defendants' Objection is so riddled with false statements that it is difficult to parse the truth from the falsehoods. The simplest refutation appears in the Magistrate's well-reasoned R&R itself, and other filings:[1]

| False Statement | Document | Reference |
|---|---|---|
| *False Statements* | *Objection, p.6* | "It became readily apparent that all [documents] were originally produced in the proper format but an overlay download was necessary for the document to be viewed in the system utilized by MRI." |
| | *Objection, p.15* | "Written discovery was done and done well by predecessor counsel." |
| | *Objection, p.17* | "It became clear MRI's challenge in viewing the documents was by no fault of Defendants or Mr. Loftus, but was instead a technical mistake in downloading documents in February 2019." |
| *Fact* | *OR&R, p.7* | "Despite the strident and dismissive character of the defendants' written response, **at the hearing, Mr. Loftus struck a conciliatory tone. He 'conceded that the production received by MRI from the defendants was flawed in many ways,' candidly referring to several aspects of the production as '<u>stupid</u>.'**" |

---

[1] For ease of review, Defendants' false assertions are captioned in "Red Text," R&R are captioned in "Blue Text," and "Black Text" contains positions set forth by MRI. Emphasis may be added and internal citations omitted. Reference to Defendants' Objection are to ECF pages, not internal pagination.

3

| | | |
|---|---|---|
| | *OR&R, p.2* | "*When the Court repeatedly instructed the defendants and their current counsel to take steps to remedy the flaws in the initial attempted production, <u>they failed to comply</u>*…" |
| | *OR&R, p.6* | "*[T]he production of ESI was substantially useless and otherwise a mess. <u>Mr. Loftus acknowledged that he too was having difficulties with the production and originally indicated that he would take steps to remedy the issues</u>*." |
| | **MRI Response**: | Defendants failed to comply with Court Orders, failed to identify proper production, and failed to undertake reasonable measures to identify errors in its own production. |
| False Statement | *Objection, p.7* | "On August 13, 2019, MRI moved for dispositive sanctions based on the alleged failure to provide electronic discovery … the motion was filed when the documents were in MRI's counsel's spam filter." |
| Fact | *OR&R. p.10* | "The [7/31/2019] Order placed the onus squarely on the defendants to arrange for the discovery vendors to have direct discussions … and for the defendants to follow that up by informing the Court of the status of their efforts to solve the problems. ***They did neither***.<br><br>On August 13, 2019, MRI filed a motion seeking sanctions, including dispositive sanctions, against the defendants pursuant to Rule 37 for violating multiple discovery Orders … ***neither defendants nor their counsel had reached out to MRI's vendor, LogikCull***. Defendants also ignored the August 12, 2019 deadline to notify the Court of the defendants' efforts to fix the ongoing production issues, submitting nothing to the Court to verify either that they had solved the problems or that technical issues prevented them from finding a fix." |
| | **MRI Response:** | This intentionally misrepresents the bases of the Motion and is an affront to the extraordinary patience displayed by the Magistrate. |

| False Statements | *Objection, p.6* | "Prior to … April 2019, Defendants had previously filed a motion to compel in June 2018 and, although being granted in part, **no additional documents had been produced**." |
| --- | --- | --- |
| | *Objection, p.29* | "Furthermore, the issue here was very simple in that **no documents had been produced since the last request for them was made by Mr. Loftus's predecessor**." |
| Fact | **MRI Response:** | Plaintiff's 1/29/19 Responses to Wendy Brown's RFP (attached): MRI "**confirms that it has produced to the Defendants nearly One Million documents, designated as MRI-ARI-00000001 through MRI-ARI-00919627, responsive to the Defendant's specific requests**." |
| False Statement | *Objection, p.7-8* | "On May 10, 2019, Mr. Moore talked to Mr. Morris by phone and Mr. Morris did not agree to produce the documents requested and the parties did not agree to an alternative. Mr. Morris, in his personal opinion, did not consider this 'a true meet and confer' on the issue of his production because Mr. Moore had not personally reviewed the documents yet. Mr. Moore then asked to discuss this in person at depositions he was defending and Mr. Morris refused. He again refused to discuss the issue at the deposition." |
| *Fact* | OR&R, p.32 | "First, on April 26, 2019, before even reviewing the extent of the information that MRI had provided in response to the defendants' discovery requests, Mr. Loftus filed a sweeping motion to compel. *When the Court instructed Mr. Loftus to meet and confer with opposing counsel to attempt to narrow the requests for relief in the motion to compel, he simply refused. His subsequent meet and confer statement misrepresented the substance of his communications with opposing counsel and the Court has already found that he failed to meet and confer with Mr. Morris in good faith*.<br><br>Second, on June 14, 2019, Mr. Loftus filed another motion to compel on behalf of the defendants despite having failed to review the information that MRI had produced. [ECF No. 231; ECF No. 235.] The meet-and-confer statement accompanying the motion accused Mr. Morris of refusing to meet and confer. However, *defense counsel had failed* |

5

| | | |
|---|---|---|
| | | *to timely raise issues with MRI's discovery responses during the fourteen-day timeline that had been previously established by the Court.* Nor did defense counsel ask the Court for additional time to complete the meet-and-confer process. [ECF No. 233; ECF No. 235.] |
| | **MRI Response:** | Defendants' failure to abide by the Court's Order caused the problem, not MRI. |
| False Statement | *Objection p.7* | "Loftus could have been more patient during this April dance of trying to get Mr. Morris on the phone but as is now clear it is an exceptional challenge no matter who is attempting it [including newly-retained counsel's] attempts to secure agreement on an extension with Morris." |
| *Fact* | **MRI Response:** | The difficulties in this case are solely Loftus.[2] When O'Malley requested an extension, the undersigned merely advised that a deadline set by the Magistrate would need to be addressed with her, ***but that undersigned would expedite his response to alleviate any undue burden***. Defense counsel acknowledged that courtesy extended in his 5/2/20 e-mail:<br><br>From: Joel O'Malley <JOMalley@nilanjohnson.com><br>Sent: Saturday, May 2, 2020 8:16 AM<br>To: James M. Morris <jmorris@m-mlaw.com><br>Subject: RE: AW<br><br>Jim,<br><br>I forgot that I meant to thank you for filing your opposition to our extension request on the same day that I filed the request. You didn't have to file something that quickly, but doing so allowed the court to rule right away. I appreciate your courtesy.<br><br>Joel<br><br>JOEL O'MALLEY |
| False Statement | *Objection, p.12* | "Eleven days later and just four hours after Defendants filed their opposition to MRI's motion, MRI changed the relief it was seeking, which necessarily required a different response by Defendants to a different standard." |

---

[2] In fact, Loftus is currently facing sanctions in multiple courts: (1) **$271,926.92 related to Rule 11 violations** in *Tai Matlin v. Spin Master Corp.,* 2019 WL 2422872 (N.D. Ill. 2019); (2) **$17,000 for refusing to comply with Rule 11-type Court Orders** in *Hursey v. Calhoun,* __ N.E. 3d __, 2020 WL 2570123 (Ill.App. May 21, 2020); (3) **$12,567.00 herein for violating confidentiality orders.** *ECF #357.*

| *Fact* | *8/20/19 Order (ECF #287)* | "[C]ounsel for the plaintiff was encouraged to narrow the relief requested … *after evaluating the document production which has finally occurred*." |
|---|---|---|
| | *OR&R, p.32-33* | "Mr. Loftus filed a motion to strike MRI's modified request for sanctions *after MRI had been specifically invited by the Court to narrow the request for sanctions in a previously filed motion*…. It is difficult to fathom what purpose Mr. Loftus thought such a motion would serve other than to annoy the Court, harass plaintiff's counsel, or to force MRI to incur further expense." |
| | *MRI Response: 8/30/19 Status Report, p.6* | In complying with the 8/20/20 Court Order, MRI explained that "*as of the morning of August 29, 2019 …Plaintiff's counsel was finally able to begin inspecting the Defendants' production*…." The filing was done within 24 hours of receipt of the limited production from Defendants. |
| False Statement | *Objection, p.18* | "MRI made no attempt to meet and confer prior to filing this motion." |
| *Fact* | *OR&R, p.22* | "These arguments do not provide substantial justification for the defendants' and Mr. Loftus's failure to comply with the Court's discovery orders discussed below, and they are frankly belied by the record…. even after October 29, 2019, including the Court's November 15, 2019 Order granting MRI's motion to compel and other subsequent discovery orders demonstrate that the production that the defendants finally made did nothing to moot the substantive issues that Mr. Morris identified. *Indeed, the defendants' production was woefully inadequate, prompting the Court to note several times that it was incredible to be addressing the defendants' failure to provide basic information to MRI so long after the discovery period began*." |
| False Statement | *Objection, p.21* | "[T]he Magistrate Jude [sic] ordered that MRI could re-depose Wendy Brown, Al Brown, Andrea Smith, and A.W. Companies, Inc. at Defendants' expense. (Dkt. # 239). **MRI took those depositions**. This is a heavy sanction and were any additional documents discovered this would more |

7

| | | |
|---|---|---|
| | | *than solve the problems the Magistrate Judge believed existed.  Any further sanction is unnecessary …."* |
| *Fact* | **MRI Response:** *6/2/2020 Reply in Support (ECF #426)* | Although the 6/24/19 Order authorized Plaintiff to "retake the four depositions referenced at the hearing to address the documents MRI was unable to use during the initial depositions," Plaintiff "expressly relied upon Defendants' failure to timely Admit, coupled with the lack of any challenge to Plaintiff's September 12, 2019 Notice of Admitted Facts, in strategically deciding ***not to "retake the four depositions***." Moreover, Defense counsel was corrected on this false claim again on 6/10/2020, with the Magistrate Judge pointing out that ***the depositions were never conducted***.  Defense counsel failed to correct the obvious misrepresentation. |
| False Statement | *Objection, p.23* | *"In this case MRI does not contend that Defendants have concealed or destroyed relevant documents."* |
| *Fact* | **MRI Response:** *Passim* | As evident in multiple Motions to Compel, for Sanctions, and other pleadings, and repeatedly addressed by Magistrate Judge, this statement is inane. |

## VI.  ARGUMENT

In addition to the false representations that permeate the Objection, Defendants' position vis-à-vis the R&R fails to raise anything new or to identify any points of error.  The R&R painstakingly addresses each facet of misconduct and violation of Court Orders leading to sanctions.  The OR&R provides a detailed 17-page "Background," followed by an equally detailed 18-page "Discussion."  Defendants had ample opportunity to address the issues now raised in their Objection.  Instead, Defendants, relying exclusively on fabricated "facts," merely hope to avoid the impact of their own misconduct.  Defendants' Objection is without basis, and the R&R should be Adopted in their entirety.

8

### A. *The Magistrate's Recommended Sanctions are Clearly Appropriate*

As reflected in the OR&R:

> The application of Rule 37(b) is left to the district court's discretion, including "the decision to impose a sanction, the nature of the sanction imposed, and the factual basis for the court's decision." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1019 (8th Cir. 1999). However, "the district court's discretion narrows as the severity of the sanction or remedy it elects increases." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). *** ***The record of the defendants' and Mr. Loftus's discovery misconduct is disturbing, pervasive, and cannot be excused as mere accident. They have unreasonably delayed production of documents, conducted inadequate searches, failed to produce information required by the Court for spurious reasons, and flouted the Court's instructions on several occasions***.

*Id.* at 20. [Emphasis added]. The R&R provides, in minute detail, the levels to which Defendants, and their counsel, engaged in improper tactics and discovery misconduct. As set forth herein, based upon actual facts, Defendants' Objections are without merit.

#### a. ***Defendants Did not Comply with FRCP Nor Produce the Documents.***

Defendants' Objection claims they "complied" with the Civil Rules, and "produced the documents sought," *id.* at 10, and that Defendants timely produced all records. Since Loftus readily declared that the filings upon which the Objection now relies were not truthful; that he, himself, was having **<u>the same difficulties as MRI</u>**; and that the production was, indeed, "stupid," the R&R properly reflected the lack of production.

#### b. ***Defendants' Conduct was Not Justified.***

Next, Defendants attempt to excuse their behavior by asserting that the entire issue simply revolves around a "technical issue." *Objection* at 16. This misrepresentation is squarely rejected on pages 22-23 of the R&R, as referenced above. The R&R correctly

9

finds that the Defendants failed to comply with multiple Court Orders and that their ongoing misconduct lacked justification; it was not a "technical issue."

Second, Defendants argue that there was no "Meet and Confer," and that somehow justifies their ongoing misconduct. However, MRI repeatedly detailed its efforts to resolve without involving the Court. *See, e.g.,* MRI's Meet and Confer, ECF 225; MRI's First Status Report, ECF 249; MRI's Second Status Report, ECF 254; MRI letter to Loftus, ECF 267; Declaration of Counsel, ECF 285; Status Report, ECF 291; Meet and Confer Statement, ECF 302; Declaration of Counsel, ECF 346.

As addressed on page 24 of the OR&R, "Morris has had to repeatedly bring discovery disputes to the Court's attention to obtain even the most basic discovery for a case of this nature. Despite those efforts, there is still a serious question even today whether the defendants have conducted reasonable searches of their electronically stored information for documents responsive to MRI's discovery requests." *See also* OR&R at 26 (with regard to the 6/2019 Motion): "Morris was painstakingly specific about what the technical issues were and made numerous attempts to meet and confer with defense counsel prior to filing the motion."); *id.* at 10 (with regard to 8/2019 Motion); *id.* at 22 (with regard to 11/2019 Motion). Given the multiple efforts to Meet and Confer, as addressed in the R&R, Defendants' Objection related thereto should be summarily rejected.

Third, Defendants claim (p.13-14) that their refusal to comply with the Magistrate's Orders were substantially justified and/or they "complied." Their entire premise, that they "produced" the required documents, and the blame lies solely with MRI, is absurd and easily refuted by the well-reasoned R&R. Defendants repeatedly refused to comply with

multiple Orders; failed to assure that discovery experts met and conferred; failed to report to the Court; and failed to produce responsive records. There is no justification for Defendants' misconduct, given their lack of compliance with each of the Court's Orders identified in the R&R.[4]

In suggesting that the R&R went too far, Defendants, once again, attack MRI, instead of acknowledging their own misconduct. Objection at 20. After the gratuitous attacks, the Defendants rely, exclusively, upon the purported "re-deposing of Wendy Brown, Al Brown, Andrea Smith, and A.W. Companies, Inc. at Defendants' expense," and assert that "**MRI took those depositions**." *Id.* at 21. As reflected hereinabove, this is a complete fabrication; the argument suggesting that the R&R provided for "duplicative sanctions" is, therefore, entirely misplaced.

Next, Defendants suggest the monetary sanctions were "excessive," referencing the supposed inability of the parties to satisfy the sanctions award. However, Loftus is fully capable of supporting the entire sanctions award. Indeed, when faced with the $271,000 sanction referenced above, Loftus requested that the Seventh Circuit not require a *supersedeas* bond, because "there is no question that SLO possess [sic] sufficient assets to satisfy the pending judgment," and that "SLO has sufficient assets to fund a bond in the amount required to stay enforcement." *See* Motion for Stay and Affidavit of Alexander

---

[4] If anything, the Magistrate was too restrained in awarding fees and costs. MRI expended over $700,000 in attorneys' fees and costs relative to Defendants' malfeasance. MRI suggests that the Court utilize its authority to reconsider the amount and, if it deems appropriate, to increase it to reflect the true scope of Defendants' recalcitrance, malfeasance, and "arrogant petulance."

11

Loftus (attached hereto). Since the R&R sanction awarded here is "joint and several," Loftus has "sufficient assets" to pay the amount awarded. More importantly, the type of misconduct and malfeasance identified by the Magistrate herein is such that it should not be used as an excuse to claim, after the fact, that a party is not capable of paying such costs.

A.W. Companies, and the Browns, stole assets that deliver to them an ongoing revenue stream of over $50,000 ***per week***. They are intentionally ignoring the Court's repeated Orders because, to date, the sanctions have not been sufficient to force them to comply. In other words, they are making more money through obfuscation than the level of sanctions being imposed . The proverbial "gravy train" must cease, and Defendants must be required to adhere to basic tenets of law and order.

Next, Defendants suggest that the imposition of an adverse jury instruction "is cumulative of the prior sanction awarded." *Id.* at 22. Inasmuch as no previous sanction has been awarded, Defendants' position is baseless. Likewise, as reflected above, Defendants' position that "MRI has never claimed that Defendants have concealed or destroyed relevant documents," is absurd. MRI has clearly asserted, in multiple Motions, that Defendants have steadfastly withheld, destroyed, and manipulated substantial and critical records. Based upon the extraordinary misconduct that gave rise to the sanction, and the R&R's position that it seriously considered terminable sanctions, the Objection is not well founded and fails to identify any actionable error.

    c. *28 U.S.C. §1927 Sanctions Were Clearly Appropriate*

Defendants claim a lack of due process, but ignore the fact that the Magistrate Judge repeatedly provided Loftus with opportunities to correct his misrepresentations. Evidence

of these ongoing efforts is replete throughout the R&R, the previous Orders, and Hearing Minutes. Loftus suggests that the Court "resolved numerous factual questions and assessed credibility without a hearing." Loftus ignores the fact that ***these actions took place in front of the Court, and Loftus acknowledged the misconduct during those hearings.*** The R&R correctly addressed the misconduct and imposed sanctions, finding:

> The Court finds that Mr. Loftus has engaged in behavior that has vexatiously multiplied these proceedings and caused MRI to incur attorney's fees unnecessarily. Indeed, it is difficult to come up with a word that better describes Mr. Loftus's handling of this case. The list of Mr. Loftus's conduct warranting sanctions in this matter is long…

*Id.* at 31. The R&R was accurate in addressing the long litany of misconduct engaged in by Loftus, and the R&R should be Adopted in its entirety.

For the above-stated reasons, Plaintiff MRI respectfully asks that the Court Overrule Defendants' ill-founded Objections in their entirety and ADOPT the Magistrate Judge's Report and Recommendations.

DATED June 24, 2020				**MORRIS & MORRIS, P.S.C.**

*/s/ James M. Morris*
James M. Morris, KY #85709
217 North Upper Street
Lexington, KY 40507
Telephone: (859) 281-6981
Facsimile: (859) 233-7876
jmorris@m-mlaw.com

**TREPANIER MACGILLIS BATTINA, P.A.**

V. John Ella, Esq.
8000 Flour Exchange Building
310 Fourth Avenue South
Minneapolis, MN 55415
Telephone:  (612) 455-6237
Facsimile:  (612) 455-0501
jella@trepanierlaw.com
**ATTORNEYS FOR PLAINTIFF**