UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MANAGEMENT REGISTRY, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>A.W. COMPANIES, INC.; ALLAN K. BROWN; WENDY BROWN; and MILAN BATINICH,<br><br>                    Defendants. | Civil No. 17-5009 (JRT/KMM)<br><br>**AMENDED<br>MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS AND AFFIRMING SANCTIONS ORDERS** |

---

James M. Morris, **MORRIS & MORRIS, P.S.C.**, 217 North Upper Street, Lexington, KY 40507; V. John Ella, **TREPANIER MACGILLIS BATTINA P.A.**, 310 Fourth Avenue South, Suite 8000, Minneapolis, MN 55415, for plaintiff.

Joel O'Malley and Katie M. Connolly, **NILAN JOHNSON LEWIS** PA, 250 Marquette Avenue South, Suite 800, Minneapolis, MN 55401, Alexander Loftus, **LOFTUS & EISENBERG, LTD.**, 161 N. Clark, Suite 1600, Chicago, IL 60601, for defendant.

Plaintiff Management Registry, Inc. ("MRI") brought claims against A.W. Companies, Inc. ("A.W."), Allan and Wendy Brown, and Milan Batinich for events that transpired after a corporate acquisition went wrong. The parties have been fighting about discovery related to the case for almost two years through motions to compel, court discovery orders, required status updates, and significant efforts by the Magistrate Judge overseeing discovery to bring order to the process.

On April 20, 2020, Magistrate Judge Katherine M. Menendez issued an Order and Report and Recommendation ("R&R") addressing MRI's October 2019 motion for

sanctions, as well several of MRI's outstanding fee applications related to successful motions to compel and Defendant's noncompliance with discovery orders. The Magistrate Judge granted the motion for sanctions, awarding fees, and recommending sanctions under 28 U.S.C. § 1927, as well as jury instructions relating to Defendants' discovery conduct. On May 27, 2020, the Magistrate Judge issued a Supplemental Order and Report and Recommendation awarding and recommending additional fees as sanctions.

Because the Court finds that the Magistrate Judge's Sanctions Orders were not clearly erroneous or contrary to law, the Court will overrule Defendants' Objections, affirm the Sanctions Order and the Supplemental Sanctions Order, and award a total of $86,018.93 in attorney's fees to MRI. Furthermore, because the Court finds that Loftus's conduct has vexatiously multiplied the proceedings in this case, the Court will overrule Defendants' Objections and award MRI $25,000 in attorney's fees as a sanction under §1927. Finally, because Defendants' egregious conduct has left the Court with no confidence that the required discovery has actually been produced, the Court will order that the jury be instructed that Defendants failed to cooperate in discovery, a fact from which the jury may infer that Defendants attempted to conceal information that would not have been helpful to their position.

## BACKGROUND[1]

---

[1] The record in this case is lengthy, and this Order sets out only the basic facts relevant to the Order. The Magistrate Judge's R&R sets out a comprehensive recitation of discovery

This case was filed on November 3, 2017, and in the intervening years Defendants and their counsel have driven up the length and costs of litigation by engaging in pervasive discovery misconduct. (R&R at 2, April 20, 2020, Docket No. 404.) MRI has been forced to incur unnecessary legal fees and discovery expenses in order to obtain even the most basic discovery.

During a telephone conference on December 19, 2018, the Court ordered Defendants to produce electronically stored information ("ESI") in the same manner the Court had required of MRI. (*Id.* at 4.) In early 2019, many issues cropped up with Defendants' production, but Defendants' prior counsel agreed to remedy the defects and make a supplemental production by April 15, 2019. (*Id.* at 5–6.)

However, shortly after this agreement, Defendants obtained new counsel, and Alexander Loftus and his associate Ryan Moore entered notices of appearance for Defendants. (*Id.* at 6.) First, Loftus filed an overbroad motion to compel, without reviewing the information already produced, and without meeting and conferring with MRI, and, in fact, refusing to meet and confer when instructed to do so by the Court. (*Id.* at 6 n.2.) The Court denied the motion and noted even at this early stage that Loftus's conduct was "astonishing." (*Id.*)

Although prior counsel had agreed to remedy the issues with Defendants' production, Loftus did not do so. (*Id.* at 6.) In the new production, documents did not

---

misconduct and other facts relevant to MRI's motion for sanctions. (R&R, Apr. 20, 2020, Docket No. 404.) The Court adopts the facts from the R&R in full and will cite to it here.

render, or were produced without the necessary metadata, or had no Bates numbers, or had duplicative Bates numbering. (*Id.*) MRI suggested that Defendants overhaul the production, but Defendants considered that a "nonstarter." (*Id.*) In May 2019, Defendants indicated that they were looking for a third-party discovery vendor to assist with these issues, but there was still no resolution. (*Id.* at 7.)

Accordingly, MRI filed a motion to compel on June 3, 2019, asking the Court to compel Defendants to produce documents in compliance with prior discovery orders; produce the previously agreed-upon supplemental discovery, and to sanction Defendants. (*Id.*) Defendants objected, claiming that they had complied with all orders, and denying there was any Court order specifying the form of production. (*Id.*) At oral argument, however Loftus agreed that the production was flawed and "stupid." (*Id.*) On June 24, 2019, the Magistrate Judge granted the motion and required Defendants to regenerate the production, among other instructions. (Order, Docket No. 239.)

In July, the parties' third-party vendors met to attempt to remedy the technical issues; however, the issues continued; MRI received corrupt files, did not receive the required additional discovery, and Loftus continued to insist that MRI had what it needed. (R&R at 9.) The Court noted the "ongoing and serious problems with defendants' production" and gave Defendants procedural instructions to remedy the flaws in the discovery production, but instead Defendants continued to violate the Court's June 24 Order. (*Id.* at 9–10.) The Court issued another Order on July 31, 2019, explicitly placing the burden on the Defendants to arrange for the parties' third-party discovery vendors to

address the technical issues by August 2, 2019, and to verify compliance with the Court's June 24 Order by August 12, 2019. (Order, Docket No. 269.) The Court invited MRI to file a motion to compel and/or for sanctions if technical issues continued. (R&R at 10.)

Defendants did neither of these things, and MRI filed a motion for sanctions on August 13, 2019. (*Id.*) By the time the Court held a status conference on August 19, 2019, Defendants had finally provided a useable production, and the Court encouraged MRI to submit a revised motion after reviewing the production. (*Id.* at 11.) MRI found that although technical issues remained, the production was sufficiently usable that it withdrew its request for dispositive sanctions. (*Id.*) However, now that MRI was finally able to review the production, it learned that contrary to Defendants' repeated assertions, the production excluded entire categories of documents. (*Id.*) Accordingly, MRI also requested relevant relief, including full production of the missing documents. (*Id.*) Although MRI filed the revised motion with the Court's specific encouragement, Defendants then filed a motion to strike the revised motion. (*Id.* at 11–12.) The Court denied the motion to strike. (*Id.* at 12.) At the hearing, Defendants' counsel was unprepared to discuss the inadequate production, having not reviewed it, and was only able to discuss the issue of sanctions. (*Id.*) The Court granted the motion and ordered production. (*Id.*)

However, in October, MRI was forced to file another motion to compel and for sanctions, because Defendants still had not produced the relevant discovery.[2] (*Id.* at 13-14.) The Court granted this motion to compel and gave specific orders as to the discovery Defendants were required to search for and produce. (*Id.* at 14.) Issues remained ongoing. In January 2020, the court issued another discovery order, reminding Defendants of their obligations, warning Loftus to comply and to improve his professionalism, and ordering Loftus to certify his involvement in the discovery process. (*Id.*) In February, 2020, Loftus declined to comply with the Court's order "because he believed it was unnecessary." (*Id.* at 17.) At the next status conference, MRI communicated to the Court that Defendants had produced additional documents, but had tagged each with a Bates prefix of "Irrelevant Non-Responsive Misc. Invoices." (*Id.*) In her next discovery order, the Magistrate Judge admonished Loftus for his shockingly unprofessional conduct and warned him about the possibility of sanctions under 28 U.S.C. § 1927 and potentially revoking his pro hac vice admission before the Court. (*Id.*) The Magistrate Judge had already taken the step of requiring local counsel to attend each court appearance and to sign each brief. (*Id.* at 34.)

On April 20, 2020, the Magistrate Judge issued an Order and R&R addressing MRI's outstanding fee application for their June 3, 2019, motion to compel (Docket No. 240), their fee petition relating to Defendants' violations of the Courts June and July discovery

---

[2] Additionally in October 2019, the Court ordered Defendants and their counsel to pay attorney's fees as a result of their violation of the Protective Order. (*Id.*)

orders (Docket No. 327), and MRI's October 24, 2019 motion for sanctions (Docket No. 344.) (Order, Docket No. 403; R&R, Docket No. 404.) The Magistrate Judge ordered Defendants to pay $16,018.93 in attorney's fees for the motion to compel, $50,000 in attorney's fees caused by violation of the discovery orders, and granted the motion for sanctions, ordering MRI to submit a fee petition for attorney's fees incurred in making that motion. (April 20, 2020 Order at 37.) Additionally, the Magistrate Judge recommended that the Court order § 1927 sanctions against Loftus for his conduct, and also sanction Defendants by issuing a jury instruction on Defendants' discovery misconduct. (R&R at 38.)

On June 10, 2020, the Magistrate Judge issued a Supplemental Order and R&R based on MRI's fee petition, ordering Defendants to pay $20,000 in attorney's fees incurred in making the October Motion for Sanctions, and recommending that the Court order Loftus to pay $25,000 in § 1927 sanctions. (*Supp. R&R.*, Docket No. 422, at 37–38.) Defendants objected, arguing that sanctions were unwarranted. (Objections, June 10, 2020, Docket No. 427.)

## ANALYSIS

**I.     STANDARD OF REVIEW**

A party may file "specific written objections" to a Magistrate Judge's order or R&R. Fed. R. Civ. P. 72; *accord* D. Minn. LR 72.2. The party should specify the portion of the order or R&R to which he or she objects, and describe the basis for the objections. *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

The Court reviews de novo any portion of an R&R "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error.  *Olson v. Tufton*, No. CV 16-74 (JRT/LIB), 2016 WL 4179870, at *1 (D. Minn. Aug. 8, 2016), *sum. aff'd*, No. 16-3678, 2017 WL 4317156 (8th Cir. Jan. 5, 2017).

"A district court's review of a magistrate judge's order on nondispositive matters is 'extremely deferential.'"  *4Brava, LLC v. Sachs*, No. CV 15-2743 (JRT/DTS), 2018 WL 2254568, at *1 (D. Minn. May 17, 2018) (quoting *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007)).  The Court will reverse such a decision only if it is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); *accord* D. Minn. LR 72.2(a).  For a decision to be clearly erroneous, the Court must have a "definite and firm conviction that a mistake has been committed." *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).

## II.   SANCTIONS

Fed. R. Civ. P. 37 permits the imposition of sanctions "[i]f a party . . . fails to obey an order to provide or permit discovery[.]"  Fed. R. Civ. P. 37(b)(2)(A).  The Court may consider various sanctions, including:

> i. directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> ii. prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> iii. striking pleadings in whole or in part;
> iv. staying further proceedings until the order is obeyed;
> v. dismissing the action or proceeding in whole or in part;
> vi. rendering a default judgment against the disobedient party; or
> vii. treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id.* Rule 37 similarly provides for sanctions where a party fails to provide information as required by Rule 26(a) or (e), even without a court order. Fed. R. Civ. P. 37(c)(1). "The district court is not constrained to impose the least onerous sanction available, but may exercise its discretion to choose the most appropriate sanction under the circumstances." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1022 (8th Cir. 1999)

Section 1927 also provides for the sanctions in the form of costs and attorney's fees against an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously[.]" 28 U.S.C. § 1927. Courts are also authorized to impose sanctions, including awards of attorney fees, pursuant to the court's inherent authority to punish "conduct which abuses the judicial process." *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1046 (D. Minn. 2000) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)).

Where the court sanctions attorney conduct under its inherent power, the offensive conduct must "constitute[] or [be] tantamount to bad faith[.]" *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980). Whether an explicit finding of bad faith is required

- 9 -

for the imposition of sanctions under § 1927, however, is not clear. *Compare NAACP v. Atkins*, 908 F.2d 336, 340 (8th Cir.1990) (noting that "the language of § 1927 appears to require both a finding of objectively unreasonable behavior and a finding of bad faith.") *with O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 395 n. 2 (8th Cir.1987) ( "We do not hold that § 1927 contains only an objective standard, as opposed to both an objective and subjective standard.  The words of the statute require unreasonable and vexatious conduct.  28 U.S.C. § 1927.  Whether this requires a finding of bad faith in addition to unreasonable conduct is a question that is not before us."), *see also VanDanacker*, 109 F. Supp. 2d at 1046.  However, the Eighth Circuit has announced that "[t]he standard under § 1927 and Rule 11 is whether the attorney's conduct 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987)).

### III.  DEFENDANTS' AND COUNSEL'S OBJECTIONS

Defendants and their counsel generally object to the sanctions determinations in the Order and R&R.  They argue that (1) no Rule 37 sanctions should be awarded, that they are too high, and that they are cumulative of other sanctions previously awarded; (2) that no sanctions pursuant to § 1927 should be awarded; and (3) that an adverse jury instruction is not appropriate.

**A.  Rule 37 Sanctions**

The Magistrate Judge ordered Defendants to pay MRI's reasonable expenses, including attorney's fees, incurred in the course of bringing their motion to compel, their motion for sanctions, and directly caused by Defendants' failures to comply with discovery orders. Defendants' Objections largely repeat arguments presented to the Magistrate Judge. The Court will review the award of sanctions for clear error.

First, Defendants argue that they complied with the Federal Rules of Civil Procedure 26 and 34 and eventually produced all required documents, and thus sanctions are unwarranted. However, Defendants fail to discuss their repeated failures to comply with multiple discovery orders issued by the Court. Eventual production of required documents does not excuse ongoing noncompliance with court orders, despite Defendants' assertions to the contrary. Furthermore, there remains a serious question as to whether Defendants conducted all of the required searches and whether they have produced everything they were required to produce.

Next, Defendants argue that their discovery failures were not willful, and that their actions were substantially justified. As an initial matter, Defendants misstate the law. "It is not a requirement that the party 'willfully' refuse to obey the Court's discovery order." *Card Tech. Corp. v. DataCard Inc.*, 249 F.R.D. 567, 570 (D. Minn. 2008) (citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 207–208 (1958).

Defendants then repeat their arguments that their consistent and repeated failure to properly produce the required documents was the result of technical issues and thus

not a proper basis for sanctions. As the Magistrate Judge noted in the R&R, the responsibility for such technical issues was unambiguously on the Defendants, who were obligated to coordinate the parties' e-discovery experts and report on the progress. Defendants did neither, and the technical issues—and resulting discovery delays—continued.

Defendants also repeat their argument that their positions and actions were substantially justified because the parties failed to meet and confer before MRI filed its motions for sanctions, and that as a result, MRI did not "attempt[] in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i). The record contains numerous instances of meet and confers, status reports, and correspondence between the parties on these ongoing discovery issues, and the Court finds no clear error in the Sanctions Order.

### B. Amount and Severity of Sanctions Ordered

Defendants object to the degree of the sanctions, arguing that the Magistrate Judge ordered the most extreme sanctions short of dismissal, and repeat their arguments that allowing several repeat depositions was a sufficient sanction, and that Defendants lack the means to satisfy the sanctions awards.

First, although MRI sought significantly harsher sanctions and significantly larger monetary awards, the Magistrate Judge recommended denial of dispositive sanctions, and reduced the sanctions penalties in the Order. Furthermore, as noted in the Order, contrary to Defendants argument that these sanctions are "extreme," in fact attorney fee

sanctions are the least severe of all sanctions authorized by Rule 37(b). *See Ofoedu v. St. Francis Hosp.,* 234 F.R.D. 26, 33 (D. Conn. 2006) ("In the 'spectrum of sanctions' available under Rule 37, '[t]he mildest is an order to reimburse the opposing party for expenses caused by the failure to cooperate.'" (quoting *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2nd Cir. 1979)). Although the Court is sympathetic to the financial situations of Defendants, this cannot be an excuse for willingly ignoring the Court's orders and otherwise driving up the cost of litigation for Plaintiff and the Court..

Accordingly, the Court does not find that the Magistrate Judge's conclusions were clearly erroneous or contrary to law, and will overrule Defendants' Objections and affirm the Sanctions Order and the Supplemental Sanctions Order.

### C. Recommendation to Impose Sanctions Pursuant to 28 U.S.C. § 1927

Defendants argue that no § 1927 sanctions should be imposed. They argue that Loftus did not vexatiously multiply proceedings and did not engage in bad faith, and also that Loftus was not afforded due process, as the Magistrate Judge resolved issues without a hearing or an opportunity for Loftus to defend against the sanctions. The Court will review these issues de novo.

Section 1927 "permits sanctions when an attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Jones v. UPS*, 460 F.3d 1004, 1011 (8th Cir. 2006) (internal quotations omitted). "28 U.S.C. § 1927 implicates a higher level of culpability than Rule 11 sanctions." *M-I Drilling Fluids*

*UK Ltd. v. Dynamic Air Inc.*, No. 14–cv–4857 (JRT/HB), 2017 WL 8947185, at *16 (D. Minn. Feb. 3, 2017), R&R adopted by 2017 WL 1193992 (D. Minn. Mar. 30, 2017). "As with sanctions under Rule 11, the district court must provide an attorney with fair notice and an opportunity to be heard before ordering the reimbursement of fees." *Jones*, 460 F.3d at 1011.

The Eighth Circuit has not explicitly defined what constitutes "fair notice" for sua sponte sanctions under § 1927. The Seventh Circuit has held that "general notice that the court is contemplating sanctions is insufficient; rather, the offending party must be on notice of the specific conduct for which [one] is potentially subject to sanctions." *Johnson v. Cherry*, 422 F.3d 540, 551–52 (7th Cir. 2005). However, courts have found sufficient notice and due process in cases like these where an offending party received a magistrate judge's order recommending sanctions, and had a fair opportunity to respond in the form of objections to the magistrate judge's recommendation. *See, e.g.*, *Davis v. Bowron*, 30 F. App'x 373, 375 (6th Cir. 2002) ("[A]fter the Magistrate Judge recommended that the District Court impose sanctions under 28 U.S.C. § 1927, Mr. Davis could no longer argue that he was without notice of the District Court's intention to consider doing so" and "the fact that he filed objections to the report and recommendation belies his contention that he was not afforded an opportunity to be heard.")

Applying this two-part consideration to the case at bar, Loftus was on notice first, when the Magistrate Judge specifically warned him of the possibility for sanctions under § 1927 in a discovery conference on February 21, 2020. He received additional notice

when he received the Magistrate Judge's R&R, was given an appropriate opportunity to respond by objecting, and did in fact object. Accordingly, there is no due-process bar to an award of sanctions under § 1927.

As to whether such sanctions are justified, the Court notes that the Magistrate Judge devotes ten single-spaced pages of the First Sanctions Order to detailing Loftus's persistent and unprofessional discovery misconduct, which began as soon as he joined the case. The Second Sanctions Order distills his actions into five main categories:

1) April 2019: Loftus filed a motion to compel without having reviewed the information already produced, violated the Court's order to meet and confer to narrow the issues, and misrepresented the facts in a filing to the Court

2) June 2019: Loftus filed another motion to compel without having reviewed the information already produced, and did not timely correct his associate's misrepresentations about the meet and confer process.

3) September 2019: Moore, Loftus's associate, and working under Loftus's supervision, filed a motion to strike MRI's modified request for sanctions after the Court had specifically invited it.

4) January/February 2020: Loftus failed to comply with the Court's order that he provide an affidavit describing his involvement in the review of Defendants' documents.

5) February 2020: Loftus produced additional financial documents, pursuant to the Court's order, and marked each with the Bates prefix "Irrelevant Non-Responsive Misc. Invoices."

In their Objections, Defendants take issue with the Magistrate Judge's characterization of the facts and seek to rewrite the case. However, the record belies Defendants' attempt to do so. For instance, after the first overbroad motion to compel, the Magistrate Judge issued an Order finding that "the defense has failed to comply with the obligation to engage in good-faith efforts to resolve discovery disputes before seeking judicial intervention," even after being specifically instructed by the Court to meet and confer. (Order at 2, May 8, 2019, Docket No. 203.) Defendants declined to appeal this Order. As to the second motion to compel, Loftus withdrew the motion after MRI objected, given that Defendants had failed any attempt to meet and confer during the Court's prescribed time frame.

As to the motion to strike, the record is clear that MRI filed a motion for sanctions and then, at the Court's invitation, filed a modified motion narrowing the initial request for sanctions. Defendants filed a motion to strike the modified motion, forcing MRI to respond. As the magistrate judge noted, "[i]t is difficult to fathom what purpose Mr. Loftus thought such a motion would serve other than to annoy the Court, harass plaintiff's counsel, or to force MRI to incur further expense." (R&R at 33.) Defendants' argument

seems to be that they were irritated by having to file two separate responses, which is no justification.[3]

Defendants do not object to or deny the Magistrate Judge's fourth item, wherein Loftus determined that compliance with the Court's order was unnecessary and so declined to document his involvement in the discovery process by affidavit.

Finally, while Defendants do not dispute that the February 2020 production was produced with the prefix, they argue that such a prefix alone did not multiply litigation. Although such a prefix is vexatious and indicative of bad faith, that act alone would be insufficient to support and award of sanctions. However, the prefix issue does not stand alone, but instead in combination with the multitude of bad faith actions which have unnecessarily and vexatious multiplied litigation.

Accordingly, the Court will overrule Defendants' Objections and will order that Loftus be required to pay MRI's reasonable attorney's fees pursuant to 28 U.S.C § 1927 in the amount of $25,000.

**Recommendation for an Adverse Jury Instruction**

---

[3] To the extent that Loftus disclaims responsibility for the motion because Moore signed the brief, the Court notes that to the contrary, because Loftus was Moore's direct supervisor, he is responsible for Moore's filings. *See* D. Minn. LR 83.6(a) (adopting the Minnesota Rules of Professional Conduct); Minn. R. Prof. Conduct 5.1(c) ("A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if . . . the lawyer . . . has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.").

Finally, Defendants argue that the Magistrate Judge's recommendation of an adverse jury instruction is not supported by the facts and is cumulative of the prior sanction awarded. Defendants repeat their arguments that they have in fact complied with discovery requirements, and that while they may have been difficult to work with, the Court has not made a formal finding that they withheld any particular damaging document.

However, as the Magistrate Judge made clear, as a direct result of Defendants discovery failures, violations of Court orders, and delays, "neither MRI nor the Court has any confidence that the defendants have provided all or even most of the discovery to which MRI is entitled." (R&R at 36.)

The record shows that MRI had to engage in extensive litigation just to obtain basic discovery and when, after months of Court orders and discovery battles, Defendants finally provided ESI, they took an indefensibly narrow view of relevant discovery. They disobeyed court orders and delayed production of relevant information. These actions by Defendants show that they have abused the judicial process and have not acted in good faith. The fact that the Court has not specifically found that a piece of the missing discovery was particularly damaging for Defendants is not dispositive; the fact of the matter is that the Court has been unable to make any such determination as a result of the improper behavior by Defendants.

Accordingly, the Court will overrule Defendants' Objections and adopt the Magistrate Judge's R&R in full. The Court will order that the jury be instructed that

Defendants failed to cooperate in discovery during this litigation, a fact from which the jury may infer that Defendants attempted to conceal information that would not have been helpful to their position.

## CONCLUSION

Because sanctions pursuant to Rule 37 and the amounts set by the Magistrate Judge are not clearly erroneous, the Court overrules Defendants' Objections, affirms the Sanctions Orders, and will order Defendants to pay $86,018.93 in fees incurred relating to MRI's June 3, 2019 and October 24, 2019 motions to compel and Defendants' violations of the Courts June 24, 2019 and July 31, 2019 discovery orders.

Furthermore, because sanctions against Loftus pursuant to 28 U.S.C. § 1927 are warranted given his consistently vexations behavior that has unnecessarily multiplied proceedings, the Court will overrule Defendants' Objections, adopt the R&R, and order Loftus to pay $25,000 for attorney's fees incurred by MRI as a result of his bad faith and vexatious conduct.

Finally, because an adverse jury instruction against Defendants is reasonable given Defendants' persistent abuse of the discovery process, and the fact that to this day it remains unclear whether Defendants have produced the relevant documents, the Court will overrule Defendants' Objections, adopt R&R, and order that the jury may be instructed that Defendants failed to cooperate in discovery, a fact from which the jury may infer that Defendants attempted to conceal information that would not have been helpful to their position.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court **OVERRULES** Defendants' Objections [Docket No. 427] to the Magistrate Judge's Order and Report and Recommendations [Docket No. 404] and the Magistrate Judge's Supplemental Order and Report and Recommendations [Docket No. 422] and **AFFIRMS** the Orders and **ADOPTS** the R&Rs.

2. MRI is awarded attorney's fees and expenses in the amount of $86,018.93 to be paid jointly and severally by Defendants and Alexander Loftus for violations of Fed. R. Civ. P. 37.

3. MRI is additionally awarded attorney's fees and expenses in the amount of $25,000 to be paid by Alexander Loftus as sanctions under 28 U.S.C. § 1927.

4. At trial, the jury shall be instructed that Defendants failed to cooperate in discovery, a fact from which the jury may infer that Defendants attempted to conceal information that would not have been helpful to their position.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 27, 2020
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court