## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

MANAGEMENT REGISTRY, INC.,

Plaintiff,

v.

A.W. COMPANIES, INC., ALLAN K.
BROWN, WENDY BROWN, and MILAN
BATINICH,

Defendants.

No. 17-5009 (JRT/KMM)

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE
JUDGE**

---

Anna Koch, Nicholas N. Sperling, and V. John Ella, **TREPANIER MACGILLIS BATTINA PA**, 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN 55415; James Michael Morris, **MORRIS & MORRIS PSC**, 217 North Upper Street, Lexington, KY 40507, for Plaintiffs.

Donald M. Lewis, Joel D. O'Malley, and Katie M. Connolly, **NILAN JOHNSON LEWIS PA**, 250 Marquette Avenue South, Suite 800, Minneapolis, MN 55401, for Defendants.

Plaintiff Management Registry, Inc. ("MRI") brought two motions asking the Court to dismiss Defendants' counterclaims. First, MRI filed a Motion to Dismiss based on Defendants' failure to disclose damages, failure to respond to request for admissions, and judicial estoppel related to a pending state court case. Second, after Defendants filed amended counterclaims in response to MRI's Second Amended Complaint, MRI filed a Motion to Dismiss asserting arguments pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Magistrate Judge considered the arguments raised in both Motions

and issued a Report and Recommendation ("R&R") recommending that the Court deny in part and grant in part Plaintiffs' Motions to Dismiss. Both Defendants and Plaintiffs filed objections.

After reviewing the record and the objections, the Court concludes that the Magistrate Judge (1) had discretion to consider the arguments in MRI's First Motion to Dismiss and did not clearly err in exercising this discretion; (2) appropriately imposed an exclusion under Federal Rule of Civil Procedure 37 rather than dismissing Defendants' counterclaims outright; (3) properly dismissed Defendants' New Counterclaims to the extent they exceeded the expanded scope of MRI's Second Amended Complaint ("SAC") and posed risk of prejudice from undue delay; and (4) correctly denied MRI's motion to dismiss arguments based on the statute of frauds because they are more appropriate for summary judgment. Accordingly, the Court will overrule all objections by both Defendants and MRI, and adopt the R&R.

## BACKGROUND

The facts and procedural history of this case are disputed and complex, but well-known to the Court and the parties. Neither party specifically objects to the statement of facts and procedural history in the R&R. The Court therefore briefly summarizes the factual and procedural points relevant to the objections.

**A.  MRI's First Amended Complaint and Defendants' Original Counterclaims**

MRI filed its First Amended Complaint ("FAC") on November 21, 2017.  (1st Am. Compl., Nov. 21, 2017, Docket No. 59.)  The FAC included fifteen separate counts[1] against Defendant A.W. Companies, Inc. ("AWI"), Wendy Brown, Allan Brown, and Eric Berg, who is no longer a party to the case.[2]  (*Id.* ¶¶ 116–213.)   Defendants filed an Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint on December 5, 2017 ("Original Counterclaims").  (Defs.' Answer to 1st Am. Compl. & Countercls., Dec. 5, 2017, Docket No. 72.)  Defendants asserted ten separate counterclaims against MRI, some on behalf of all Defendants and some on behalf of individual defendants.[3]  (*Id.* ¶¶ 345–413.)

---

[1] Tortious Interference with MRI's Contracts with its Employees against A.W. Companies, Inc. ("AWI") (Count I); Tortious Interference with MRI's Contracts with its Customers against AWI and Eric Berg (Count II); Tortious Interference with Prospective Business Advantage against AWI (Count III); Civil Conspiracy against AWI, Wendy Brown, and Eric Berg (Count IV); Unjust Enrichment against AWI, Wendy Brown, and Eric Berg (Count V); Breach of Contract (Allan Brown's Purchase Agreement) (Count VI); Breach of Contract (Eric Berg's Employment Agreement) (Count VII); Breach of the Duty of Loyalty against Eric Berg (Count VIII); Unfair Competition against AWI (Count IX); Computer Fraud and Abuse Act against Eric Berg and AWI (Count X); Common law fraud against all defendants (Count XI); Conversion against all defendants (Count XII); Replevin against all defendants(Count XIII); Indemnification claim against Mr. Brown under Sections 6.5 and 8.2 of the Stock Purchase Agreement (Count XIV); and Misappropriation of Trade Secrets in violation of Defend Trade Secrets Act and Minnesota Uniform Trade Secrets Act and Minnesota Common law against AWI, Wendy Brown, and Eric Berg (Count XV).  (1st Am. Compl. ¶¶ 116–213.)

[2] MRI dismissed its claims against Eric Berg.  (Order Stip. Dismissal, Aug. 9, 2018, Docket No. 163.)  Berg then filed a lawsuit against AWI and the Browns in Hennepin County District Court. *Eric Berg and Eric Berg Consulting, LLC v. Wendy Brown, Allan Brown, and A.W. Companies, Inc.*, 27-cv-18-19715 (Henn. Cty. Dist. Ct.).

[3] Breach of Contract on behalf of Defendants Allan Brown, Wendy Brown, and Eric Berg (Count I); Breach of Contract on Behalf of Defendant Allan Brown (Count II); Breach of Contract

On December 7, 2017, MRI filed a Complaint in the Northern District of Illinois against Milan Batinich, an employee of AWI.  (*See* Compl., Dec. 7, 2017, Case No. 18-1147, Docket No. 1.)  MRI's complaint alleged that Batinich took MRI customer database files, computers, trade secrets, and other property in consort with the Browns and AWI.[4]  (*See id.* ¶¶ 1–8.)  The Northern District of Illinois transferred the action to the District of Minnesota on May 1, 2018 (Notice of Transfer, Case No. 18-1147, Docket No. 57), and Batinich filed an Answer to MRI's Complaint on July 11, 2018.  (Answer, July 11, 2018, Case No. 18-1147, Docket No. 86.)  Batinich did not assert any counterclaims against MRI.  On March 21, 2019, the separate Batinich case was consolidated with this case.  (Order to Consolidate Cases, Mar. 21, 2019, Case No. 18-1147, Docket No. 96.)

After consolidation, the Defendants filed a Motion for Judgment on the Pleadings based on MRI's FAC and Defendants' Original Counterclaims.  (Defs.' Mot. J. Pleadings,

---

on Behalf of Defendant Eric Berg (Count III); Tortious Interference with Prospective Economic Advantage on Behalf of All Defendants (Count IV); Defamation on behalf of Defendants Allan Brown, Wendy Brown, and Eric Berg (Count V); Tortious Interference with Contractual Relationships on Behalf of All Defendants (Count VI); Common Law Fraud on Behalf of Allan Brown, Wendy Brown, and Eric Berg (Count VII); Negligent Misrepresentation (in the Alternative to Fraud) on Behalf of Allan Brown, Wendy Brown, and Eric Berg (Count VIII); Interference and Unauthorized Access in Violation of the Computer Fraud and Abuse Act and Stored Communications Act on Behalf of Defendant Eric Berg (Count IX); and Unjust Enrichment on Behalf of All Defendants (Count X).  (Defs. Answer & Countercls. ¶¶ 345–413.)

    [4] MRI's claims against Batinich were: Tortious Interference with Contracts (Counts I and II); Tortious Interference with Business Advantage (Count III); Unjust Enrichment (Count IV); Breach of Contract (Count V); Breach of the Duty of Loyalty (Count VI); Computer Fraud and Abuse Act (Count VII); Common Law Fraud (Count VIII); Conversion (Count IX); Replevin (Count X); and Misappropriation of Trade Secrets (Counts XI– XIII).  (Compl. ¶¶ 74–176, Dec. 7, 2017, Case No. 18-1147, Docket No. 1.)

May 17, 2019, Docket No. 204.)  MRI then filed a Motion seeking leave to file a Second

Amended Complaint ("SAC").  (*See* Pls.' Mot. Am. Suppl. Pleadings, May 22, 2019, Docket

No. 206.)  After a hearing, the parties stipulated to MRI filing a SAC, to be followed by

expedited dismissal briefing.

## B.  MRI's Second Amended Complaint and Defendants' New Counterclaims

MRI filed its Second Amended Complaint on July 12, 2019.  (Pls. 2nd Am. Compl.,

Docket No. 251.)  In the SAC, MRI revised its factual allegations by incorporating details

relevant to the consolidated case against Batinich (*see id.* ¶¶ 28–33) and adding Batinich

as a defendant to previously plead claims: Count I, Conversion, Count VI, Tortious

Interference, Count VII Unjust Enrichment; Count VIII Breach of Contract, Count XI

Misappropriation of Trade Secrets, and Count XII Civil Conspiracy.  (*See id.* ¶¶ 92–170.)

MRI also brought a claim for Breach of Duty of Loyalty against Batinich individually (Count

IX).  (*Id.* ¶¶ 142–45.)   In addition, the SAC eliminated previous claims for Unfair

Competition, Computer Fraud and Abuse Act violations, and Replevin, and added claims

against all Defendants for Malicious Injury (Count III), Business Defamation (Count IV),

violation of the Minnesota Deceptive Trade Practices Act (Count V), and Civil Theft (Count

XIII).  (*See id.* ¶¶ 92–170.)  Besides the details about Batinich, the factual allegations were

substantially the same as in MRI's FAC.

Defendants filed a motion to dismiss the SAC on July 24, 2019.  (Defs. Mot. Dismiss,

Docket No. 255.)  The Magistrate Judge issued a Report & Recommendation that the

motion be denied on September 12, 2019.  (Docket No. 298).  Defendants objected and

the R&R was then taken under advisement by this Court.  (Defs.' Objs., Sept. 19, 2019,

Docket No. 309.)  The Court overruled Defendants' objections and adopted the Report &

Recommendation on January 30, 2020.  (Docket No. 381.)  Defendants then filed an

Answer, Affirmative Defenses, and Counterclaims to the Second Amended Complaint on

February 14, 2020 (the "New Counterclaims").  (Docket No. 388.)

Defendants' New Counterclaims did not change their general allegations against

MRI but did add three new counterclaims: Promissory Estoppel on behalf of Wendy

Brown and Allan Brown (Count XI), Indemnification on behalf of Allan Brown (Count XII),

and Breach of Promissory Note on behalf of Allan Brown (Count XIII) (*id.* ¶¶ 190–228);

and added Batinich as a claimant against MRI for Tortious Interference with Prospective

Economic Advantage (Count II), Defamation (Count III), and Unjust Enrichment (Count X).

(*Id.* ¶¶ 151–89.)

## C.  MRI's First and Second Motions to Dismiss

While Defendants' objections to the Report & Recommendation denying

Defendants' Motion to Dismiss MRI's SAC were being reviewed by this Court, MRI filed a

motion to dismiss Defendants' Original Counterclaims on November 15, 2019 (MRI's

"First Motion to Dismiss").  (Docket No. 360.)  The Defendants moved to strike this Motion

on procedural grounds, arguing that their Original Counterclaims were in response to

MRI's FAC, which was to be amended, meaning the Original Counterclaims had no legal

significance and MRI's Motion to Dismiss was not responsive to any pleading. (Mot. Strike, Docket No. 371.) The Magistrate Judge denied the Motion to Strike, and instead held consideration of any dismissal arguments raised against the counterclaims until after Defendants' motion to dismiss MRI's SAC was resolved by this Court. (Order Denying Mot. Strike, Jan. 6, 2020, Docket No. 375.) After the Court sustained the SAC and Defendants filed updated counterclaims, MRI filed another Motion to Dismiss Counterclaims on March 6, 2020 (MRI's "Second Motion to Dismiss."). (Docket No. 394.)

The Magistrate Judge issued an R&R on MRI's First and Second Motions to Dismiss on July 29, 2020, denying dismissal in part and granting dismissal in part. (*See* R&R at 39–40, Jul. 29, 2020, Docket No. 435.) Both MRI and Defendants objected.

## DISCUSSION

### I. STANDARD OF REVIEW

Upon the filing of an R&R by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to

and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II.   ANALYSIS

The Court first reviews objections filed by Defendants, followed by the objection filed by MRI.  Defendants object to the Magistrate Judge's consideration of MRI's First Motion to Dismiss in general, the analysis of the damages evidence claims in the First Motion to Dismiss specifically, and dismissal of counterclaims added in the New Counterclaims on behalf of Defendant Batinich and the new counts of promissory estoppel, indemnification, and breach of promissory note.  MRI objects to the Magistrate Judge's conclusion that their Rule 12(b)(6) arguments based on the statute of frauds could have been raised in response to the Original Counterclaims and were therefore waived. Because the Court agrees with the Magistrate Judge's analysis on each point, the Court will overrule the objections and adopt the R&R.

### A.  MRI's First Motion to Dismiss

The Court reviews the Defendants' objection that the Magistrate Judge should not have considered the arguments raised in MRI's First Motion to Dismiss for clear error, rather than de novo, because Defendants merely repeat—nearly paragraph for

paragraph—the arguments made in their Response to MRI's Motion to Dismiss.[5] *See Montgomery*, 98 F. Supp. 3d at 1017.

Whether a court considers arguments made in a Rule 12 motion that was pending before a plaintiff amended their complaint to decide dismissal of the amended complaint is a matter of context and discretion. *See Cartier v. Wells Fargo Bank*, 547 F. App'x 800, 804 (8th Cir. 2013) ("Under these circumstances, we conclude the district court acted within its discretion to treat the motion to dismiss the original complaint as a motion to dismiss the amended complaint."). "If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. . . . To hold otherwise would be to exalt form over substance." *DeVary v. Countrywide Home Loans, Inc.*, 701 F. Supp. 2d 1096, 1100 (D. Minn. 2010) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed.)).

Comparing the Original Counterclaims with the New Counterclaims, at least some of the alleged defects identified by MRI's First Motion to Dismiss remained in the New Counterclaims. Therefore, the Magistrate Judge did not clearly err by applying the arguments in MRI's First Motion to Dismiss to Defendants' New Counterclaims.

---

[5] Defendants made a similar procedural argument in support of their Motion to Strike MRI's First Motion to Dismiss, (Defs.' Mem. Supp. Mot. Strike, Dec. 10, 2019, Docket No. 372), which the Court denied. (Order Denying Mot. Strike, Jan. 6, 2020, Docket No. 375.)

**B. Exclusion of Documentary Damages Evidence Under Rule 37(c)(1)**

Under Federal Rule of Civil Procedure 37, the Court may impose sanctions on a party for failure to make initial disclosures, including computation of damages and supporting documents.  Fed. R. Civ. P. 37(c)(1)(C); *see also* Fed. R. Civ. P. 26(a)(1)(A).  The Court has "wide discretion" to provide a remedy or sanction for a party's failure to make a timely disclosure of damages calculations as required by Federal Rule of Civil Procedure 26, including exclusion of the related evidence at later motions, hearings, or at trial.  *See Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).  "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.*

Defendants object that the Magistrate Judge incorrectly imposed an exclusion under Federal Rule of Civil Procedure 37(c)(1) because MRI's First Motion to Dismiss did not state which rule it sought dismissal based on, which prevented Defendants from responding appropriately.   After reviewing the record and the motions, the Court disagrees.  MRI clearly and extensively relied on *U.S. Salt, Inc. v. Broken Arrow* throughout its argument that Defendants' failure to disclose documents supporting their damages should result in dismissal.  (*See* Pls.' Mem. Supp. Mot. Dismiss at 16–19, Nov. 15, 2019, Docket No. 361).  *U.S. Salt* states that the consequences for failure to make initial

-10-

damages disclosures are governed by Rule 37(c)(1).  *U.S. Salt, Inc. v. Broken Arrow, Inc.*, No. 07-1988, 2008 WL 2277602, at *4 (D. Minn. May 8, 2008), *aff'd U.S. Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d 687 (8th Cir. 2009).  MRI also cited Federal Rule of Civil Procedure 26(A)(1)(A)(iii), which requires parties to make initial disclosures of damages computations, and Rule 37(b)(2), which outlines discovery-related sanctions.  Through the rules that were cited, Defendants were at minimum on notice that MRI sought dismissal and/or sanctions related to Defendants' failure to disclose damages computation, and reasonably should have been on notice of the substance of that theory through MRI's discussion of *U.S. Salt*.

As to the imposition of an exclusion under Rule 37(c)(1), Defendants have not represented to the Court that they disclosed the required documents for damages computation to MRI.  MRI argues that Defendants' failure to disclose justifies dismissal of their counterclaims that includes damages as an essential element, such as breach of contract.[6]  MRI's theory is that, without initial disclosure and computation of damages, Defendants have not adequately stated a claim.

---

[6] The Defendants' claims that require proof of damages, and therefore are subject to Rule 37, include: Breach of Contract, Tortious Interference with Prospective Economic Advantage, Tortious Interference with Contractual Relations, Defamation, Common Law Fraud, Negligent Misrepresentation, and Unjust Enrichment.  These claims were included in both the Original Counterclaims and the New Counterclaims, and are therefore an example of the allegedly defective claims that remain in the New Counterclaims.

Sanctions are warranted in this case because the Defendants have unjustifiably failed to produce the required documentary evidence, but "[d]ismissal is a drastic sanction and should be supported by a finding of bad faith and imposed only if other sanctions are insufficient. *See Wegener*, 537 F.3d at 692. Although Defendants have not produced documentary evidence of damages, they have responded to interrogatories on damages indicating witnesses exist who could offer testimony about the nature of damages. Therefore, it is possible that Defendants could prove damages as required to sustain their claims, and the Court finds that the lesser sanction of excluding any potential documentary evidence supporting Defendants' alleged damages is sufficient, rather than outright dismissal. The Court will therefore adopt the R&R and order an exclusion under Rule 37(c)(1).

## C.  Timeliness of Defendants' Newly Introduced Counterclaims

The timeliness of claims brought for the first time in Defendants' New Counterclaims—promissory estoppel, indemnification, breach of promissory note, and all counterclaims on behalf of Defendant Batinich—depends on whether those claims were "in response" to MRI's SAC. When a plaintiff files an amended complaint, Federal Rule of Civil Procedure 15(a)(3) permits the defendant to "respond" to the amended pleading as of right. However, "[t]here is dissension among the federal courts regarding the permissible scope of a response to an amended pleading without leave of the court." *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings, LLC*, No. 09-1426 (JRT/SER), 2011 WL

2261298, at *3 (D. Minn. Mar. 21, 2011), report and recommendation adopted sub nom. *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings*, No. 09-1426 (JRT/SER), 2011 WL 2261284 (D. Minn. June 8, 2011).  These approaches are characterized as permissive, moderate, and narrow.  *See id.*  This Court has previously followed the so-called "moderate approach" and will do so again here.

Under the moderate approach, the changes made in a party's amended answer or counterclaims must be proportional to the changes made in the corresponding amended complaint.  *See id.* at *4.  "The rationale for this rule is an equitable consideration that if one party expands its case by adding new theories and claims, the other party may do likewise." *Id.*  Even under this equitable theory, the extent of changes to counterclaims as of right should be balanced against the Court's need to effectively manage litigation.  *See E.E.O.C. v. Morgan Stanley & Co., Inc.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002).  "[I]f an amended complaint does not change the theory or scope of the case, a [defendant] must seek leave of court pursuant to Rule 15(a) before it can amend its answer to assert a counterclaim."  *Buffalo Wild Wings*, 2011 WL 2261298, at *4.

### 1.   Counterclaims for Promissory Estoppel, Indemnification, and Breach of Promissory Note

Defendants object to the Magistrate Judge's recommendation that their counterclaims for Promissory Estoppel, Indemnification, and Breach of Promissory Note should be dismissed because they are untimely.  As described above, MRI's Second Amended Complaint reiterated the same factual allegations as previous pleadings, with

the addition of more details relevant to the consolidated Batinich case.  In other words, the SAC did not change the scope or theory of MRI's case against the Defendants and did not create the opportunity for Defendants to introduce these counterclaims as of right. The pleading stage of this case has persisted for nearly three years and, despite multiple amended pleadings and motions, each side's theory of the case and the opposing party's liability has remained the same.  The Court finds that it would create additional undue delay and undue prejudice to permit newly introduced counterclaims that are not directly responsive to amendments to MRI's Complaint.

### 2.      Batinich's Counterclaims

Between the time MRI filed its First and Second Amended Complaints, MRI's case against Batinich in the Northern District of Illinois was consolidated with the instant case. As such, the SAC includes much more detail about Batinich's involvement in the alleged scheme and adds Batinich as a defendant.  Defendants' New Counterclaims add Batinich as a claimant in three of the previously asserted counterclaims: Count II, Tortious Interference with Prospective Economic Advantage; Count III, Defamation; and Count X, Unjust Enrichment.  Without looking further into the procedural history, it may seem that, under the moderate approach, the SAC expanded the case in a way that should permit counterclaims by Batinich to be added.  But this case is not so straightforward.

Batinich has had multiple, ongoing opportunities to assert counterclaims against MRI.  First, when Batinich filed his Answer to MRI's Complaint against him, he did not

include any counterclaims. (*See* MRI v. Batinich, No. 18-1147, July 11, 2018, Docket No. 86.) Defendants argue that the New Counterclaims presented the "very first opportunity Batinich had to respond to a combined complaint against all Defendants." (Defs. Obj. R&R at 10–11, Aug. 8, 2020, Docket No. 438.) While this may technically be true, it is not a reason to permit Batinich to assert any counterclaims at all, for the very first time, particularly when the allegations against him have been consistent since MRI initially filed its case against him in the Northern District of Illinois.[7] Whether Batinich had counterclaims against MRI based on its consistent allegations against him does not depend on the claims against his now-co-Defendants.

Second, Defendants themselves acknowledge that addition of counterclaims would have been allowed at least prior to June 2019, "but there was no operative complaint to respond to at that time." (Defs. Objs. at 11.) This argument asks the Court to focus on the technicalities rather than the substance of the pleading process, which the Court rejects based on the undue delay permeating this case. *See DeVary*, 701 F. Supp. 2d at 1100. MRI's case against Defendants never ceased to exist, and Defendants remained on notice of the factual allegations against them. In fact, while waiting for a

---

[7] The complaint filed by MRI against Batinich in the Northern District of Illinois included claims for Tortious Interference with Contracts (Counts I and II), Tortious Interference with Business Advantage (Count III), Unjust Enrichment (Count IV), Breach of Contract (Count V), Breach of the Duty of Loyalty (Count VI), Computer Fraud and Abuse Act (Count VII), Common Law Fraud (Count VIII), Conversion (Count IX), Replevin (Count X), and Misappropriation of Trade Secrets (Counts XI– XIII). (Compl. ¶¶ 74–176, Dec. 7, 2017, Case No. 18-cv-1147, Docket No. 1.)

new "operative pleading," the litigation continued in earnest, as evidenced by the myriad

discovery disputes and Motions filed in the interim.  Based on the active litigation and the

claims against him, Defendant Batinich knew or reasonably should have known to seek

leave from the Court to add his counterclaims after his case was consolidated, particularly

if counterclaims arose because of consolidation that he would not have been able to

assert in his individual Answer.  As such, MRI's SAC does not create equitable grounds for

Batinich to bring counterclaims as of right.

**D.  MRI's Second Motion to Dismiss**

Federal Rule of Civil Procedure 12(g)(2) states, "a party that makes a motion [to

dismiss] must not make another motion under this rule raising a defense or objection that

was available to the party but omitted from its earlier motion."  This rule applies even

when a new motion follows an amended pleading.  "The filing of an amended complaint

will not revive the right to present by motion defenses that were available but were not

asserted in timely fashion prior to the amendment of the pleading."  5C Charles A. Wright

& Arthur R. Miller, Federal Practice and Procedure § 1388 (3d ed. 2004).  Therefore, the

Court will only consider arguments made in MRI's Second Motion to Dismiss that were

not available based on Defendants' Original Counterclaims.

MRI moved to dismiss Defendants' Amended Answer and New Counterclaims for

failure to state a claim based on violation of the statute of frauds, a ground for dismissal

that MRI argues did not exist based on the Original Counterclaims.  In particular, MRI

relies on ¶ 147 of the New Counterclaims as clarifying that the Defendants assert their Breach of Contract claim based on an oral agreement covering a five-year term.[8]  MRI argues Defendants have admitted the contract was subject to and did not comply with the statute of frauds, meaning the Defendants, as a matter of law, failed to state a claim for Breach of Contract, Tortious Interference with Prospective or Contractual Advantages, Common Law Fraud, Negligent Misrepresentation, and Promissory Estoppel.  Therefore, MRI argues, the statute of frauds 12(b)(6) argument was not waived, but was properly asserted in their Second Motion to Dismiss.  It is not so clear to the Court, however, that the addition of ¶ 147 materially changes the facts supporting the New Counterclaims in a way that justifies considering the merits of a statute of frauds defense for the first time in MRI's Second Motion to Dismiss.

The facts of this case, as described by both parties to this point, have involved various contracts and agreements, many of which were not reduced to final writings. Therefore, the question of whether the statute of frauds would make any of these agreements unenforceable has been within the scope of the case from the beginning.

---

[8] There is some dispute about whether MRI misstated the basis for the statute of frauds issue at the motion hearing and whether the Magistrate Judge improperly only considered ¶ 143 of the new counterclaims, which was included in the original counterclaims.  (*See* Pls. Objs. R&R at 5–7, Aug. 12, 2020, Docket No. 439.)  MRI did correctly cite ¶ 147 in its motion filings and the Court will consider those rather than points made at oral argument.  However, as discussed above, even when considering ¶ 147 instead of ¶ 143, the Court finds that the question of whether there are new material facts related to the statute of frauds and enforceability of any verbal agreement between the parties is more fairly determined at summary judgment.

MRI reasonably could have been raised the defense in its First Motion to Dismiss. Moreover, the issue of the statute of frauds in a case like this that includes conflicting allegations about whether agreements were verbal or in writing and which, if any, were subject to the statute of frauds, is more fairly addressed in the context of a motion for summary judgment.  MRI may raise the statute of frauds argument again if or when the Court considers a motion for summary judgment on their behalf.

## CONCLUSION

This case's drawn-out and circuitous pleading process does not create an opportunity for Defendants to  rewrite their Counterclaims or for MRI to raise previously available arguments in its Second Motion to Dismiss.  The Court concludes that the arguments in MRI's First Motion to Dismiss were properly applied to Defendants' New Counterclaims, Defendants' counterclaims appearing for the first time in their New Counterclaims were not responsive to MRI's SAC and would create undue delay, and the factual allegations in the New Counterclaims do not supply grounds for a novel statute of frauds dismissal argument.  Accordingly, the Court overrules both parties' objections and adopts the Magistrate Judge's Report & Recommendation, granting in part and denying in part MRI's Motion to Dismiss.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendants' Objections to the Report and Recommendation (Docket No. 438)

    are **OVERRULED**,

2.  Plaintiff's Objections to the Report and Recommendation (Docket No. 439) are

    **OVERRULED**,

3.  The Magistrate Judge's Report and Recommendation (Docket No. 435) is

    **ADOPTED**, and

4.  Plaintiff's Motions to Dismiss Counterclaims (Docket Nos. 360, 394) are **DENIED**

    **IN PART** and **GRANTED IN PART**.


DATED:  September 30, 2020
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court