## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

MANAGEMENT REGISTRY, INC.,

No. 17-5009 (JRT/KMM)

Plaintiff,

v.

A.W. COMPANIES, INC., ALLAN K. BROWN, WENDY BROWN, AND MILAN BATINICH,

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY ENFORCEMENT OF SANCTIONS**

Defendants.

Anna Koch, Nicholas N. Sperling, and V. John Ella, **TREPANIER MACGILLIS BATTINA PA,** 8000 Flour Exchange Building, 310 Fourth Avenue South, Minneapolis, MN 55415; James Michael Morris, **MORRIS & MORRIS PSC**, 217 North Upper Street, Lexington, KY 40507, for plaintiff.

Donald M. Lewis, Joel D. O'Malley, and Katie M. Connolly, **NILAN JOHNSON LEWIS PA,** 250 Marquette Avenue South, Suite 800, Minneapolis, MN 55401, for defendants.

Defendants A.W. Companies, Inc., Allan Brown, Wendy Brown, and Milan Batinich (collectively, "Defendants") moved the Court to clarify that its Sanctions Order issued August 27, 2020 is not a final decision and, in the alternative, requested that the Court stay enforcement of the sanctions award. Plaintiff Management Registry, Inc. ("MRI") argues that the Sanctions Order is immediately enforceable through the Court's inherent authority to manage this litigation. Because the Court finds the Sanctions Order is

immediately enforceable, although not immediately appealable, and Defendants have not shown a stay of enforcement is warranted, the Court will deny Defendants' Motion.

## BACKGROUND

The facts and procedural history of this case are well known to the parties and have been reviewed at length in prior orders by this Court and the Magistrate Judge. As such, the Court only states the facts and procedural developments relevant here.

On August 27, 2020, the Court issued an Amended Order adopting the Report and Recommendation of the Magistrate Judge and affirming discovery sanctions against Defendants (the "Sanctions Order"). *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, No 17-5009, 2020 WL 4915832, *as amended* (D. Minn. Aug. 27, 2020). Based on the Magistrate Judge's recommendation, the Court awarded MRI attorney's fees and expenses in the amount of $86,018.93 to be paid jointly and severally by Defendants and their former counsel, Alexander Loftus,[1] pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and (C), for Defendants' unjustified non-compliance with discovery orders. *Id.* at *8–9; *see also Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, No. 17-5009, 2020 WL 1910589, at *12–17, *report and recommendation adopted*, 2020 WL 4915832 (D. Minn. Aug. 21, 2020). The Court also awarded $25,000 in attorney fees and expenses to be paid by Mr. Loftus as sanctions under 28 U.S.C. § 1927 based on the Magistrate Judge's finding that Mr. Loftus vexatiously

---

[1] Mr. Loftus withdrew as counsel of record for Defendants on September 2, 2020 pursuant to Local Rule 83.7. (Not. Withdrawal, Sept. 2, 2020, Docket No. 459.)

multiplied the proceedings.  *Mgmt. Registry, Inc.*, 2020 WL 4915832, at \*8–9; *see also*

*Mgmt. Registry, Inc.* 2020 WL 1910589, at \*17–19, *report and recommendation adopted*,

2020 WL 4915832 (D. Minn. Aug. 21, 2020).  Additionally, the Court ordered an adverse

jury instruction that Defendants failed to cooperate in discovery if the case goes to trial.

*Mgmt. Registry, Inc.*, 2020 WL 4915832, at \*8–9.  Judgment was entered for the Sanctions

Order on August 28, 2020 (the "Sanctions Judgment").  (Docket No. 457.)

On September 30, 2020, Defendants filed a Motion to Stay Sanctions, (Mot. Stay,

Sept. 30, 2020, Docket No. 464), after the parties disagreed about whether the monetary

sanctions are immediately collectible, (*see* Defs.' Mem. Supp. Mot. Stay at 2, Sept. 30,

2020, Docket No. 466.)  Defendants ask the Court to either issue a clarifying notice that

the Sanctions Order is not a final judgment under Rule 54(b) or, pursuant to Rule 62(h),

stay the enforcement of paragraph two of the Sanctions Judgment which awards

attorney's fees and expenses to MRI in the amount of $86,018.93.  (*Id.*; *see also* Sanctions

Judgment ¶ 2.)  MRI opposes Defendants' Motion because it is untimely under Rule 59

and the Court has inherent authority to impose and allow enforcement of monetary

discovery sanctions during the pendency of the underlying proceedings.  (Pl.'s Mem. Opp.

Mot. Stay at 1–2, Oct. 7, 2020, Docket No. 470.)

## DISCUSSION

Defendants' Motion conflates the question of whether the Sanctions Order is a

final decision such that it is immediately appealable, with the question of whether the

Sanctions Order—including paragraph two of the Sanctions Judgment—is immediately enforceable. These are two distinct issues, however, in the context of an order for discovery sanctions. The Court will find that, although the Sanctions Order is not an appealable final decision, it is nonetheless immediately enforceable by MRI. The Court will further find that Defendants have not established that a stay of enforcement is warranted.

### A.    Defendants' Request for Clarifying Order on Finality

The parties are actually in agreement—a rarity in this case—that an order for discovery sanctions is not a final order under Rule 54(b). The Court likewise agrees. As the Supreme Court explained in *Cunningham v. Hamilton County, Ohio*, Rule 37 sanctions neither end litigation nor leave the court only to execute its judgment, and are therefore not final decisions. 527 U.S. 198, 204 (1999). The Supreme Court further held that sanctions orders are not appealable under the collateral order doctrine because appellate review of sanctions orders cannot remain separate from the merits of a case. *Id.* at 205. The Eighth Circuit has accordingly refused to hear interlocutory appeals of sanctions orders. *See Tenkku v. Normandy Bank*, 218 F.3d 926, 927 (8th Cir. 2000). Even when, as here, an attorney ordered to pay sanctions is no longer counsel of record, the Eighth Circuit has declined to hear an interlocutory challenge to discovery sanctions. *United States v. Haynes*, 793 F.3d 901, 902–03 (8th Cir. 2015).

The parties dispute, however, whether MRI can collect the sanctions award from Defendants during the pendency of the case or must wait until a conclusion on the merits. The Court has authority to manage litigation toward resolution on the merits, including the entry and enforcement of discovery sanctions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The purpose of discovery sanctions is "to protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Cunningham*, 527 U.S. at 208. Permitting interlocutory appeal or delayed enforcement "would undermine trial judges' discretion to structure a sanction in the most effective manner." *Id.* As such, discovery sanctions may be enforced before resolution of a case on the merits.

The Court entered judgment based on the Sanctions Order in this case to permit MRI to enforce the monetary judgment, and the Court declines to modify the Sanctions Order or issue a clarifying order.[2] Enforcement of discovery sanctions while a case is ongoing is one way for the Court to effectively maintain decorum and ensure compliance with discovery and other court orders. The Magistrate Judge has diligently dragged this case toward resolution on the merits, and the Sanctions Order is an appropriate tool to move the case forward without further delay. In sum, the monetary Sanctions Order is immediately enforceable, even though it is not a final decision under Rule 54(b).

---

[2] The Court notes that, if Defendant's Motion is construed as a motion to alter the August 28 Judgment pursuant to Rule 59(e), it is untimely as the Plaintiff argues. It is not entirely clear to the Court whether Defendants' Motion is a motion to alter, as it is styled as a Motion to Stay. Because the Court finds that the Sanctions Order is immediately enforceable, there is no need for a change in the judgment and the timeliness issue is irrelevant.

**B.      Defendants' Motion to Stay**

Defendants' Motion to Stay enforcement of sanctions pursuant to Rule 62(h) is procedurally inapplicable because the Sanctions Order is not a final judgment under Rule 54(b), as explained above.   However, the Court will consider whether it should nonetheless exercise its inherent authority to stay enforcement of the monetary sanctions.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Chambers*, 501 U.S. at 43.  Deciding whether to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

Considering the competing interests, the Court finds that Defendants have not established that a stay of enforcement is warranted.  Defendants assert that they cannot afford to both pay the sanctions order and continue litigation.  As the Court has previously noted, it is sympathetic to the litigant's financial position.  However, the Court declines to stay collection of the sanctions.  Defendants' own misconduct has greatly increased the cost of litigation for MRI and for their own defense.  Defendants were repeatedly warned that their delay and misconduct could result in sanctions, up to and including dismissal.  The purpose of discovery sanctions is to deter dilatory and prejudicial misconduct.  *Cunningham*, 527 U.S. at 208.  The Court will not permit Defendants to now

evade the consequences of their misconduct because that very delay has made it impractical for them to pay the resulting foreseeable sanctions. Accordingly, the Court denies Defendants' Motion to Stay enforcement of the Sanctions Order.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Stay [Docket No. 464] is **DENIED**.


DATED:  October 23, 2020
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court