## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Management Registry, Inc., | Court File No. 17-cv-05009 (JRT/DTS) |
| Plaintiff, | |
| v. | **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION** |
| A.W. Companies, Inc., Allan K. Brown, and Wendy Brown, | |
| Defendants. | |

### <u>INTRODUCTION</u>

The Court should reconsider and revise its summary judgment Order as to Management Registry, Inc.'s breach of contract claim against Allan Brown for three independent reasons.

First, the Court should deny MRI's motion and grant Al's motion because the Stock Purchase Agreement ("SPA") includes a limitation of damages provision, and the parties agree any such breach of contract damages have already been obtained by MRI. Because MRI cannot prove damages—an essential element of a breach of contract claim—MRI's breach of contract claim necessarily fails.

Second, even if the Court does not revise its Order to grant summary judgment in Al's favor, the Court must reconsider and revise the Order to deny MRI's summary judgment motion on its breach of contract claim because Al's fraudulent inducement counterclaim against MRI—specifically targeted at that same SPA contract—precludes MRI from prevailing on its breach of contract claim at summary judgment since the

contract is voidable if it was found to have been induced by fraud. Because the Court found there is a disputed issue of material fact regarding whether Al was fraudulently induced to enter the SPA, there is necessarily a disputed issue of material fact as to whether the SPA is an enforceable contract, because Al may still void it if he succeeds at trial on his fraud counterclaim.

Third, a court cannot grant an award for breach of contract as to individuals against whom the breach of contract claim was never asserted. MRI asserted its breach of contract claim on the SPA against Al alone, not any other Defendant. Based on the Court's decision to grant of summary judgment to MRI on its breach of contract claim against Al (which decision should be reconsidered and revised), the summary judgment Order incorrectly ordered that "Defendants"—not just Al—pay MRI certain amounts. At the very least, the Court should reconsider and revise its summary judgment Order on this point.

Because the Court's summary judgment Order as to MRI's breach of contract claim against Al is manifestly erroneous for these three reasons, the Court should revise the Order to deny MRI's motion for summary judgment on its breach of contract claim, and grant Al's summary judgment motion on the same claim.[1]

## PROCEDURAL BACKGROUND AND PREVIOUSLY CITED FACTS

On January 14, 2022, the parties filed cross motions for summary judgment. MRI moved offensively for summary judgment on several of its own counts, including its Count

---

[1] Consistent with this Court's order granting permission for reconsideration motions—but only on specific arguments with respect to one claim, *see* ECF #701—Defendants rely here on facts, arguments, claims, and case law previously presented to the Court in the parties' summary judgment filings and their request for reconsideration, *see* ECF #678.

VIII, by which MRI alleged breach of contract against Al and Milan Batinich. MRI's claim against Al is based on Al's alleged breach of the SPA. ECF #601, p. 43. MRI also moved defensively for summary judgment on Al's fraudulent inducement counterclaim, by which Al alleged that he signed the SPA because of MRI's fraudulent promises to sell back a part of the business to Al's wife, Wendy Brown.

The parties executed the SPA at issue in this case on September 7, 2017. Per the SPA, MRI paid $15,000,000 for the purchase of the Zwirn Entities (defined at p. 2 in ECF #607) and provided a promissory note in the amount of $6,000,000 in favor of Al and the majority owners of the Zwirn Entities. ECF #607, p. 4; ECF #608-2 - #608-4. The parties do not dispute that the SPA includes an unambiguous indemnification provision obligating Al and the other "Sellers" to indemnify "Buyers" (MRI) for "Losses" resulting from "any breach" of the SPA. ECF #607, p. 4; ECF #608-2, Sec. 8.2; *see also id*., Art. X (defining "Losses" as "actual out-of-pocket losses, damages, liabilities, costs or expenses, including reasonable attorneys' fees"). The parties also do not dispute that the SPA includes the following unambiguous offset language:

> **Offset of Purchase Price**. Notwithstanding anything to the contrary contained here, [MRI's] ***sole recourse*** for indemnification from Sellers shall be by way of an ***offset of the remaining portion of the Purchase Price payable under the Promissory Note***. ***Such offset shall be applied on advance written notice to the Sellers*** of no less than 30 days.

ECF #608-2, Sec. 8.7 (emphasis added). In other words, the SPA states that in the event Al breaches the SPA in any manner, the only damages available to MRI is an offset of the

amount remaining on the Promissory Note at the time notice of the offset is provided to the Sellers.

The parties also do not dispute that MRI provided advance written notice of its offset of the remaining portion of the Purchase Price in May 2018, and thereafter was released from any further obligation to pay to the Sellers (including Al) the approximately $4.7 million still owing under the Promissory Note when the offset was triggered by MRI's advance written notice. ECF #600. There is no dispute about MRI's provision of notice and exercising its offset right under the SPA, because the parties filed a stipulation as to these facts in conjunction with the summary judgment motions. *Id*.

### A.   MRI's Summary Judgment Motion on Its Breach of Contract Claim Against Al and Al's Opposition

In MRI's offensive motion for summary judgment on its breach of contract claim against Al, MRI made no argument about damages despite identifying "resultant injury to the plaintiff" as an element of its breach of contract claim. ECF #601, pp. 42-44. MRI's proposed order, ECF #590, proposed nothing on damages for Count VIII. Al opposed MRI's motion on MRI's breach of contract claim based on the SPA's damages limitation provision, Section 8.7, and argued that because there is no dispute that MRI already achieved all the relief available to it in the event of any breach of the SPA by Sellers, MRI cannot prove the final element on any alleged breach of the SPA. ECF #621, pp. 29-30. As noted above, however, because MRI did not cite evidence in support of the "resultant injury" element of its claim, there were no MRI-cited damages facts to which Al had to

respond.  In its reply on its offensive motion, MRI did not address Al's argument about Section 8.7.  *See generally* ECF #625.

MRI also defensively moved for summary judgment on Al's fraudulent inducement counterclaim.  ECF #601, p. 60.  Al's fraudulent inducement counterclaim (and Al's corresponding affirmative defense to MRI's claims based on fraud, *see* ECF #388, ¶¶ 135, 169-177) asserted that MRI fraudulently induced him to sell his ownership in the Zwirn Entities by falsely representing that MRI would sell a portion of one of the Zwirn Entities back to Wendy, following Al's sale to MRI.  ECF #388, ¶¶ 135, 169-177.  In its defensive summary judgment motion on this counterclaim, MRI argued the counterclaim is precluded by the statute of frauds and that Defendants failed to identify any fraudulent misrepresentation, justifiable reliance, or damages.  Al opposed MRI's motion by arguing he was fraudulently induced to sign the SPA based on MRI's promises to sell some of the business that Al sold back to Wendy.  ECF #607, p. 8.  Al stated in his opposition to MRI's motion that "[f]raud in the inducement, if proved, would vitiate the parties' contract," meaning the SPA.  ECF #621, p 50 (citing *Sorchaga v. Ride Auto, LLC*, 909 N.W.2d 550, 557 (Minn. 2018)).  In its reply on its defensive summary judgment on Al's fraudulent inducement counterclaim, MRI argued the facts and repeated its contract integration argument (rejected by the Court in its summary judgment Order, *see* ECF #676, pp. 32-33), but did not appear to address Al's legal argument that fraud vitiates a contract, even a fully integrated one.  *See* ECF #625, pp. 2-4.

### B.    Al's Summary Judgment Motion and MRI's Opposition

Al defensively moved for summary judgment on MRI's breach of contract claim against him, based on the same argument he cited in opposition to MRI's affirmative motion on this claim—that because MRI could not prove damages (having already achieved the limit of relief available to it in the event of an alleged breach by Sellers under the SPA's offset provision and MRI's exercise of its offset right under the SPA), there was no set of facts under which MRI could prevail on its breach of contract claim at trial.   In response to Al's summary judgment motion on this claim, MRI did not dispute the accuracy of the stipulation, nor did MRI dispute the language of the SPA's Section 8.7.   Instead, MRI argued that prior to its provision of advance written notice of offset dated May 2, 2018, it "continued to pay the monthly installments under protest."  ECF #618, p. 58.  For this assertion, MRI did not cite legal or factual support.  *Id*.  MRI further argued, "MRI can certainly recover the difference between the amount released and the amount owed at the time that Brown breached the contractual agreement and formal notice was provided to Brown related thereto."  *Id*., p. 59.  MRI similarly did not cite legal or factual support for this assertion.  *Id*.  MRI offered no evidence that it provided notice of its right of offset prior to May 2018, nor did it offer evidence that Al caused MRI not to exercise its right under Section 8.7 of the SPA to initiate the offset until May 2018.

### C.    The State of the Summary Judgment Record on Damages Relating to MRI's Breach of Contract Claim Against Al

In opposing MRI's offensive summary judgment motion, there were no damages facts cited by MRI to which Al could respond.  Al did not present evidence or arguments

about the appropriate level of damages for an alleged breach of the SPA because (1) the SPA unambiguously defines the extent of the Sellers ultimate liability for a breach of the SPA (the "remaining portion of the Purchase Price payable under the Promissory Note . . . applied on advance written notice to the Sellers"); and (2) MRI's motion did not offer facts that differed from the parties' stipulation that the remaining portion of the Purchase Price payable under the Promissory Note, applied at the time of notice to Sellers of the exercise of the offset, was the approximately $4.7 million identified in the stipulation which was ultimately released following MRI's advance written notice of offset.  Indeed, because MRI never proffered any facts or argument in its offensive summary judgment motion to support the required damages element to prevail on its breach of contract claim, there were no proffered facts to which Al was obligated to respond to in order to demonstrate a dispute on that element.

Conversely, in Al's defensive summary judgment motion on the same claim, Al argued MRI could not prove damages, and in response to that motion, MRI cited no facts or legal argument sufficient to establish a genuine issue of fact on that element.  Al reiterated this same argument in opposition to MRI's offensive motion for summary judgment on this claim.

Because MRI neither proffered its own undisputed facts on damages nor countered Al's undisputed facts on damages with citations to facts or law, the parties' briefing on summary judgment relative to this claim demonstrates there is no genuine issue of fact that MRI cannot demonstrate its entitlement to any further relief for an alleged breach of the SPA—an essential element of MRI's breach of contract claim.

D.      **The Court's Summary Judgment Order**

On September 30, 2022, the Court granted MRI's offensive summary judgment motion on its breach of contract claim against Al, Count VIII, stating in relevant part that "Defendants present no reason why MRI should not be entitled to the difference between the value of the Promissory Note at the time of breach and May 2, 2018," and ordering "Defendants to pay the difference between the value of the Promissory Note at the time of breach and May 2, 2018." ECF # 676, p. 18.[2]

The Court separately denied MRI's defensive summary judgment motion on Al's fraudulent inducement counterclaim because, among other things, there were facts "sufficient to deny the motion" and "sufficient evidence for a jury to find that Allan Brown entered into the SPA because of MRI's assurances that it would sell the Minnesota Businesses." ECF # 676, p. 33.

On October 4, 2022, Defendants requested permission to file a motion for reconsideration of the Court's summary judgment Order, but only as to the Court's Order on MRI's breach of contract claim against Al, noting MRI's inability to recover further relief than it has already obtained under the SPA, the irreconcilability of the Order with respect to MRI's breach of contract claim against Al and Al's fraudulent inducement counterclaim, and the impropriety of the award of damages against all Defendants with

---

[2] It is manifestly incorrect that Defendants "present[ed] no reason" why MRI could not obtain the differential amount referenced by the Court.  Defendants presented two reasons why MRI is not entitled to the difference between the value of the Promissory Note at the time of breach and May 2, 2018:  the parties' factual stipulation and the SPA damages limitation and offset language.  *See* ECF #600; #607, p. 43; #608-2 Sec. 8.7.

respect to a breach of the SPA asserted only against Al, as the only Defendant who signed the SPA. The Court granted Defendants' request and provided permission to file a motion "specifically addressing analysis of the Stock Purchase Agreement and the facts, inconsistencies with other findings, and the liability of individual defendants."[3] Consistent with that order, this motion follows.

## ARGUMENT

### A. Reconsideration Exists to Correct Manifest Errors

Courts have "the inherent power to reconsider and modify an interlocutory order at any time prior to the entry of judgment." *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*, 48 F.3d 1066, 1070 (8th Cir. 1995); *Gerhardson v. Gopher News Co.*, 2011 U.S. Dist. LEXIS 979492, at *4 (D. Minn. Aug. 29, 2011) (Tunheim, J.); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and responsibilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). A summary judgment order is an interlocutory order when, as here, it resolves "fewer than all claims or parties." *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008); Fed. R. Civ. P. 54(b).

---

[3] MRI similarly sought, and was granted, leave to file a motion for reconsideration. Because that request and relief are MRI's to address, Defendants do not address it here but reserve all arguments in response to that motion.

Courts in the Eighth Circuit treat a reconsideration motion directed at a non-final summary judgment order as a Rule 60(b) motion for relief from that order.[4] *Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)).  A court may alter a judgment or order because of "mistake" or "any other reason that justifies relief."   Fed. R. Civ. P. 60(b)(1), (6).  Although Rule 60(b) provides the framework, courts generally have held the reconsideration standard for interlocutory motions to be "less exacting than the standards enunciated in Federal Rule of Civil Procedure 60(b)."   *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 434 F. Supp. 2d 640, 647 (N.D. Iowa 2006).   "Rule 60(b) is a motion grounded in equity and exists 'to prevent the [order] from becoming a vehicle of injustice.'"   *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (quoting *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996)).

A reconsideration motion thus serves a limited but critical function: "to correct manifest errors of law or fact or to present newly discovered evidence."   *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)).   Justice requires amendment when a court "has patently misunderstood a party" or "has made an error not of reasoning but of apprehension."   *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005).   A

---

[4] One earlier Eighth Circuit panel has noted Rule 60(b) "only applies to motions for relief from a '*final* judgment, order or proceeding.'"   *Interstate Power Co. v. Kansas City P&L Co.*, 992 F.2d 804, 807 (8th Cir. 1993) (emphasis added). This does not affect the Eighth Circuit's subsequent holding that Rule 60(b) provides the relevant framework for a reconsideration motion.  The power to alter an interlocutory order is inherent; Rule 60(b) guides the analysis.

district court has broad discretion to grant a reconsideration motion, which will not be reversed "absent a clear abuse of discretion." *Id.* at 813-14.

**B.    The Court Should Correct Its Manifest Errors In Its Summary Judgment Order Regarding MRI's Breach of Contract Claim Against Al**

The Court's summary judgment Order awarding judgment in favor of MRI on MRI's breach of contract claim against Al contains three independent manifest errors warranting correction.  <u>First</u>, the Order relies upon an availability of relief to MRI that is not permissible under the SPA.  The SPA sets forth the limits of the Sellers' obligation to indemnify the Buyers for a breach by Al (or the other Sellers) and further states how that relief can be obtained by MRI.  The parties do not dispute that MRI followed the SPA's steps for obtaining the "sole recourse" for indemnification available to it and has already obtained that recourse.  Because the full extent of indemnification available under the SPA has already been recouped by MRI, MRI cannot prove—under any set of facts in the record—the final element of its breach of contract claim against Al—the existence of damages—and its claim must therefore be dismissed with prejudice.  <u>Second</u>, the Order is irreconcilable with the Court's decision that Al's fraudulent inducement counterclaim must proceed to trial.  If Al prevails on this counterclaim at trial and the jury determines that MRI fraudulently induced Al to enter into the SPA, the SPA (i.e., the contract upon which MRI's current award is based) is "vitiated".  In other words, even if the damages issue (the first reason this Court must reconsider its summary judgment decision on MRI's Count VIII) were not fatal to MRI's claim that Al breached the SPA (which it is), the SPA is voidable if the jury finds MRI fraudulently induced Al to sign the SPA.  <u>Finally</u>, the Order

awards damages for MRI's claim for breach of the SPA against all Defendants.  But MRI asserted the breach of contract claim only against Al with respect to the SPA, and separately asserted that Defendant Milan Batinich breached his own employment contract.  Because MRI has never asserted that any Defendant other than Al is a party to the SPA, it is undisputed that only Al could be liable for any breach thereof.

        **1.**        **The Court Manifestly Erred Because the SPA Expressly Limits the Indemnification Obligation Available for Breach and There is No Genuine Dispute MRI Obtained That Relief and Has No Further Available Damages for Breach**

As MRI cited in its affirmative summary judgment motion, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Besett v. Hegg*, 890 F. Supp. 2d 1076 (D. Minn. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  In response to a summary judgment motion, a party must show with actual evidence there exists a genuine issue of material fact requiring trial.  *Matsushita Elec. Indus. Co. Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (cited by Defendants at ECF #607, p. 27).  Indeed, on both an affirmative summary judgment motion and a defensive summary judgment motion, the critical question is whether there is a genuine issue of material fact, based not "on mere allegations or denials in [a party's] pleadings," but on "specific admissible evidence-based facts" regarding the claim at issue.  ECF #601, p. 41 (citing *Besett*, 890 F. Supp. 2d at 1081-82).

Here, MRI's argument on its offensive summary judgment for its breach of contract claim against Al did not substantively address the final element of its breach of contract claim against Al—a "resultant injury" from the alleged breach.  In response to MRI's

motion, Al referred to undisputed facts consistent with the same undisputed facts on which he relied in support of his defensive motion—that MRI achieved all available relief for any alleged breach through the offset it achieved following advance written notice of such offset in May 2018, which is MRI's "sole recourse" for indemnification of a breach, as delineated by the SPA.  ECF #621, pp. 29-30.  In its reply in support of its affirmative motion on this claim, MRI did not dispute that the SPA includes the offset provision, and MRI did not dispute that MRI exercised and obtained the offset.  Instead, MRI argued— without citation to facts or law—that it is entitled to additional relief *despite* the express limitations of the offset provision and MRI's achievement all relief permitted by those limitations.  MRI's failure to cite legal or factual support for these arguments does not create a genuine issue of disputed fact, and MRI's breach of contract claim against Al should have been dismissed with prejudice.

The SPA's undisputed, unambiguous offset provision states that MRI's "sole recourse" for Sellers to indemnify MRI for any damages caused by any breach of the SPA is the "offset of the remaining portion of the Purchase Price payable under the Promissory Note."  ECF #608-2, Sec. 8.7.  This offset can be achieved only on advance written notice to the Sellers.  *Id*.  In his defensive summary judgment motion, Al set forth this language, and additionally set forth the parties' factual stipulation that "[o]n May 2, 2018, MRI offset the remaining portion of a Promissory Note by providing formal written notice to MBM Assoc. Inc., as Administrative Payee under the aforementioned Note."  ECF #600; ECF #607, pp. 4-5.  On this issue, Al argued:

Here, the SPA includes a limitation of damages provision in its indemnification provision. It provides that Sellers (the Zwirns and Al) were obligated to indemnify Buyers (MRI) for damages resulting from a breach of the SPA. But the obligation to indemnify is expressly limited to the right to offset any amounts still owing on the Promissory Note. MRI exercised its right to offset in May 2018, and thereafter was released from any obligation to pay the approximately $4.7 million still owing under the Promissory note when the right to offset was triggered. Because the only available damages for breach of the SPA have already been achieved, there are no additional damages that can possibly awarded, thus MRI cannot succeed on its claim Al breached the SPA.

ECF #607, p. 43.

In response to this argument, MRI argued that it notified Al of his *breach* on November 3, 2017. ECF #618, p. 58. MRI claimed, without citing to the SPA or providing any other factual or legal authority, that (1) the offset did not provide MRI with a "full and final resolution of all monies owed at the time of notification to Brown of his breach"; (2) MRI had to expend legal fees to obtain the offset; (3) Al fraudulently induced MRI into signing the SPA, so Al cannot rely on the SPA's damages limitation provision; and (4) even if the SPA's offset provision applies, "MRI can certainly recover the difference between the amount released and the amount owed at the time that Brown breached the contractual agreement and formal notice was provided to Brown related thereto."[5] ECF #618, p. 59.

None of MRI's arguments presented in response to Al's arguments at summary judgment have the capacity to defeat the application of the undisputed, unambiguous

---

[5] MRI's purported fourth argument appears to be the same as its first argument, but Defendants include it here for completeness.

language of the SPA's offset provision, which when considered with the parties' factual stipulation, precludes any award of damages on MRI's claim that Al breached the SPA.

First, whether MRI obtained a "full and final resolution of all monies" it believes it was owed at the time it notified Al of his alleged breach (MRI's arguments #1 and #4) is immaterial in the face of the SPA's plain, unchallenged language. The parties do not dispute that the offset provision says that the offset right is "Buyer's sole recourse" for indemnification for Losses as a result of any breach of the SPA. MRI argued that notwithstanding the SPA's unambiguous language, because this "sole recourse" purportedly is insufficient relief for MRI, the Court should ignore that unambiguous language. But in opposition to Al's motion, MRI did not cite legal authority supporting MRI's belief that the Court could and must ignore the SPA's language, and it did not address the offset language in its offensive motion for summary judgment. Rather, the language of the offset provision, unchallenged by MRI as to its unambiguity, says the opposite of MRI's claim that additional damages are warranted:

> "Notwithstanding anything to the contrary contained herein, **Buyer's sole recourse for indemnification from Sellers shall be by way of an offset of the remaining portion of the Purchase Price payable under the Promissory Note. Such offset shall be applied on advance written notice to the Sellers of no less than 30 days**."

ECF #608-2, Sec. 8.7 (emphasis added). The SPA's unambiguous offset provision says nothing about the Promissory Note's value at the time of alleged breach, or the value at the time MRI provides notice of an alleged breach. Those facts are irrelevant under the SPA's unambiguous offset provision and considering the parties' factual stipulation.

In other words, the *only* recourse for indemnification available to MRI for any breach of the SPA by the Sellers is through the offset of what *remained* of the Promissory Note at the time of exercise of the offset, which offset could be applied only on advance written notice. MRI did not argue its notice of breach sent on November 3, 2017, operated as the notice of offset. Instead, MRI stipulated to the fact, and therefore it is undisputed, that MRI achieved an offset of the remaining portion of the promissory note by providing written notice on May 2, 2018; MRI argued it provided notice only of *breach* on November 3, 2017.

Notice of <u>offset</u> and notice of *breach* are different, and only one is accounted for within the SPA's unambiguous offset provision—notice of <u>offset</u>. Indeed, the parties' stipulation plainly states: "On May 2, 2018, MRI <u>offset</u> the remaining portion of a Promissory Note by providing formal written notice to MBM Assoc., Inc. as Administrative Payee under the aforementioned Note." ECF #600 (emphasis added). Because the SPA's offset provision unambiguously states that offset of the remaining portion of the Promissory Note, applied only on advance written notice of "[s]uch offset", was the only indemnification recourse available to MRI in the event of a breach by Al, and because there is no dispute that MRI exercised its right of offset upon written notice to Sellers dated May 2, 2018, which resulted in a full and final release of the amount then outstanding on the Promissory Note at the time the notice of offset was provided, there are no available damages left under the SPA. The SPA is the source of truth regarding what relief is ultimately recoverable for a breach of the SPA and how it is obtained, and the

parties have stipulated that relief has already been obtained, leaving no issue for trial on MRI's Count VIII.

MRI's other two arguments in support of its summary judgment motion on its breach of contract claim against Al (MRI's arguments #2 and #3, *supra*) do not appear to have been cited by the Court in its Order.  ECF #676, p. 18.  For completeness, Defendants nonetheless address those arguments on which the Court apparently did not rely.  MRI's argument that the SPA's offset provision should not apply because MRI had to expend legal fees to obtain the offset is unavailing because the SPA states—in unambiguous language unchallenged by MRI—that no matter what (e.g., regardless any party's expenditures of attorneys' fees), MRI's "sole recourse" for indemnification based on any breach is just the offset (on advance written notice).  MRI cited no authority for its attorneys' fees argument, and the SPA provides no such hook, since it states the sole recourse for indemnification under the SPA is the offset right.  The offset provision does not provide for any ability to obtain fees associated with obtaining the offset, and indeed, attorneys' fees are subsumed within the possible recovery subject to the indemnification provision.  *See* ECF #608-2, Art. X (defining the "Losses" subject to the indemnification obligation and offset provision as "actual out-of-pocket losses, damages, liabilities, costs or expenses, *including reasonable attorneys' fees*" (emphasis added)); ECF #607, pp. 4-5 (addressing these points).  Moreover, MRI's fees assertion is not a defense to Al's unambiguous contractual language-based argument; it is at best an immaterial fact that lacks citation.

Finally, MRI's argument that the SPA's unambiguous offset provision should not apply because Al fraudulently induced MRI to sign the SPA was essentially rejected by the Court when the Court granted Defendants' defensive summary judgment motion and denied MRI's offensive summary judgment motion on MRI's fraudulent inducement claim.[6]  The Court stated, "MRI fails to point to any record evidence indicating that Allan Brown made a false statement."  ECF #676, p. 13.  With no such record evidence, MRI did not and cannot prevail on its fraudulent inducement claim, so that rejected argument cannot prevent Al from seeking to enforce the SPA's offset provision.

Because the Court manifestly erred in concluding the SPA's offset provision and the parties' stipulation regarding MRI's exercise of its rights under that provision does not preclude MRI's ability to prove damages on its claim for Al's breach of the SPA, the Court should reconsider and revise the Order to deny MRI's motion and grant Al's motion on MRI's Count VIII.

> **2.    The Court Manifestly Erred Because Al's Fraudulent Inducement Counterclaim Allows Him to Void the SPA If He Prevails at Trial, Precluding Summary Judgment in MRI's Favor on Its Claim that Al Breached the SPA**

Al asserted a fraudulent inducement counterclaim.  ECF #388, ¶¶ 169-177.  MRI moved for summary judgment on this counterclaim; the Court denied the motion, stating

---

[6] As noted above, MRI made a fraudulent inducement argument in response to Al's arguments about the SPA's damages limitation provision.  The only fraudulent inducement by Al to MRI relative to the SPA as alleged by MRI in support of its motion for summary judgment appears to be that Al misled MRI regarding the payment of a broker's fee, which alleged misrepresentation the Court addressed in its analysis of MRI's Count II.  *See* ECF #676, p. 13.

there were facts "sufficient to deny the motion" and "sufficient evidence for a jury to find that Allan Brown entered into the SPA because of MRI's assurances that it would sell the Minnesota Businesses [to Wendy]."  ECF #676, p. 33.

As Defendants argued in their response to MRI's defensive summary judgment motion on this counterclaim, fraud vitiates a contract, and there was evidence sufficient for a jury to determine Al was induced to sign the SPA because of MRI's promises to sell the Minnesota business to Wendy.  *Sorchaga*, 909 N.W.2d at 557 ("Common-law fraud vitiates a contract in the sense that fraud renders a contract voidable.") (cited by Defendants at ECF #621, p. 50).  Thus, if Al prevails on his fraudulent inducement counterclaim at trial, he can void his assent to the SPA, leaving MRI with no claim against Al for breaching the vitiated SPA.  Because that remedy remains available, the Court manifestly erred in determining before trial that Al breached the SPA.  If the Court does not otherwise reconsider and revise its summary judgment Order to deny MRI's motion and grant Al's motion on MRI's Count VIII for the reasons explained *supra* § B.1., the Court should reconsider and revise its summary judgment Order to deny MRI's summary judgment motion on MRI's claim that Al breached the SPA because it is irreconcilable with the Court's conclusions regarding Al's fraudulent inducement counterclaim and affirmative defense.

### 3.      The Court Manifestly Erred in Entering an Award on MRI's SPA Breach of Contract Claim Against All Defendants When Al is the Only Defendant Who Is a Party to the SPA

The Court's summary judgment Order ordered "Defendants" to pay the damages on MRI's claim that Al breached the SPA.  But MRI's claim asserting breach of the SPA was

targeted only against Al, and Al is the only Defendant who is a signatory to the SPA.  As a result, none of the other Defendants are bound by the SPA, none of the other Defendants can have breached the SPA, and none of the other Defendants can be bound to pay damages allegedly resulting from any such breach.  It would also be manifestly unfair to order liability against other Defendants who had no notice they could be held liable for breaching a contract they never entered, and who therefore had no reason to present defenses to such liability.  Because the Court manifestly erred in awarding a contractual remedy for breach of an agreement to which the other Defendants were not parties, to the extent the Order otherwise stands its liability determination on MRI's breach of contract claim must be revised to bind only Al.

## CONCLUSION

For the above-stated reasons, Defendants respectfully request the Court reconsider its summary judgment Order and revise it, based on the SPA's damages limitation damages provision, to deny MRI's summary judgment motion on its claim Al breached the SPA, and grant Al's summary judgment motion on the same claim.  Alternatively, the Court should deny both motions given that Al's remedy for his fraudulent inducement counterclaim, if that counterclaim prevails at trial, would allow Al to void his assent to the SPA.  Finally, if the Order granting MRI's summary judgment motion on its breach of contract claim stands, the Order should be revised to award damages only against Al, as the only one of the Defendants who is a party to the SPA.

NILAN JOHNSON LEWIS PA

Dated:  November 14, 2022

By:  _s/  Katie M. Connolly_
      Donald M. Lewis (#62844)
      Joel Andersen (#352573)
      Katie M. Connolly (#0338357)
      Austin J. Spillane (#0400317)
      250 Marquette Avenue South, Suite 800
      Minneapolis, MN 55401
      Phone:  (612) 305-7500
      Fax:  (612) 305-7501
      dlewis@nilanjohnson.com
      jandersen@nilanjohnson.com
      kconnolly@nilanjohnson.com
      aspillane@nilanjohnson.com

ATTORNEYS FOR DEFENDANTS