**MORRIS & MORRIS**, P.S.C.
GC WIRELESS – RETAINED GENERAL COUNSEL SERVICES
217 NORTH UPPER STREET
LEXINGTON, KENTUCKY 40507-1016
M-MLaw.com

FROM THE DESK OF JAMES M. MORRIS

TELEPHONE:(859) 281-6981
FACSIMILE: (859) 233-7876

December 22, 2022

SENT VIA ELECTRONIC MAIL ONLY

The Honorable John R. Tunheim
United States District Court Judge, District of Minnesota
300 South Fourth Street, Chambers 15
Minneapolis, MN 55415

RE:   0:17-cv-05009-JRT-DTS; MRI v. A.W. Companies, et al

Dear Judge Tunheim:

     Plaintiff respectfully submits this request for permission to seek reconsideration, pursuant to Local Rule 7.1(j) of this Court's Opinion & Order, ECF#676, based upon Findings of Fact and Conclusions of Law entered by the Arbitrator as part of the Final Award entered in the companion Arbitration Proceeding, ECF#718-8, as referenced in MRI's Motion to Enforce, ECF#716, which may impact certain findings rendered therein.[1]  As set forth in LR 7.1(j), "[a] party must show compelling circumstances to obtain permission [to reconsider]."  MRI submits that each of the following direct Findings and/or Conclusions warrant reconsideration, as set forth below:

- "Following the separation of [Allan's] employment with [MRI] on October 30, 2017, he has been involved in the operations of [AW]." *Id.* at 6.
- "[A]ll parties were aware that there had been no transfer of assets to Wendy." *Id.* at 12.
- "[Allan's] activities were, virtually by definition, materially adverse to [MRI's] interests, especially as they related to [] significant and sustained actions in assisting with the creation and operation of a competitive company following his separation from MRI." *Id.* at 21.
- "[Allan] provid[ed] on-going assistance (both direct and indirect) to AW by his activities relat[ed] to identifying, procuring, furnishing and/or utilizing [MRI's] Confidential Information as expressly prohibited [in his Agreement]." *Id.* at 22-23.
- "[MRI's Confidential Information] was not generally known or accessible to others and was the subject of reasonable efforts by [MRI] to maintain its secrecy." *Id.* at 26.
- "[Allan] and Wendy launched an audacious, persistent, and (ultimately) effective effort to hastily set up a business to compete with [MRI] by targeting its existing clients, recruiting its employees, and (using Respondent's insider knowledge of the industry and [MRI's] business

---

[1] MRI delayed filing of the within request as a result of the then-pending unsuccessful mediation.  ECF#728.

**MORRIS & MORRIS, P.S.C.** ❖ **RETAINED GENERAL COUNSEL SERVICES**

✧ DC ✧ Florida ✧ Georgia ✧ Illinois ✧ Kentucky ✧ Michigan ✧ Ohio ✧ Pennsylvania ✧ Tennessee ✧ Texas ✧ Virginia ✧

The Honorable John R. Tunheim, United States District Court Judge
December 22, 2022
Page 2

- information and practices), aggressively attempting to convert its existing and prospective customers (dozens of examples provided.) *Id.* at 27.
- "[Allan was] [] involved with the downloading and/or utilization of confidential and proprietary business information of [MRI]." *Id.* at 28.
- "[Allan's] significant and on-going personal ("direct" and "indirect", out front and behind the scenes) activities related to this effort, as documented throughout this record, were critical to launching AW and to approaching [MRI's] employees and customers—resulting in both AW's success and significant damages [MRI's] business operations and profitability." *Id.* at 28-29.
- "[Allan] and Wendy [] understood that the nature and level of [Allan's] involvement in various of these efforts was problematic, and that they had often made efforts to disguise or down-play the extent of that involvement. That evidence supports a finding that [Allan's] conduct was intentional, and that he recognized that it was inconsistent with his obligations." *Id.* at 29.
- "[Allan] and Wendy Brown did not slow down, nor did they take direct legal action to contest [MRI's] positions or clarify their own legal rights and obligations. Rather, substantial record evidence supports the finding that they plunged ahead to 'take what they wanted'." *Id.* at 30.
- "[MRI] has proven by the preponderance of evidence that [Allan] engaged in multiple violations of the [Employment] restrictive covenants [], and that, as a direct and foreseeable consequence of those violations, [MRI] suffered significant damages. *Id.* at 31.
- "[Allan] repeatedly used his unique position with and insider knowledge of [MRI] to attempt to influence its relationships with its existing employees and customers…. Constitut[ing] Tortious Interference with Prospective Advantage…" *Id.* at 37.
- "[Allan's] intentional and improper actions resulted in [MRI] significant loss of customers."*Id.*
- "[Allan] was uniquely positioned to have understood and appreciated [MRI's] financial and business expectations related to the purchase of the Zwirn businesses." *Id.* at 38.
- "[Allan] repeatedly engaged in [] misappropriation of trade secrets." *Id.* at 46.
- [Allan's] misappropriation of [MRI's] Confidential Information (including Trade Secrets)…resulted in substantial damage to [MRI's] business [] and profitability." *Id.* at 47.
- MRI proved Fraudulent Misrepresentation [ p.33], Fraud [p.35], Conspiracy [p.39], Misappropriation of Trade Secrets in his support of Wendy and AW Companies*.* [p.47]

MRI respectfully submits that, based upon these additional findings, not in existence at the time of the original Opinion, the Court should reconsider its rulings, as they pertain to Allan, and Allan's assistance to Wendy and/or AW Companies, on Fraud, Civil Conspiracy, Tortious Interference with Contract, Misappropriation of Trade Secrets (and the inter-related findings regarding MRI's attempts to protect its trade secrets), Wendy Brown's Counterclaim for Breach of Contract, and Allan Brown's claim for Fraudulent Inducement.

Wherefore, MRI submits that this constitutes extraordinary circumstances allowing for reconsideration of the issues relative to the subsequent Arbitration Award addressing the same core operative facts as those addressed in the Court's Opinion & Order. [ECF#676].

Sincerely,

*/s/ James M. Morris*
James M. Morris