

250 MARQUETTE AVENUE SOUTH, SUITE 800
MINNEAPOLIS, MN 55401

Joel Andersen
(612) 305-7747
jandersen@nilanjohnson.com

December 30, 2022

The Honorable John R. Tunheim
U.S. District Judge
United States District Court, District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

**Re:** *Management Registry, Inc. v. A.W. Companies, Inc., et al.*
File No. 0:17-cv-5009 (JRT/DTS)

Dear Judge Tunheim:

Defendants oppose MRI's latest request for permission to move the Court for more reconsideration of this Court's Summary Judgment Order ("Order"). *See* ECF 729.

MRI bases its latest request on factual findings from the Kentucky Arbitration. Multiple reasons support denial of MRI's latest request.

First, none of the underlying facts are new. All the facts have existed for years, all before the Order, and all before MRI's previous reconsideration request.

Second, to the extent MRI seeks to insert the Kentucky Arbitration's factual *findings* in this Minnesota litigation, that is impermissible. "[A]rbitration findings are not admissible in evidence, so cannot be considered for purposes of summary judgment." *Cincinnati Ins. Co. v. Mo. Hwys. & Transp. Comm'n*, 2014 U.S. Dist. LEXIS 128394, at *55-56 (W.D. Mo. 2014); *see also Jackson v. Bunge Corp.,* 40 F.3d 239, 246 (7th Cir. 1994) ("[T]here is no requirement that the [district] court must allow an arbitration decision to be admitted at all.").

Third, to the extent MRI seeks to have this Court take judicial notice of the Kentucky Arbitration's factual findings, that too is impermissible. *See, e.g.*, *Stacks v. Southwestern Bell Yellow Pages*, 27 F.3d 1316, 1326 (8th Cir. 1994) ("Yellow Pages asks that we take judicial notice of an arbitration decision finding that Stacks had been dismissed for just cause under the collective bargaining agreement. Although we take notice of the decision, we do not defer to it, nor give it any weight."); *Asphalt Trader Ltd. v. Beall*, 2019 WL 4932748, at *6 (D. Utah 2019) ("Although the court will take judicial notice of the arbitration proceedings and award, it does not follow that the arbitration findings—let alone allegations made by Plaintiff in the arbitration proceedings—are conclusive or binding in

this litigation. When a court takes judicial notice of the proceedings of another tribunal, it generally takes notice of the fact that they happened-not the truth of any conclusions drawn by the other tribunal.").

Fourth, the Kentucky Arbitration decision specifically instructed against its findings being considered in any other forum (assumedly anticipating MRI's present gambit): "It is noted that disputes related to this history, between these and other parties, have also resulted in litigation in the federal courts in Illinois and Minnesota (some of which is on-going as these claims are being decided). As has been noted at numerous stages of this arbitration, it is recognized that claims in this case may overlap claims in proceedings in other jurisdictions. ***In making findings on the claims accepted for adjudication herein***, and as further defined by the Scope Order, ***this Arbitrator*** recognizes that he is not authorized to interpret or enforce the orders of other courts, and he ***does not intend for the findings in this arbitration to preclude or influence the consideration of similar or related claims in any other jurisdiction***."

If the Court is nonetheless inclined to grant MRI's latest reconsideration request, it should do so accepting MRI's own theory that all interrelated facts bear reconsideration of all issues, including the damages awarded against Allan Brown on the breach of SPA claim (currently being reconsidered on other grounds). According to MRI, there is one collective factual story which supported damages in the Kentucky Arbitration, and which now should support damages in the Minnesota litigation. Since MRI has already been awarded damages in the Kentucky Arbitration flowing from that single collective factual story, it should not be duplicatively awarded damages in the Minnesota litigation for Allan Brown's breach of the SPA which, now according to MRI, flowed from the same collective factual story. So if the Court accepts MRI's theory, it should accept it completely, and the Court should further reconsider whether it improperly awarded damages against Allan Brown on the breach of the SPA claim as duplicative of damages awarded against Allan Brown in the Kentucky Arbitration (if that SPA breach claim otherwise survives the Court's pending reconsideration).

Respectfully submitted,

NILAN JOHNSON LEWIS PA

Joel Andersen