## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Management Registry, Inc.,

     Plaintiff,

v.

A.W. Companies, Inc., et al.,

     Defendants.

Case No. 17-cv-5009 (JRT/DTS)

**ORDER**

## INTRODUCTION

While an earlier Motion for Spoliation Sanctions [Dkt. No. 534] was under advisement, Plaintiff Management Registry, Inc. (MRI) moved in a "supplemental motion" for sanctions against Defendants A.W. Companies, Allan Brown, and Wendy Brown for various alleged discovery abuses. Dkt. No. 651. Because that supplemental motion essentially reiterates the same basis for its now-denied Motion for Spoliation Sanctions (see Dkt. No. 673), as well as earlier motions for sanctions, the supplemental motion [Dkt. No. 651] is denied.

## FINDINGS OF FACT

The Court has already recounted the tumultuous and lengthy discovery process in this case and incorporates those earlier recitations by reference. *See* Dkt. Nos. 404, 673. In short, while an earlier Motion for Spoliation Sanctions was under advisement with Judge John R. Tunheim, MRI brought a "supplemental motion for sanctions based on substantial withheld evidence." Dkt. No. 651. Shortly after this filing, Judge Tunheim denied the former spoliation sanctions motion (Dkt. No. 673).

MRI contends there is ongoing spoliation of Defendants' records that are vital to MRI's case. Plaintiff's Corrected Memorandum in Support of Its Supplemental Motion for Sanctions (Pl. Mem.) at 16; Dkt. No. 663. MRI claims that, after sifting through production from a related state lawsuit (the state suit), it has identified records this Court ordered Defendants to produce here, but which have not been produced. *Id.* at 17. Among the records MRI claims were produced in the state suit that have not been produced here are (1) employee records including "AW Companies, Inc. Employee Voucher Reports" and "Employee Wage Statements;" (2) AW Companies financial records including "Gross Profit Detail Reports," "Sales Transactions Reports," profit and loss statements, and "AW Companies Inc. Income Statements, among others; (3) the Browns' personal emails; (4) AW Companies Emails; and (5) documents produced in the state suit that should have been produced here.[1] *Id.* at 17-28.

The Court notes that the allegations about the Browns' emails and AW Companies emails closely track an argument MRI made in its last Motion for Spoliation Sanctions. Dkt. Nos. 534, 535. There, MRI claimed Wendy Brown had perjured herself by claiming to have "conducted full searches of personal email accounts . . . and providing all relevant communications to counsel for MRI." Dkt. No. 535 at 8. Furthermore, MRI alleged that employees of AW Companies lied about their compliance with document retention notices relating to this lawsuit. *Id.* Judge Tunheim determined MRI had failed to provide sufficient evidence of perjury, which requires proof of willful intent to provide false testimony. *See*

---

[1] This last category overlaps with the other categories, as the documents produced in the state suit are what MRI relies on as evidence that Defendants failed to comply with earlier orders. *See, e.g.,* Pl. Mem. at 17, 18, 20, 21, 22, 23, etc.; Dkt. No. 663.

Dkt. No. 673 at 13 (citing *Baycol Steering Comm. V. Bayer Corp.*, 419 F.3d 802, 804 (8th Cir. 2005)).

Here, MRI essentially argues that the production of certain documents in the state suit proves Defendants have not complied with their discovery obligations in this case because the documents produced in the state suit were not produced here as MRI claims was required by earlier court orders. Pl. Mem.; Dkt. No. 663. MRI asks the Court to strike Defendants' answer and counterclaims, dismiss the counterclaims with prejudice, and enter default against the Defendants. *See id.* at 29; Dkt. No. 663. Defendants, by contrast, argue that (1) MRI has received the allegedly withheld documents multiple times, or has received the same information in other forms multiple times; and (2) this motion is untimely because MRI received the state suit production years ago yet only moved for sanctions now. Defendants' Memorandum in Opposition to Plaintiff's Supplemental Motion for Sanctions (Def. Mem.); Dkt. No. 682. The parties also provided dueling tables identifying document production, each purporting to support their view that information was or was not produced. Def. Mem. at 25-27; Dkt. No. 682; Plaintiff's Reply in Support of Motion for Sanctions (Pl. Reply) at 2-4; Dkt. 702.

There is no dispute that Defendants' former counsel behaved badly and the Court sanctioned him years ago for his conduct. *See* Dkt. Nos. 359, 380, 387; 404, 442. As upsetting as his behavior was—and as acrimonious as this case became as a result— continuing to rehash past abuses will not move this litigation forward. Former counsel was sanctioned in April 2020, terminated, and has not appeared in this case in over two years. *See* docket. Yet the bulk of MRI's briefing on this motion details events that predate both MRI's most recent sanctions motion [Dkt. Nos. 534, 535], as well as former counsel's

termination. Pl. Mem., *passim*; Dkt. No. 663. Even the state suit documents which MRI argues prove Defendants have not complied with their discovery obligations were produced as early as November 2019. Decl. of Katie Connolly, Ex. B; Dkt. No. 683-1. The Court is not convinced the complained-of conduct at issue in this motion is new. The basis for MRI's motion seems to be the very same conduct this Court has addressed numerous times before. Because the Court has already addressed this conduct in earlier proceedings, it will not disturb those findings now.

## CONCLUSIONS OF LAW

### I.      Legal Standard

The Federal Rules of Civil Procedure 37(b)(2) provides for the imposition of sanctions "[if] a party or a party's officer…fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). The rule also enumerates various sanctions the Court may impose. *Id.* at 37(b)(2)(A)(i)-(vii). Furthermore, the Court possesses "broad and powerful" inherent authority to impose discovery sanctions, though this authority "should be used sparingly." *Sentis Grp., Inc., Coral Grp. Inc. v. Shell Oil Co.*, 559 F.3d 888, 900 (8th Cir. 2009). Sanctions may be warranted both as a penalty for and a deterrent to bad conduct. *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

### II.     Spoliation

MRI has not demonstrated dismissal is warranted in this case. Dismissal as sanction for spoliation of evidence requires a "finding of intentional destruction indicating a desire to suppress the truth." *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1006 (8th Cir. 2006) (quoting *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir.

4

2004)). Dismissal is a "drastic and extremely harsh sanction." *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993). In addition, the moving party must demonstrate they have suffered prejudice resulting from the spoliation. *E*Trade Secs. LLC, v. Deutsche Bank AG*, 230 F.R.D. 582, 592 (D. Minn. 2005) (citing *Stevenson*, 354 F.3d at 748)). As Judge Tunheim noted in his order on the last sanctions motion, MRI has not provided any evidence that Defendants intentionally destroyed evidence. *See* Dkt. No. 673 at 17. That MRI has not received information in the form it wants does not demonstrate that Defendants destroyed anything. Nor has MRI adequately explained how it has been prejudiced by Defendants' alleged spoliation. Sanctions on this basis are inappropriate.

## III.    Perjury

MRI claims Wendy Brown perjured herself in a declaration executed on December 21, 2019. Pl. Mem. at 13-16; Dkt. No. 663. The declaration stated, among other things, that she had conducted searches of her personal email account, along with Allan Brown and Tyler Brown's personal email accounts. *Id.* at 14. Ms. Brown also declared she had completed full searches of A.W. Companies' employees' email accounts. Plaintiff's perjury claim here is the same argument Judge Tunheim already addressed in his Memorandum Order and Opinion, Docket Number 673, denying the motion. MRI has not provided any new evidence of perjury in this motion and the Court thus denies MRI's supplemental motion.

Perjury requires proof that a witness has willfully and intentionally provided false testimony on a material matter. *United States v. Waters*, 799 F.3d 964, 94 (8th Cir. 2015). For the Court to exercise its inherent authority to sanction fraudulent testimony, perjury must be definitively proven. *Baycol Steering Comm.*, 419 F.3d at 804. As in its earlier

motion [Dkt. Nos. 534, 535], MRI has not provided sufficient evidence that Wendy Brown willfully and intentionally lied in her declaration. *See* Mem. Order and Opinion, Dkt. No. 673 at 14. A legal conclusion that conduct was "intentional" is not evidence of such a conclusion. MRI has not identified any new evidence to suggest perjury; all of the conduct they identify occurred before their Motion for Spoliation Sanctions [Dkt. 534] and Judge Tunheim's order on that motion [Dkt. No. 673]. Again, the Court will not reopen or reassess its earlier findings.

At oral argument on this matter, Defendants' counsel made clear that they feel they have complied with applicable court orders and produced documents responsive to discovery requests, yet MRI wants the information in a different form; MRI wants the information in this case in the same form they received it in the state case. To the extent practicable, therefore, the Court orders Defendants to produce the Employee Voucher Report listing each employee, consistent with the example found in Dkt. No. 665 and 665-1, Exhibits E and F, covering the same time period. This order *does not reopen discovery*, and Defendants' production is limited to only the document listed here.

**IT IS HEREBY ORDERED:**

1.      MRI's Supplemental Motion for Sanctions [Dkt. 651] is **DENIED.**

2.      Defendants shall produce to Plaintiff within 60 days of this Order Employee Voucher Report listing each employee, consistent with the example found in Dkt. No. 665, 665-1, Exhibits E and F.

Dated: January 27, 2023                        ___s/David T. Schultz_____
                                               DAVID T. SCHULTZ
                                               U.S. Magistrate Judge