**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Management Registry, Inc., | Case No. 17-cv-5009 (JRT/DTS) |
| Plaintiff, | |
| v. | **ORDER & REPORT** |
| | **AND RECOMMENDATION** |
| A.W. Companies, Inc., et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff Management Registry, Inc. (MRI) moves to supplement its Amended Complaint to assert a claim for fraudulent transfers and to add Nilan Johnson Lewis, PA (NJL) as a Defendant. Dkt. No. 853. MRI also seeks pre-judgment attachment of assets against Defendants A.W. Companies, Inc., Wendy Brown, and NJL to redress the allegedly fraudulent transfers. *Id.* Defendants oppose the motion as untimely, futile, and frivolous and seek attorney's fees. Dkt. No. 865. For the reasons set forth below, the Court denies MRI's motion to supplement but also denies Defendants' request for attorney's fees. The Court also recommends MRI's motion for pre-judgment attachment of assets be denied.

## FINDINGS OF FACT

The parties have been engaged in litigation for over six years, the history of which has been thoroughly documented in numerous prior orders of this Court. *See* Dkt. Nos. 381, 435, 789. In short, MRI is a company comprised of small staffing agencies. Dkt. No. 59 ¶¶ 1-2. In 2017, MRI purchased a number of agencies from Defendant Allan Brown

(Allan) and kept him on as president of many of the acquired businesses. *Id.* ¶¶ 13-17. Allan and MRI then discussed the potential sale of those acquired businesses to Allan's wife, Defendant Wendy Brown (Wendy). *Id.* ¶ 31. The proposed acquisition fell through, spawning the claims underlying this litigation. *Id.* ¶ 41. After the acquisition fell through, Allan left MRI and began working at Wendy's staffing agency, A.W. Companies, Inc. (A.W.). *Id.* ¶ 42. For a short time, February to September 2018, A.W. assigned Allan to work with TempWorks, a software and payroll company owned and operated by David Dourgarian. *See* Dkt. No. 856-10.

On November 3, 2017, MRI sued Allan, Wendy, A.W., and Eric Berg[1] (collectively, "Defendants").[2] Dkt. No. 1. Defendants answered and filed multiple counterclaims against MRI. Dkt. No. 72. Of importance to this motion, numerous claims against Allan and counterclaims against MRI were resolved in arbitration proceedings in November 2022. *See* Dkt. No. 772-10. On June 29, 2023, the Court entered an arbitration award against Allan in favor of MRI in the amount of $1,568,864.69, plus interest at a rate of 6% per annum. Dkt. No. 790. Since that time, MRI has attempted to collect the judgment without success. *See* Dkt. Nos. 854 at 2-3, 857-1 ¶ 67. MRI alleges that discovery responses from Allan, documents from TempWorks, and depositions of Allan and A.W. have revealed that, since 2017, Defendants have engaged in fraudulent transfers intending to leave Allan unable to pay MRI's judgment. Dkt. No. 854 at 2-4.

First, on March 21, 2022, MRI discovered that TempWorks paid Allan's weekly salary of $5,500 directly to A.W. between February and September 2018, and in return,

---

[1] The Parties stipulated to dismiss Defendant Berg from the case. Dkt. No. 163.
[2] On March 21, 2019, the Court consolidated this case and MRI's case against Milan Batinich, MRI's former employee, adding him as a Defendant. Dkt. No. 179.

A.W. paid Allan only $10 to $15 per hour. Dkt. No. 856-14 at 2-3 (Allan Arbitration Dep.); *see* Dkt. Nos. 856-12 at 4-8 (Allan Post-Judgment Dep.), 856-10 (TempWorks employment contract), 856-11 (TempWorks invoice), 856-13 (communication regarding salary). MRI believes these transfers illustrate a "clear attempt to shift his assets out of [Allan's] name." Dkt. No. 854 at 12.

Second, sometime before June 29, 2023, MRI uncovered an entry on Allan's 2017 tax return indicating he received $166,160 for consultant work, which Allan could not recall receiving.[3] Dkt. No. 854 at 17-18; *see* Dkt. No. 856-29 (Allan 2017 tax return). MRI believes it is entitled to trace that income. Dkt. No. 854 at 17-18.

Third, MRI learned before July 28, 2023 that TempWorks paid Allan's weekly housing allowance of $585.69 directly to A.W. from February to September 2018.[4] Dkt. No. 856-17 at 2-6 (A.W. Dep.); *see* Dkt. Nos. 856-13 (communication regarding housing allowance), 856-15 (TempWorks wage verification to obtain lease). MRI believes Allan intended to "launder his income through A.W." to shift assets out of his name. Dkt. No. 854 at 7, 14.

Fourth, MRI discovered on July 28, 2023 that A.W. spent "millions of dollars" on Allan's legal expenses starting in 2017, while only paying him $10 to $15 per hour for his work. Dkt. Nos. 856-17 at 14-15 (A.W. Dep.); 856-12 at 4-7 (Allan Post-Judgment Dep.). MRI believes A.W.'s legal payments, "in lieu of proper compensation," are an attempt to avoid creditors. Dkt. No. 854 at 15-16.

---

[3] MRI has not provided the date it received the tax documents but represented at the hearing on this motion that it received them prior to entry of the arbitration award.

[4] MRI has not provided the date it received records from TempWorks but discussed the housing allowance at A.W.'s post-judgment deposition on July 28, 2023. Dkt. No. 856-17 at 2-6.

Fifth and finally, on July 28, 2023, MRI learned that Allan, Wendy, and A.W. have allegedly comingled numerous assets, including a loan from the Browns to A.W. in 2017, a loan from A.W. to Allan in 2018, and cars the Browns sold to A.W. in 2022 (or before) but continued to use in 2023. *See* Dkt. No. 856-12 at 10-12, 17-23 (Allan Post-Judgment Dep.). MRI believes these transfers were intended to leave Allan unable to pay the arbitration award. Dkt. No. 854 at 19.

Based on this allegedly new information, MRI seeks to supplement its Amended Complaint to add a claim for fraudulent transfers and to add NJL, the recipient of allegedly fraudulently transferred legal fees, as a defendant. Dkt. No. 853. MRI also seeks pre-judgment attachment of assets against A.W., Wendy, and NJL to secure the judgment entered against Allan. *Id.* Defendants respond that MRI's motion is "frivolous, groundless, meritless, sanctionable, late, not compliant with the governing statute, and made in bad faith." Dkt. No. 865 at 1. The Court denies the motion as lacking good cause, and accordingly also recommends MRI's motion for pre-judgment attachment of assets be denied.

## CONCLUSIONS OF LAW

### I.    Leave to Supplement Amended Complaint

Federal Rule of Civil Procedure 15(d) allows a party to supplement a pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id.* Unlike an amended pleading, which adds matters overlooked or unknown to a party when filing, "[a] supplemental pleading [] is designed to cover matters subsequently occurring but pertaining to the original cause." *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (citing cases); *see* G*riffin v. Cnty. Sch.*

4

*Bd. of Prince Edward County*, 377 U.S. 218, 227 (1964) ("Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit, and it follows [] that persons participating in these new events may be added if necessary."). Rule 15(d) promotes complete adjudication of the parties' dispute by allowing a court to address all relevant events, including those that occur after the action's initiation. *See Schneeweis v. Nw. Tech. Coll.*, No. 97-1742, 1998 WL 420564, at *13 (D. Minn. June 1, 1998). The decision whether to permit a supplemental pleading is committed to the court's broad discretion. *Id.* (citing M*innesota Min. & Mfg. Co. v. Superior Insulating Tape Co.*, 284 F.2d 478, 481 (8th Cir. 1960)).

Pursuant to Federal Rule of Civil Procedure 16(b)(4) a party must show good cause to supplement a pleading after the deadline in the scheduling order has passed. *See Johnson v. Franchoice, Inc.*, No. 19-cv-1417, 2020 WL 6938782, at *6 (D. Minn. Nov. 25, 2020) (citing *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003)). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). If adherence to the scheduling order is not possible, the court considers whether the party promptly filed its motion or unduly delayed in doing so. *See Fair Isaac Corp. v. Experian Info. Sols. Inc.*, No. 06-4112, 2009 WL 10677527, at *12 (D. Minn. Feb. 9, 2009). The court also considers whether supplementation would "hinder judicial efficiency, prejudice the rights of other parties to the action, or [] insert a frivolous claim." *Schneeweis*, 1998 WL 420564, at *13; *see also Rose v. Lincoln Benefit Life Co.*, No. 20-cv-2260, 2021 WL 3418551, at *2 (D. Minn. Aug. 5, 2021).

MRI has not demonstrated good cause to supplement its Amended Complaint. It unduly delayed in bringing this motion, the supplementation would hinder judicial efficiency and significantly prejudice Defendants, and the supplementation is not necessary to protecting MRI's right to collect on its judgment against Allan. The Clerk's office entered the judgment affirming the arbitration award against Allan on June 29, 2023, after the scheduling order's deadline to file non-dispositive motions had passed. Dkt. Nos. 522, 790. Allan and TempWorks then provided documents in response to MRI's discovery requests. Dkt. No. 854 at 3. Using information from these documents, MRI deposed Allan and A.W. Companies on July 28, 2023. Dkt. No. 854 at 3. Dkt. No. 856 ¶¶ 14, 19. Every fact referenced in MRI's brief supporting supplementation is reflected either in a document produced by Allan or TempWorks, or in testimony by either Allan or A.W. in the post-judgment depositions. *See id.* at 3-21. Thus, MRI had all the facts necessary to this motion no later than July 28, 2023.[5] The motion to supplement, however, was not filed until December 6, 2023, four and a half months later. Dkt. No. 853. In its memorandum supporting the motion, MRI did not address the issue of good cause or due diligence or attempt to justify its delay. This case has been deemed trial ready since at least 2022. Dispositive motions were heard and resolved in September 2022 and, on reconsideration, in October 2023. Given these circumstances the Court finds MRI

---

[5] MRI does not provide the precise dates Allan and TempWorks provided discovery responses, but its brief asserts it received them before taking Allan and A.W.'s depositions on July 28, 2023. Dkt. No. 854 at 3. At the hearing on this motion, counsel for MRI stated it received documents from TempWorks in August 2023, but there is nothing in the record to substantiate this statement or clarify the discrepancy between counsel's statement at the hearing and MRI's filing. Nevertheless, even a delay from August to December constitutes undue delay, especially considering that MRI filed a separate motion and memorandum in this case on October 30, 2023, Dkt. Nos. 844, 845, indicating it had the capacity to file this motion sooner, had it wished to.

failed to exercise due diligence when it delayed four and a half months to file this motion and neglected to reasonably justify its delay. Courts have denied motions to supplement based on delays of a similar length. *See, e.g.*, *Fair Isaac Corp.*, 2009 WL 10677527, at *12 ("[D]efendants did not have good cause for waiting 5 months . . . to spring these new counterclaims.").

Even if MRI had exercised due diligence and promptly moved to supplement its Amended Complaint, the proposed additions would significantly hinder judicial efficiency and prejudice defendants. Allowing MRI to supplement its Amended Complaint would further delay a case that has been pending for over six years. As of the date of this order, discovery has closed, the dispositive motion deadline has passed, and all that remains to resolve the underlying matters is a trial. Dkt. Nos. 522, 579, 865 at 1. In fact, the latest trial-ready date for this case was February 3, 2020.[6] *See* Dkt. No. 180. Additionally, allowing MRI to add a new defendant and a new claim would likely reopen discovery and almost certainly entail additional motion practice, further delaying resolution of the case. Moreover, MRI's desire to enforce the arbitration award against Allan stands apart from the underlying issues in this case; obtaining a complete adjudication of the dispute does not require the claims to be considered together. *See Schneeweis v. Nw. Tech. Coll.*, 1998 WL 420564, at *13. Finally, adding Defendants' attorney NJL as a defendant, even in a limited capacity, raises conflict of interest issues that could require (or at least prompt) Defendants to seek new counsel, causing them significant prejudice and creating

---

[6] On October 14, 2019, this trial ready date was "continued until further notice," and subsequent scheduling orders failed to provide a new one. *See* Dkt. Nos. 337, 552, 579. Dispositive motions were due January 14, 2022, however, making the trial-ready date April 14, 2022 at the latest, according to Judge Tunheim's practice. *See* Dkt. No. 579. Regardless, it was certainly trial ready when this motion was filed.

additional delay. MRI clearly recognizes this problem, as evidenced by its offer at the hearing to stay proceedings against NJL and its letter to the Court proposing to "voluntarily withdraw, without prejudice and with leave to refile," its claims related to NJL. Denying MRI leave to supplement also solves this problem. For all the foregoing reasons, the Court denies MRI leave to supplement the Amended Complaint in this action.

## II.    Pre-Judgment Attachment of Assets

MRI also seeks pre-judgment attachment of assets against A.W., Wendy, and NJL to redress the allegedly fraudulent transfers. Obtaining an order for attachment of assets based on a claim of fraudulent transfers requires a party to establish: (1) "respondent has assigned, secreted, or disposed of . . . any of the respondent's nonexempt property, with intent to delay or defraud the respondent's creditor," and (2) claimant has a probability of success on the merits of its claim. Minn. Stat. Ann. §§ 570.02, 570.026, subdiv. 3. Because the Court has denied the request to supplement the Amended Complaint to assert MRI's fraudulent transfer claims, the Court recommends MRI's request to attach A.W., Wendy, and NJL's assets to secure the arbitration judgment against Allan be denied.

## III.   Fees

Defendants ask the Court to impose sanctions in the form of attorney's fees on MRI for filing an "objectively baseless" and frivolous motion and attempting to join NJL as a defendant and attach NJL's assets. Dkt. No. 865 at 26-27. According to Defendants, MRI is attempting in bad faith to freeze NJL's bank accounts and disqualify NJL as counsel. *Id.* MRI clarified at the hearing on this motion and in a letter to the Court that it is not attempting to disqualify NJL as counsel and only means to attach the sum of any

8

invoices from A.W. to NJL after July 28, 2023. It is unclear to this Court that either MRI's offer to limit the scope of its attachment, or its expressed intention to not seek disqualification of counsel would necessarily resolve NJL's independent obligation to assess its ethical constraints were the motion to be granted. However, because the Court has denied the motion on grounds of undue delay and has not reached the issue whether MRI's claim is frivolous or baseless, the Court will deny Defendants' request for attorney's fees.

## ORDER

For the reasons set forth above, IT IS HEREBY ORDERED:

1.    MRI's Motion for Leave to File and Serve a Supplemental Complaint [Dkt. No. 853] is **DENIED.**

2.    Defendants' request for attorney's fees [Dkt. No. 865] is **DENIED**.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS:  MRI's Motion for Pre-Judgment Attachment [Dkt. No. 853] be **DENIED.**

Dated: March 20, 2024                         ___s/David T. Schultz_____
                                              DAVID T. SCHULTZ
                                              U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local

Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).