IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
DISTRICT OF MINNESOTA

---

Management Registry, Inc.,

         Plaintiff,

v.

A.W. Companies, Inc., Allan K. Brown,
and Wendy Brown,

         Defendants.

Court File No. 17-cv-05009 (JRT/DTS)

**PLAINTIFF'S OBJECTION TO THE MARCH 20, 2024 REPORT & RECOMMENDATION ISSUED BY MAGISTRATE JUDGE SCHULTZ**

---

Plaintiff, Management Registry, Inc. ["MRI"], by and through counsel, respectfully submits Objections to the March 20, 2024 Report & Recommendation issued by Magistrate Judge Schultz denying MRI's Motion to Supplement its Complaint Herein, and for Pre-Judgment Attachment. [DE#875]. In support, MRI states as follows:

## **RELEVANT PROCEDURAL BACKGROUND[1]**

On June 29, 2023, this Court entered a post-arbitration Judgment in favor of MRI, and against Allan K. Brown [hereinafter "Allan"], Wendy Brown [hereinafter "Wendy"], A.W. Companies, Inc. [hereinafter "A.W."], and Milan Batinich [hereinafter "Batinich"], jointly and severally. [ECF#790]. In accordance with Fed.R.Civ.Pro. 62(a), the Judgment

---

[1] At no point, prior to the R&R, was any issue raised by either party regarding the procedural timing or post-judgment history herein, including the limited time period between the entry of the Judgment, the thirty day stay imposed under the Federal Rules of Civil Procedure, the timing of the limited post-judgment discovery that took place after the expiration of the automatic stay, or the impact of the Motion to Correct, ECF#808, or the Motion to Stay Enforcement, ECF#829, or the still-pending Renewed Motion to Correct, ECF#843.

was subject to a thirty (30) day automatic stay.  Allan then filed a Notice of Appeal on July 5, 2023.  [ECF#792].  The other Defendants did not join in that appeal.  *Id.*

At the first opportunity following the Fed.R.Civ.Pro. 62(a) automatic stay, MRI conducted two depositions in Chicago, Illinois on July 28, 2023 – the first of Allan, and the second of A.W.[2]  *See* Declaration of James M. Morris, filed simultaneously herewith. Due to time constraints, however, the deposition of Wendy could not be completed as anticipated on July 28, 2023.  *Id.*

On August 10, 2023, MRI successfully served a subpoena *duces tecum* upon TempWorks Software, Mr. Brown's former employer.  *See* Morris Declaration.  On that same date, August 10, 2023, Defendants filed an untimely Motion to Alter, Amend, or Correct the June 29, 2023 Judgment, which directly challenged the extent to which the appealed Judgment was enforceable against Wendy and A.W. Companies.  [ECF#808].

TempWorks produced its responsive documentation to the Subpoena *Duces Tecum* via link provided on August 21, 2023.  *Id.*  Wendy Brown's Deposition was re-scheduled to take place on August 25, 2023, in Minneapolis, Minnesota.[3]  *Id.*

On October 3, 2023, this Court entered its Memorandum Opinion & Order including, *inter alia*, a ruling that Overruled Defendants' Motion to Alter, Vacate, or Amend the June 29, 2023 Judgment, without prejudice.  [ECF#827].  Immediately thereafter, on October 4, 2023, Defendants filed a Motion to Stay enforcement of the

---

[2] The transcripts of the Allan Brown and A.W. Companies depositions were not received until August 14, 2023.

[3] The transcript of Wendy Brown was not received until September 7, 2023.

Judgment against Wendy and A.W. pending ruling from the Eight Circuit Court of Appeals. [ECF#829]. On October 26, 2023, the Eighth Circuit Court of Appeals issued a Limited Mandate for purposes of authorizing correction of the June 29, 2023 Judgment to address the inclusion of Wendy and A.W. Companies. Thereafter, Defendants filed a Renewed Motion to Correct to request removal of Wendy Brown, A.W. Companies, Inc., and Batinich from the June 29, 2023 Judgment. [ECF#843].[4]

Upon entry of the October 26, 2023 Mandate from the Eighth Circuit Court of Appeals, and Defendants' Renewed Motions to remove A.W. and Wendy from the June 29, 2023 Judgment, Plaintiff's counsel inquired about attempting to Meet and Confer with opposing counsel and, failing the ability to conduct an actual call, engaged in extensive Meet & Confer e-mail communications with Defense counsel between November 20, 2023 and November 30, 2023, regarding the need to file the Supplemental Complaint addressing the diversion of Allan Brown's assets. *See* Morris Declaration. When Defense counsel failed to respond, in any fashion, to the November 30, 2023 e-mail describing the necessary steps, *id.*, MRI filed its Motion to Supplement its Complaint pursuant to Fed.R.Civ.Pro. 15(d). [ECF#853].

On March 20, 2024, the Magistrate Judge Denied MRI's Motion to Supplement and for Pre-judgment Attachment, erroneously concluding, first, that MRI had delayed filing its Motion to Supplement for over five and a half months, and, secondly, concluding that the post-arbitration proceedings would interfere with this Court's Pre-Trial Scheduling

---

[4] The Defendants' Renewed Motion to Correct has not yet been ruled upon. In addition, the pending motion to supplement does not seek any attachment against Milan Batinich.

Order.   [ECF#875].   MRI files this Objection to the Magistrate Judge's Report & Recommendation on two grounds: (1) Plaintiff did not delay in filing the Motion to Supplement; and (2) a post-arbitration judgment action, which was not final until June 29, 2023 (and is completely parallel to the proceedings herein) has zero impact upon the underlying Minnesota-based proceedings.

## RELEVANT FACTUAL BACKGROUND

The within Report & Recommendation arises from MRI's **post-judgment efforts to collect on an ancillary Arbitration Award**.   During post-arbitration judgment discovery, MRI learned, for the first time, that Brown conspired with, *inter alia*, Wendy and A.W., to transfer assets that Brown has, has had, or had earned, to A.W., Wendy, and to third parties, including Brown's attorneys, in lieu of "compensation" from A.W., all without any proper Internal Revenue Service reporting or accounting.  Indeed, as reflected in the Browns' 2017 Tax Returns, Brown engaged in a "self-proprietor" consulting business earning at least $166,060 but could provide no documentation, details, or evidence related thereto; in 2018 Brown transferred his entire $225,000 compensation to A.W., opting to collect only $400-$600 per week, with the remaining 90 percent of his compensation being delivered to A.W.  Likewise, although Brown negotiated and received over $500 per week as a "housing allowance" from his employer, TempWorks Solutions, Inc. [hereinafter "TempWorks"], he voluntarily transferred such payments to, and for the benefit of, A.W. and Wendy.  Brown's voluntarily left TempWorks to work exclusively for A.W., engaging in the same level of services as he had performed for both TempWorks and MRI – yet voluntarily collected only $10 to $15 per hour, allowing A.W. and/or Wendy

to, instead, receive all of the benefits of, and payments for, his extensive and critical services.

Both Brown and A.W. testified that Allan's "compensation" included, *inter alia*, "millions" of dollars in attorneys' fees incurred by Brown in every litigation in which Brown is involved, including (1) Brown's claims asserted herein [2017-CV-5009]; (2) Brown's employment-based Arbitration [AAA Case #01-17-0007-1683]; (3) Brown's lawsuit against Mel and Mary Zwirn [Cook County, Illinois, 19-L-003361]; (4) Brown's defenses of Eric Berg's claims [Hennepin County, 27-CV-18-19715]; (5) Brown's malpractice claims relative to Kentucky-based Arbitration claims [Cook County, Illinois, 21-L-012955]; (6) Brown's malpractice claims relative to the within litigation [Cook County, Illinois, 21-L-012958]; (7) Brown's malpractice claims arising out of AllStaff sale to MRI [Hennepin County, 27-CV-23-14048]; and (8) Brown's Appeal of this Court's Judgment [8th Cir. No. 23-2582].

Each of these surreptitious transfers was made to intentionally insulate Brown from paying MRI's Judgment. To protect the integrity of the Court's Judgment, MRI filed its Motion to Supplement its Complaint, and for Pre-Judgment Attachment. Unfortunately, before MRI could even obtain the transcripts of key post-arbitration judgment depositions of Allan or A.W., Defendants herein filed their August 10, 2023 Motion to Alter, Vacate, or Amend the underlying Judgment to remove Wendy and A.W. from the June 29, 2023 Judgment. [ECF#808]. This motion practice, untimely as it was, resulted in additional delay while awaiting this Court's Order, and the Eighth Circuit Limited Mandate, both of which are addressed in further detail hereinabove.

Since the Motion to Supplement was filed within six weeks of the Eighth Circuit

Court's Limited Mandate (and even before this Court has ruled upon Wendy and A.W.'s

Motion to Correct, ECF#843), the Magistrate Judge's conclusion that MRI delayed filing

the Motion for over four and a half months is erroneous.  Instead, at most, only six weeks

lapsed between when Defendants filed their Motion to remove Wendy and A.W. from the

Judgment and when MRI filed its Motion to Supplement to allow for enforcement against

Wendy and A.W.  Likewise, the Magistrate Judge's reference to the Scheduling Order

entered on the Minnesota-based litigation herein is also erroneous, given that the Motion

for Leave to Supplement deals exclusively with enforcement and collectability of the

ancillary **post-arbitration judgment** and not the underlying litigation.   The within

Objections follow.

## LEGAL STANDARD FOR OBJECTION

Upon a Magistrate Judge's filing of a Report & Recommendation [hereinafter

"R&R"], a party may "serve and file specific written objections to the proposed findings

and recommendations."  Fed.R.Civ.Pro. 72(b)(2); *see also* D.Minn. LR 72.2(b).  "The

district judge must determine *de novo* any part of the magistrate judge's disposition that

has been properly objected to."  Fed.R.Civ.Pro. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Pursuant thereto, "the district judge may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with

instructions."  *Id.*  "Objections which are not specific but merely repeat arguments

presented to and considered by the magistrate judge are not entitled to *de novo* review, but

are reviewed, rather, for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d

1012, 1017 (D. Minn. 2015).

## **ARGUMENT**

I. **THE MAGISTRATE JUDGE ERRONEOUSLY CALCULATED THE LENGTH OF TIME RELATIVE TO THE FILING OF THE MOTION TO SUPPLEMENT.**

The Magistrate Judge erroneously premised his R&R on the flawed basis that "MRI

had all the facts necessary to this motion no later than July 28, 2023." [ECF#875, at 6],

and continued, stating "the motion to supplement, however, was not filed until December

6, 2023, four and a half months later." *Id*. This finding is erroneous, as a matter of law,

and must be addressed by this Court.

First, MRI could only conduct two post-judgment depositions on July 28, 2023, and

did not receive any documentation from TempWorks – critical documents upon which

MRI's Motion relies -- until August 14, 2023. *See* Morris Declaration. Next, the R&R

ignores the procedural fact that the Defendants filed a Motion to Alter, Vacate, or Amend

the underlying Judgment **on August 10, 2023** – before MRI even received the July 28,

2023 deposition transcripts. [ECF#808]. That Motion to Alter was specifically directed

toward whether Wendy, and A.W., were properly included in the underlying Judgment. At

that time, Wendy and A.W. were already included in the Court's June 29, 2023 Judgment,

and there was no need to seek leave to include those parties in post-arbitration judgment

collection-related claims.

This Court denied the Defendants' Motion to Alter, Vacate, or Amend, without

prejudice, on October 3, 2023. [ECF#827]. The next day, Defendants filed a Motion to

Stay Enforcement of the Judgment pending ruling by the Eighth Circuit. [ECF#829]. The Eighth Circuit subsequently issued its limited Mandate on October 26, 2023, authorizing this Court to address the intent to include Wendy and A.W. in the underlying Judgment. [ECF#842]. The within Motion, to allow for enforcement against Wendy and A.W. was, shortly thereafter, filed on December 6, 2023, less than six weeks after entry of the Eighth Circuit's Limited Mandate, in order to protect the collection efforts against Wendy and A.W.

Wherefore, the R&R finding that MRI dilatorily delayed filing of its Motion to Supplement for over four and a half months is factually incorrect, and Plaintiff's Motion to add Wendy and A.W. as it relates to the ancillary post-arbitration judgment, and to allow claims to be made against both related thereto should be found to be timely filed, and the motion sustained or reviewed on its merits.

II.    **THE MAGISTRATE JUDGE'S CONCERNS REGARDING THE SCHEDULING ORDER HEREIN ARE MISPLACED.**

Next, in rejecting MRI's Motion to Supplement, the Magistrate Judge concludes:

> The proposed additions would significantly hinder judicial efficiency and prejudice defendants. Allowing MRI to supplement its Amended Complaint would further delay a case that has been pending for over six years. As of the date of this order, discovery has closed, the dispositive motion deadline has passed, and all that remains to resolve the underlying matters is a trial.

[ECF#875 at 7]. In so holding, the Magistrate Judge misconstrues the intent or scope of the Motion to Supplement, as well as the mandatory ancillary proceedings related to enforcement of the AAA Arbitration Award.

As this Court may recall, the AAA Arbitration that resulted in the June 29, 2023 Judgment is, and always was, a completely ancillary matter. Indeed, on February 27, 2018, this Court entered an Order Staying Allan Brown's arbitration-related matters pending conclusion of the companion AAA Arbitration. [ECF#123]. It is because of the Court's Order Staying Pending Arbitration, and its retention of jurisdiction thereover, that the parties were required to bring the ancillary post-AAA Arbitration Award proceedings to this Court for enforcement.

Contrary to the Magistrate Judge's conclusion that the filing of these ancillary post-arbitration proceedings is somehow improper, or would otherwise interfere with the underlying "trial ready" claims, the plain and simple fact is that MRI could not file a Motion to Supplement related to the arbitration judgment until after the Award was reduced to a Judgment, which did not occur until June 29, 2023, and after the Eighth Circuit authorized addressing the propriety of the Judgment against Wendy and A.W., which did not occur until October 26, 2023. In fact, over **ninety separate filings have been filed related to the ancillary post-judgment arbitration action** that have all occurred after the "trial ready" deadline identified in the R&R (ECF#715-719; 731-740; 742-764; 769; 771-787; 779-781; 792-794; 808-813; 818-821; 826-843; 849-867).

Moreover, Allan filed an appeal, ECF#792, spawning an entirely separate Eighth Circuit Appeal related to the post-arbitration rulings, which is simultaneously pending with the underlying Minnesota-based litigation. Critically, none of those matters fell under the purview of the Pre-Trial Scheduling Orders, as they were related, nearly exclusively, to the ancillary proceedings anticipated by the Court's February, 2018 Order Staying pending

finalization of the companion Arbitration proceedings, and not related to the "trial ready"

schedule herein.  Like the other ancillary proceedings, the Motion to Supplement could

necessarily only come about as a direct result of post-arbitration award judgment discovery

– none of which could have been conducted within any of the previous pre-trial deadlines

established in the 2019 Scheduling Order, or any other scheduling order related to the

underlying matter.

Wherefore, the R&R, suggesting that the Motion to Supplement was not timely filed

within the confines of the October 14, 2019 Trial Ready Date, or April 14, 2022 at the

latest [*R&R* at fn 6], ignores the realities of the procedural posture in which a Motion to

Supplement is presented.  The Motion to Supplement relates exclusively to the ancillary

post-AAA Arbitration Award Judgment, entered on June 29, 2023, and the R&R is without

basis and should be addressed appropriately by this Court, taking into consideration the

impact of the February, 2018 Stay of the ancillary arbitration-related proceedings, the June

29, 2023 Judgment reducing the AAA Award to a Judgment, and the Defendants' post-

judgment motion practice as reflected in ECF#808.

### III.   THIS COURT RETAINS JURISDICTION TO ENTER ORDERS PROTECTING ITS JUDGMENT AND REMEDYING FRAUDULENT AND/OR VOIDABLE TRANSACTIONS RELATED THERETO.

As MRI set forth in its Motion to Supplement, Allan, A.W., and Wendy have

blatantly conspired to undermine and interfere with the authority of this Court in entering

Judgment herein by (1) fraudulently negotiating a salary arrangement with TempWorks

whereby Allan's individual contract for services was transferred, *en toto*, to A.W.

Companies; (2) re-allocating Brown's compensation as "attorneys' fees" and litigation-

oriented legal payments; (3) re-allocation of TempWorks housing expenses; (4) re-allocating Brown's consultation services to Wendy and/or A.W. Companies; and (5) re-allocating and co-mingling of Brown's Assets with Wendy and A.W.

Contrary to the R&R's findings that the Pre-Trial Scheduling Order, and "trial ready" status of the underlying proceedings precludes MRI's Motion, this District has expressly found to the contrary. In *Reach Companies, LLC v. Newsert LLC*, 2022 WL 16848926 (D. Minn. 2022), the Court was faced with fraudulent and voidable transfers after entry of a Final Judgment. In addressing an identical request to supplement the plaintiff's complaint, the *Reach* court held:

> Federal Rule of Civil Procedure 15(d) provides that a court may permit a party to serve a supplemental pleading setting out a transaction that occurred after the pleading it supplements. Fed.R.Civ.P. 15(d). Whether to permit a party to serve a supplemental pleading is at the discretion of the Court. *Baker Grp., L.C. v. Burlington N. & Santa Fe Ry. Co.*, 228 F.3d 883, 886 (8th Cir. 2000). Courts in this jurisdiction have allowed parties to seek to redress a voidable transfer after a final judgment has been entered. *Clarinda Color LLC v. BW Acquisition Corp.*, No. 00-cv-722 (JMR/FLN), 2004 WL 2862298, at *3 (D. Minn. June 14, 2004).

*Id.* at *7. As further addressed by this District, in *Clarinda*, *supra*, federal courts possess the power "to protect their judgments by setting aside fraudulent conveyances of the judgment debtor." *Clarinda, supra* at *3 (D. Minn. 2004)(*citing Thomas, Head & Griesen Employees Trust v. Buster*, 95 F.3d 1449, 1453 (9th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997), and *Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A.*, 339 U.S. 684, 694-95 (1950)).

Under Minnesota law, a fraudulent transfer claim is based in equity. *ASI, Inc. v. Aquawood, LLC*, No. CV 19-763 (JRT/HB), 2022 WL 980398, at *9 (D. Minn. Mar. 31,

2022)(citations omitted)("Minnesota courts from well over a century ago recognized that

fraudulent transfer claims are based in equity.").  Accordingly, it is well established that

this Court may entertain a supplemental pleading to set aside fraudulent transfers in order

to protect the collectability of its judgment. *Clarinda*, *supra*; *Reach, supra*.  The R&R's

failure to properly address the ability of this Court to allow a supplemental pleading

subsequent to entry of the post-Arbitration Judgment is erroneous.

IV.     **THE R&R FAILS TO ADDRESS THE MERITS OF MRI'S MOTION SEEKING REDRESS FOR FRAUDULENT AND VOIDABLE TRANSACTIONS.**

Federal Rule of Civil Procedure 15(d) provides that, "[o]n motion and reasonable

notice, the court may, on just terms, permit a party to serve a supplemental pleading setting

out any transaction, occurrence, or event that happened after the date of the pleading to be

supplemented."  As explained in *Reach, supra,* "[c]ourts in this jurisdiction have allowed

parties to seek to redress a voidable transfer after a final judgment has been entered." *Id.*

at *7. *See also Clarinda, supra* at *5.  MRI has taken the appropriate steps, in light of the

Defendants' request to remove Wendy and A.W. from the underlying Judgment, to timely

seek to supplement its ancillary post-arbitration judgment remedies by including A.W. and

Wendy as responsible parties in light of their ongoing fraudulent transfers of Allan's assets

in order to frustrate MRI's post-judgment rights to collection.

The R&R's failure to address the merits of MRI's Motion to Supplement to include

claims against Wendy and A.W., as well as MRI's request for pre-judgment attachment, is

erroneous, and MRI requests that the Court determine that Allan's, A.W.'s, and Wendy's

diversion of assets be properly subject to attachment and enforcement of the underlying

June 29, 2023 Judgment.

<u>**CONCLUSION**</u>

WHEREFORE, for the reasons stated herein, MRI respectfully asks this Court to

reject the March 20, 2024 Report & Recommendation issued by Magistrate Judge Schultz,

sustain the Plaintiff's Motion on the merits, and grant such additional relief as the Court

deems reasonable and just under the circumstances.

DATED April 3, 2024.                    **MORRIS & MORRIS, P.S.C.**

                                            */s/ James M. Morris*
James M. Morris, KY #85709
217 North Upper Street
Lexington, KY 40507
Telephone: (859) 281-6981
Facsimile: (859) 233-7876
jmorris@m-mlaw.com


**FAFINSKI MARK & JOHNSON**

V. John Ella, Esq.
775 Prairie Center Drive, Suite 400
Eden Prairie, MN 55344
Telephone:  (952) 995-9500
Facsimile:  (952) 995-9577
John.ella@fmjlaw.com
ATTORNEYS FOR PLAINTIFF