UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MANAGEMENT REGISTRY, INC., | |
| Plaintiff, | Civil No. 17-5009 (JRT/DTS) |
| v. | |
| A.W. COMPANIES, INC.; ALLAN K. BROWN; WENDY BROWN; and MILAN BATINICH, | MEMORANDUM OPINION AND ORDER ON PENDING MOTIONS AND REPORT AND RECOMMENDATION |
| Defendants. | |

---

Anna Swiecichowski and V. John Ella, **FAFINSKI MARK & JOHNSON, P.A.**, 775 Prairie Center Drive, Suite 400, Eden Prairie, MN 55344; James M. Morris, **MORRIS & MORRIS, P.S.C.**, 217 North Upper Street, Lexington, KY 40507, for Plaintiff.

Andrew Peterson, Christopher T. Ruska, Gregory A. Bromen, Joel Andersen, and Katie M. Connolly, **NILAN JOHNSON LEWIS PA**, 250 Marquette Avenue South, Suite 800, Minneapolis, MN 55401, for Defendants.

Plaintiff Management Registry, Inc. ("MRI") and A.W. Companies, Inc. ("A.W."), Allan and Wendy Brown, and a former MRI employee, Milan Batinich (collectively, "Defendants") have a long, litigious history with many claims and counterclaims. The parties have again filed a catalogue of motions for the Court to address. The Court will grant Defendants' renewed motion to correct clerical errors as indicated in its amended summary judgment order. Defendants' motion to stay and motion to expedite will then be moot and denied. Further, the Court will deny Plaintiff's motion to alter or amend the

Court's amended summary judgment order because it is more properly categorized as an unauthorized motion to reconsider. The Court will deny MRI's appeal of Magistrate Judge David T. Shultz's order denying MRI's motion to supplement the pleadings. And the Court will adopt the Magistrate Judge's Report and Recommendation ("R&R"), overrule MRI's objections, and deny MRI's motion for pre-judgment attachment. The Court expects that resolution of these pending motions will finally make this case ready for trial, following which the parties have the opportunity to put six years of contentious litigation behind them.[1]

## BACKGROUND

The Court has previously detailed the complex factual allegations in this litigation and will therefore not reiterate them in detail. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.* ("*MRI*"), No. 17-5009, 2022 WL 4706702, at *1–4 (D. Minn. Sept. 30, 2022). In a gross simplification, the parties entered into a business agreement where MRI would acquire staffing companies and Allan Brown would serve in a leadership role for those acquired companies. *Id.*; (1st Am. Compl. ¶¶ 13–17, Ex. A, Docket No. 59-1.)   MRI would also sell the Minnesota Businesses to Wendy Brown, however, that portion of negotiations never came to fruition. *MRI*, 2022 WL 4706702, at *2. The allegations in this case originate from conduct post-dating the collapse of that Minnesota Businesses deal. *Id.* at *2–3.

---

[1] The Court acknowledges that the Defendants have filed a letter requesting a trial date, to which MRI objects. Because it is not relevant to resolving the issues currently before the Court, the Court will not set a trial date in this Order.

Relevant to the pending motions are two facets of this litigation's history. First, is an arbitration between MRI and Mr. Brown stemming from Mr. Brown's employment agreement. (1st Am. Compl. ¶ 20.) Second, are the Court's prior summary judgment orders.

Mr. Brown and MRI engaged in mandatory arbitration pursuant to Mr. Brown's employment agreement. (1st Morris Decl., Ex. A ("Employment Agreement") at 8, Ex. B ("Arbitration Claim"), Apr. 6, 2023, Docket No. 772.) The Arbitrator awarded MRI $1,422,716.00 in compensable damages resulting from the breach of the employment contract and $18,875.00 in additional out-of-pocket expenses as a direct consequence of Mr. Brown's actions relating to MRI's claims, all subject to six percent post-judgment interest. (1st Morris Decl., Ex. J ("Final Order/Award") at 56–57.) The Court confirmed the arbitration award and entered judgment in favor of MRI. (Order on Arb. Award at 28, June 28, 2023, Docket No. 789.)

The judgment confirming the arbitration award, however, was erroneously entered against all of the Defendants when it should have been applied to only Mr. Brown. (J. on Arb. Award, June 29, 2023, Docket No. 790; Am. Summ. J. Order at 23–25, Oct. 2, 2023, Docket No. 825.) Defendants filed a motion to stay judgment and a motion to expedite, the Eighth Circuit remanded for the limited purpose of correcting the clerical error, and the Defendants filed a renewed motion to correct clerical errors. (Defs.' Mot. to Stay, Oct. 4, 2023, Docket No. 829, Order of USCA, Oct. 24, 2023, Docket No. 841; Defs.'

Renewed Mot. to Correct Clerical Errors, Ex. A, Oct. 26, 2023, Docket No. 842.) As part of their renewed motion, Defendants are also seeking attorney's fees. (*Id.*)

MRI filed a motion to supplement its pleadings to add a claim under Minn. Stat. §§ 513.41–51 for allegedly fraudulent transfers of Allan Brown's assets, add Nilan Johnson Lewis ("NJL") as a defendant, and seeking pre-judgment attachment of assets to recover the arbitration judgment. (Mot. to Alter/Amend/Suppl. Pleadings, Dec. 6, 2023, Docket No. 853; Mem. Supp. Mot. at 23, 28, 30, Dec. 6, 2023, Docket No. 854.) Magistrate Judge David T. Shultz held a hearing on the motion to supplement and ultimately denied it. (Order, Mar. 20, 2024, Docket No. 874.) He also recommended denying MRI's motion for pre-judgment attachment of assets. (R. & R., Mar. 20, 2024, Docket No. 875.) MRI objected to the R&R. (Obj., Apr. 3, 2024, Docket No. 877.)

The Court has issued two summary judgment orders. (Mem. Op. & Order, Sept. 30, 2022, Docket No. 676; Am. Summ. J. Order, Oct. 3, 2023, Docket No. 827.) Both parties requested to file motions to reconsider and opposed the other's request. (Letter to District Judge, Oct. 4, 2022, Docket No. 678; Letter, Oct. 6, 2022, Docket No. 680.) The Court ordered the parties to file new motions for summary judgment specifically addressing MRI's breach of the purchase agreement claim and Defendants' fraudulent inducement and defamation claims. (Order, Mar. 22, 2023, Docket No. 769.) After reviewing the information again, the Court amended its summary judgment order to reflect the facts and law in this case. (*See generally* Am. Summ. J. Order.) The only

substantive change in the amended summary judgment order was the Court's denial of MRI's motion for summary judgment on its breach of contract claim against Allan Brown and grant of Defendants' motion for summary judgment on the same claim—everything else remained unchanged.  (*Id.* at 26–27.)  MRI has now filed a motion to alter the judgment, seeking reinstatement of the Court's prior summary judgment order with respect to its breach of contract claim and attorney's fees.  (Mot. to Alter/Amend/Correct J., Oct. 30, 2023, Docket No. 844.)

## DISCUSSION

### I. DEFENDANTS' RENEWED MOTION TO CORRECT CLERICAL ERRORS

Federal Rule of Appellate Procedure 12.1 allows a Court of Appeals to remand to the district court to grant relief that it indicated it would grant but it is otherwise barred from granting because an appeal has been docketed and pending.  *See also* Fed. R. Civ. P. 62.1.  As the Court previously indicated in its amended summary judgment order, upon a renewed motion to correct, the Court would correct the judgment to confirm the arbitration award against only Mr. Brown.

MRI opposes this motion relying on the Court's amended summary judgment order section which denied Defendants' motion for indicative ruling to correct clerical errors.  MRI relies on a technicality.  Yes, the Court wrote that the motion was to be "denied" in its order, but the opinion clearly contradicts that sentence.  The Court also stated it "intends to grant the Defendants' motion to correct the clerical error if the Eighth Circuit remands for that specific purpose."  (Am. Summ. J. at 25.)  The Court will not allow MRI

to extend this litigation further for what everyone understands was a clerical error intended to be remedied. As such, the Court will correct the clerical error and amend the judgment affirming the arbitration award as solely against Allan Brown. This correction renders Defendants' motion to stay and motion to expedite moot.

## II.     PLAINTIFF'S MOTION TO ALTER/AMEND/CORRECT JUDGMENT

A motion to alter or amend a judgment under Rule 59(e) serves the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.–O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation marks omitted). Rule 59(e) motions cannot be used to introduce evidence that was available prior to entry of judgment, to re-litigate old issues or to advance new theories, and are "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993); *Wood v. Kapustin*, No. 13-1495, 2014 WL 3734248, at *1 (D. Minn. July 28, 2014). Thus, when a motion under Rule 59(e) "seeks essentially the same relief as that denied by the [Court's previous] Order, the Motion will be construed as a motion to reconsider." *United States v. Petters*, No. 08-5348, 2016 WL 4925783, at *1 (D. Minn. Sept. 15, 2015).

In the District of Minnesota, a party "must not file a motion to reconsider" without first showing "compelling circumstances" and obtaining permission from the Court. D.

Minn. L.R. 7.1(j).  Because MRI's motion is properly categorized as an unauthorized motion to reconsider, it must be denied.

MRI's motion largely asks the Court to retract its amended summary judgment order and reinstate its prior order with respect to the breach of contract claim.  The amended summary judgment order directly addresses the liability and damages available under the breach of contract claim.  The Court will not revisit this issue for a third time.  Because MRI asks the Court to relitigate previous issues, without permission from the Court or compelling circumstances, the motion will be treated as one to reconsider and denied.  Should MRI ask for permission to file a motion to reconsider, that too will be denied as the issues have been litigated and resolved.

### III.     MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

MRI styles its motion as an objection to the Magistrate Judge's R&R.  However, MRI takes issue with both the Magistrate Judge's order denying MRI's motion for leave to file and serve a supplemental complaint and the recommendation to deny MRI's motion for pre-judgment attachment.  MRI claims that the R&R failed to properly calculate the length of time it took to file the motion to supplement, that the Magistrate Judge improperly emphasized the scheduling order because the arbitration proceedings are ancillary to the underlying dispute, that the Court retains jurisdiction, and that the Magistrate Judge failed to evaluate the merits of both portions of its motion.

The Court reviews non-dispositive magistrate judge orders under an extremely deferential standard of review.  *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D.

Minn. 2007). The Court will only reverse a non-dispositive decision by a magistrate judge if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). The Magistrate Judge's decision to deny MRI's motion to amend the pleadings rested on multiple bases. First, the Magistrate Judge determined that MRI unduly delayed the filing of its motion without good cause. Second, ignoring the timeliness issue, the Magistrate Judge found it would hinder judicial efficiency and prejudice the Defendants to allow MRI to supplement its complaint at this juncture.

MRI now raises arguments the Court interprets as an attempt to show good cause for the delay—namely the confusion about whom judgment of the arbitration award is against. However, MRI did not make these arguments to the Magistrate Judge. By failing to raise these arguments before Magistrate Judge Schultz, MRI waived them. *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1066–67 (8th Cir. 2012).

Notwithstanding the waiver issue, any argument that the Magistrate Judge's decision was clearly erroneous fails as well. Federal Rule of Civil Procedure 15(d) allows a party, with Court permission, to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading." Leave to supplement should freely be given unless there is "undue delay." *Braun v. Walz*, No. 20-0333, 2021 WL 1811881, at *3 (D. Minn. May 6, 2021) (citing *United States v. Voracheck*, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam)). The Magistrate Judge found MRI unduly delayed for four and a half months and failed to show good cause for such

delay.  The Magistrate Judge's finding of undue delay is not clearly erroneous or contrary to law. *See Fair Isaac Corp. v. Experian Info. Sols. Inc.*, No. 06-4112, 2009 WL 10677527, at *12 (D. Minn. Feb. 9, 2009) (describing five months as undue delay).  Accordingly, the Court will affirm the Magistrate Judge's decision to deny MRI's motion to supplement its complaint.

MRI also objects to the Magistrate Judge's recommendation to deny pre-judgment attachment of assets.  After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3).  When reviewing a properly objected to portion of an R&R, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues.  *See Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable.").  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. Mar. 30, 2015).

The only portion of the R&R requiring de novo review is Magistrate Judge Shultz's recommendation that the motion for pre-judgment attachment of assets against A.W., Wendy Brown, and NJL be denied. MRI's objections are difficult to understand but at least argue that the Magistrate Judge should have evaluated the merits of this request. Because of the general nature of the objection, the Court need only conduct a clear error review. Even under de novo review, though, the objections would be overruled.

The Court can grant a motion for pre-judgment attachment pursuant to Minnesota Laws provided the movant shows that the "respondent has assigned, secreted, or disposed of … nonexempt property, with intent to delay or defraud the respondent's creditors" and a probability of success on the merits. *Reach Cos., LLC v. Newsert LLC*, No. 20-1129, 2022 WL 16848926, at *9 (D. Minn. Nov. 10, 2022); Minn. Stat. § 570.02 subd. 1(1); *Id.* § 570.026 subd. 3. There was no need for the Magistrate Judge to evaluate the merits because after denying the motion to supplement, the request for pre-judgment attachment based on the claims MRI intended to add in its supplemental complaint could not have been successful. As such, the Court will overrule MRI's objection, adopt the Magistrate Judge's recommendation, and deny MRI's motion for pre-judgment attachment of assets.

**IV.     REQUEST FOR ATTORNEY'S FEES**

Defendants seek attorney's fees for filing their motion to correct clerical errors and for responding to MRI's motion to supplement. MRI seeks attorney's fees for its attempt to recover damages from Mr. Brown on its breach of the purchase agreement claim.

No fees will be assessed at this point. The Magistrate Judge denied attorney's fees for Defendants' response to MRI's motion to supplement. As to the fees requested for filing the motion to correct clerical errors and efforts to recover from Mr. Brown's alleged breach of the purchase agreement, the Court finds that both parties have engaged in their fair share of bad conduct such that neither party should be sanctioned. While the Court has broad discretionary power to award attorney's fees as a sanction for bad faith litigation conduct, it also has the power to award attorney's fees for "willful disobedience of a court order." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (internal quotation omitted). Both seem possible here. As the allegations stand, MRI tried to preclude fixing the clerical error, but Defendants failed to meet and confer with MRI. As both parties have acted in a manner that resulted in increased time and resources, neither will be assessed penalties and the Court will deny all requests for attorney's fees.

## CONCLUSION

Again, before the Court are a slew of motions that distract from the legal issues needing resolution. Accordingly, the Court will amend the judgment affirming arbitration to be enforceable against only Allan Brown, which moots Defendants' motion to stay and motion to expedite. MRI's motion to amend the judgment, more correctly categorized as a motion to reconsider, will be denied because the Court has previously addressed those issues. MRI's objections to the Magistrate Judge's Order and R&R will be overruled, the order will be affirmed, and the R&R will be adopted. Thus, MRI's motion for pre-judgment attachment will be denied. No parties will be assessed any penalties.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Renewed Motion to Correct Clerical Errors [Docket No. 842] is **GRANTED**;

2. Order on Arbitration Award [Docket No. 789] is **AMENDED** as follows:

    a. Plaintiff is awarded $1,568,864.69, plus interest at a rate of 6% per annum, from December 14, 2022, until paid in full, per the Arbitration Award and the Arbitrator's Order/Award on Claimant's Motion for Attorney Fees and Costs **against Defendant Allan K. Brown**;

3. Judgment docket text [Docket No. 790] is **AMENDED** to read "Judgment in favor of Management Registry, Inc. against Allan K. Brown;"

4. Defendants' Motion to Stay Enforcement of Judgment [Docket No. 829] is **DENIED as moot**;

5. Defendants' Motion to Expedite [Docket No. 836] is **DENIED as moot**;

6. Plaintiff's Motion to Alter/Amend/Correct Judgment [Docket No. 844] is **DENIED**;

7. Plaintiff's Objection to the Report and Recommendation [Docket No. 877] is **OVERRULED**;

8. The Magistrate Judge's Order [Docket No. 874] is **AFFIRMED**;

9. The Magistrate Judge's Report and Recommendation [Docket No. 875] is **ADOPTED**;

10. Plaintiff's Motion to Alter/Amend/Supplement Pleadings [Docket No. 853] is **DENIED**;

11. Defendants' Request for Attorney's Fees is **DENIED**; and

12. Plaintiff's Request for Attorney's Fees is **DENIED**.

DATED: April 30, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge